Nos. 23-11237 & 24-10004

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**APPELLANT TIMOTHY BARTON'S MOTION TO
CONSOLIDATE APPEALS IN CASE Nos. 23-11237 & 24-10004**

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

1

## INTRODUCTION

Appellant Timothy Lynch Barton respectfully moves to consolidate two appeals currently pending before the Court, Case Nos. 23-11237 and 24-10004, both of which involve Appellant Barton and Appellee the United States Securities and Exchange Commission ("SEC"). Pursuant to 5th Cir. R. 27.1, "the clerk has discretion to act on, in accordance with the standards set forth in the applicable rules, or to refer to the court, the procedural motions listed below[,]" which include "[t]o consolidate appeals." 5th Cir. R. 27.1.9.

## BACKGROUND

On November 29, 2023, the U.S. District Court for the Northern District of Texas issued five orders in Case No. 3:22-CV-2118, including those which appointed a new receiver over various entities and property belonging to or related to Appellant Barton (after the predecessor receivership order was vacated by this Court), set the terms for that new receiver, and granted a preliminary injunction, among other things. NDTX ECF Nos. 416, 417, 418, 419, and 420, as those Orders were amended by the Court on December 6, 2023, NDTX ECF No. 427. On December 7, 2023, Appellant Barton filed a Notice of Appeal, NDTX ECF

No. 429, related to each of those orders. On January 25, 2024, this Court issued a docketing order for that appeal, which it designated as Case No. 23-11237. ECF No. 19.

On December 15, 2023, the District Court in the same matter entered three orders authorizing the newly appointed receiver to sell real estate interests. NDTX ECF Nos. 436, 437, and 438. Appellant appealed these orders, and the Court docketed that appeal as Case No. 24-10004.

## ARGUMENT

The appeals in these two matters share a significant number of common issues of fact and law, including whether the District Court erred in appointing a new receiver or in determining the scope of assets and corporate entities to be covered by the new receivership.

Consolidation of these matters will serve the purposes of judicial economy and efficiency by reducing the number of merit briefs presented to the Court, and therefore the expense, workload, and burden on the Court and the parties of dealing with multiple filings.

Appellant understands from conferring with SEC counsel that the SEC will oppose this motion on the grounds that it has now, as of today, filed a motion to dismiss Appellant Barton's appeal in Case No. 24-10004,

ECF No. 21, for lack of jurisdiction.  The SEC's motion to dismiss reasserts its previous claims that this Court lacks jurisdiction over appeals of interlocutory orders authorizing a receiver to sell property. But consolidation will not in any way prevent the SEC from presenting its jurisdictional arguments, either through a motion to dismiss or in a merits brief.

Consolidation is simply a matter of procedural efficiency, not an act that will alter or extinguish any legal rights of the parties.  As Advisory Committee Notes on Rules to Federal Rule of Appellate Procedure 3 make clear: "In consolidated appeals the separate appeals do not merge into one."

Moreover, the SEC's argument that this Court lacks jurisdiction over orders authorizing a receiver to sell property has been presented previously in appeals of orders authorizing the last receiver in this case, whose appointment was vacated by this Court, to sell property.  And the SEC's previous motions to dismiss on those grounds were initially granted by this Court. On October 12, 2023, however, this Court reversed course on reconsideration and withdrew its prior opinion granting the motion to dismiss and holding there was no jurisdiction over such orders.

*SEC v. Barton*, Case No. 23-10516, ECF No. 56-1.  Thereafter, the Court carried the SEC's jurisdictional argument with the case and ordered merits briefing.  *Id.*  Given the Court's recent handling of identical SEC jurisdictional arguments by deferring them to merits briefing, judicial efficiency would be advanced if the cases were consolidated so as to reduce the repetition of overlapping arguments in these matters.  There would be no prejudice to the SEC's ability to continue to advance its jurisdictional arguments over the orders at issue in Appeal Number 24-10004.

## **PRAYER FOR RELIEF**

For the reasons set forth above, Appellant Barton respectfully moves for the Clerk, or in the alternative, this Court, to consolidate Case Nos. 23-11237 and 24-10004 and to set a new briefing schedule for merits briefs in the consolidated matter.

Respectfully submitted,

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*


ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: February 28, 2024

## Certificate of Conference

I certify that I conferred with SEC counsel, Ezekiel L. Hill, on February 21, 2024, regarding the foregoing motion and he stated that the SEC will file an opposition to the motion.

## Certificate of Filing and Service

I hereby certify that on February 28, 2024, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record, as follows:

Ezekiel L. Hill
hillez@sec.gov
Securities and Exchange
Commission
100 F St., N.E.
Washington, DC 20549

Keefe M. Bernstein
bernsteink@sec.gov
James E. Etri
etrij@sec.gov
David B. Reece
reeced@sec.gov
Securities and Exchange
Commission
801 Cherry St., Suite 1900
Fort Worth, TX 76102

*Counsel for the Securities and Exchange Commission*

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*
Michael J. Edney

# __Certificate of Compliance__

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2) and 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 710 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*
Michael J. Edney