**Nos. 23-11237 and 24-10004**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

**APPELLEE SECURITIES AND EXCHANGE COMMISSION'S
RESPONSE TO APPELLANT TIMOTHY BARTON'S
MOTION TO CONSOLIDATE**

---

DOMINICK V. FREDA
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

## INTRODUCTION

Appellee Securities and Exchange Commission files this response in opposition to appellant Timothy Barton's motion to consolidate appeal No. 23-11237 and appeal No. 24-10004.

## BACKGROUIND

In appeal No. 23-11237, Barton appeals five district court orders that, among other things, appointed a receiver over certain Barton-controlled entities and issued a preliminary injunction freezing the assets of Barton-controlled entities not included in the receivership.  App. Dkt. 1 (No. 23-11237).  This Court has jurisdiction to review the receivership order and the preliminary injunction order. *See* 28 U.S.C. §§ 1292(a)(1), (2).  The current deadline for Barton's opening brief is April 4, 2024.  App. Dkt. 21 (No. 23-11237).

In appeal No. 24-10004, Barton appeals three district court orders that authorized the receiver's sale of receivership property.  App. Dkt. 1 (No. 24-10004).  But there is no basis for appellate jurisdiction over those interlocutory orders.  The Commission has thus moved to dismiss the appeal for lack of jurisdiction, and asked this Court to rule on the motion expeditiously because the pendency of the appeal is impeding the receiver's management of the receivership estate for the benefit of allegedly defrauded investors.  App. Dkt. 21 (No. 24-

10004). The current deadline for Barton's opening brief is April 16, 2024. App. Dkt. 24 (No. 24-10004).

## ARGUMENT

Barton's motion for consolidation should be denied. As the Commission's pending motion to dismiss demonstrates, the sale-authorization order appeal is jurisdictionally-defective as a matter of law, and delaying resolution of the sale-authorization order appeal will impede the receiver's management of the receivership estate. *See* App. Dkt. 21 at 15 (No. 24-10004). The Commission does not oppose consolidating the appeals if this Court were to deny the Commission's motion to dismiss.

## CONCLUSION

This motion to consolidate should be denied.

Respectfully submitted,

DOMINICK V. FREDA
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

March 8, 2024

# CERTIFICATE OF SERVICE AND FILING

I certify that on March 8, 2024, I electronically filed the foregoing response with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.  Service on counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 8, 2024

## **CERTIFICATE OF COMPLIANCE**

I certify that the foregoing response complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 286 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing response complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 8, 2024