Nos. 23-11237 & 24-10004

# United States Court of Appeals for the Fifth Circuit

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

*versus*

TIMOTHY BARTON,

*Defendant-Appellant,*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

**APPELLANT BARTON'S REPLY TO SEC'S OPPOSITION TO
CONSOLIDATION OF APPEALS**

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

This Court should consolidate the appeals in Case Nos. 23-11237 and 24-10004. Case No. 23-11237 is an appeal from the District Court's order appointing the same receiver in this matter, after the prior appointment of that receiver was overturned by this Court. *SEC v. Barton*, 79 F.4th 573 (5th Cir. 2023). This current appeal will challenge the propriety of appointing a receiver in this matter and, even if a receiver were appropriate, the appropriate scope of property under his dominion. These are issues about which this Court already has raised serious concerns that merited a previous reversal. *Id.*

Case No. 24-10004 is an appeal of a District Court order authorizing this newly appointed receiver to sell three pieces of property, including the Appellant's personal, family home that the District Court again permitted the receiver to seize. Both of these appeals concern common issues of law and fact, including whether the receivership and its scope are valid. The parties and this Court should consolidate these appeals to reduce the number of briefs presented to this Court and the number of judges who will have to familiarize themselves with this case.

The Commission does not disagree with the assertion that consolidation of these cases would promote judicial economy. The only

stated objection to consolidation is the Commission's desire for the Court to rule on its motion to dismiss Case No. 24-10004. In that motion to dismiss, the Commission claims this Court lacks jurisdiction over appeals of district court orders authorizing a receiver to sell property. To quote the Commission's opposition: "The Commission does not oppose consolidating the appeals if this Court were to deny the Commission's motion to dismiss." Opp. at 2.

The Commission's pending motion to dismiss should not block or pause consolidation of these appeals for three reasons. First, the jurisdictional argument made in the Commission's motion to dismiss is blocked by a precedential opinion of this Court. In *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976), this Court held that orders authorizing a receiver to sell property are immediately appealable, a conclusion that this Court has confirmed on two occasions. *SEC v. Janvey*, 404 F. App'x 912, 914 (5th Cir. 2010); *Netsphere, Inc. v. Baron*, 799 F.3d 327, 333-34 (5th Cir. 2015).

Second, this Court—in this case—has carried with the merits the Commission's identical jurisdictional argument. *SEC v. Barton*, Case No. 23-10516, ECF No. 56-1. Indeed, this Court (on reconsideration and in

3

light of reminding about *"A" Manufacturing*) reversed course on embracing the Commission's jurisdictional argument and granting its motions to dismiss similar orders authorizing sales, deciding instead to carry the argument with the merits. *See, e.g., id.* The Court is likely to do so again here, and consolidation will facilitate the efficient determination of all relevant issues.

Third, consolidation now presents no impediment to granting the Commission's motion to dismiss. This Court regularly has partially dismissed appeals pursuant to motions to dismiss, concluding that certain lower court orders are not subject to appeal, while allowing the appeal of other lower court orders to proceed. *See, e.g., Quilling v. Funding Res. Grp.*, 227 F.3d 231, 234 (5th Cir. 2000). The Court should not grant the Commission's motion to dismiss, but if it is inclined to do so, consolidation does not prevent that course of action. In this case, this Court has previously taken nearly five months to decide motions to dismiss, *see, e.g.,* Case No. 22-11226, ECF No. 74-1, which in these cases would occur after the completion of merits briefing. Consolidation now will serve judicial and other economy by reducing the number of briefs

4

submitted to this Court by the parties while the motion to dismiss remains pending.

This Court should consolidate Case Nos. 23-11237 and 24-10004 and set a common merits brief schedule with the Appellant's brief in the consolidated appeal due 40 days from the date of the Court's consolidation order.  Fed. R. App. P. 31(a)(1).

Respectfully submitted,

*/s/ Michael J. Edney*
Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

ATTORNEY FOR APPELLANT
TIMOTHY LYNCH BARTON

Date: March 13, 2024

## Certificate of Filing and Service

I hereby certify that on March 13, 2024, this document was filed and served in PDF format using the United States Court of Appeals for the Fifth Circuit's CM/ECF system upon all counsel of record.

In addition, I further certify that this electronic filing is an exact copy of the paper document and any privacy redactions have been made. This filing has been scanned for viruses and has been found to be free of viruses.

*/s/ Michael J. Edney*
Michael J. Edney

## **<u>Certificate of Compliance</u>**

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2) and 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the document contains 657 words, as calculated using the word processor used to prepare this document, Microsoft Word for Microsoft 365. I also certify that this document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook font.

*/s/ Michael J. Edney*
Michael J. Edney
