**No. 24-10004**

---

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

## APPELLEE SECURITIES AND EXCHANGE COMMISSION'S
## REPLY IN SUPPORT OF ITS MOTION TO DISMISS

---

DOMINICK V. FREDA
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

In his opposition to the Commission's motion to dismiss for lack of appellate jurisdiction, Barton does not dispute that 28 U.S.C. § 1292(a)(2), by which Congress made a limited set of interlocutory receivership orders appealable, does not provide jurisdiction.  Barton instead argues that this Court has jurisdiction pursuant to the much-maligned decision *United States v. "A" Manufacturing Co., Inc.*, 541 F.2d 504 (5th Cir. 1976).  But that is not correct and dismissal for lack of jurisdiction is warranted.[1]

*"A" Manufacturing* held that "Section 1292(a)(2) provides for appeals from interlocutory orders which take steps to accomplish the purpose of receiverships such as directing the sale or disposal of property."  541 F.2d at 505-06; *see Citibank, N. A. v. Data Lease Fin. Corp.*, 645 F.2d 333, 338 (5th Cir. 1981) ("*'A' Manufacturing* involved … appeals from orders in a receivership proceeding, which are governed by 28 U.S.C. § 1292(a)(2).").  But as this Court subsequently explained, "*'A' Manufacturing*'s statement that the courts of appeals have jurisdiction over 'interlocutory orders which take steps to accomplish the purpose of receiverships' … conflicts with other, previous panel decisions that held such interlocutory orders were *not* appealable."  *Netsphere, Inc. v. Baron*, 799 F.3d 327,

---

[1] On March 15, 2024, this Court ordered the motion to dismiss to be carried with the case.  App. Dkt. 35.

334 (5th Cir. 2015) (citing *Belleair Hotel Co. v. Mabry*, 109 F.2d 390 (5th Cir. 1940), and *Wark v. Spinuzzi*, 376 F.2d 827 (5th Cir. 1967)); *see also Acheron Cap., Ltd. v. Mukamal*, 22 F.4th 979, 993 (11th Cir. 2022) ("The rule statement in *'A'* *Manufacturing* could be read as providing that section 1292(a)(2) permits review of *all* 'interlocutory orders which take steps to accomplish the purpose of receiverships.' If this statement forms part of the holding of the decision, *'A'* *Manufacturing* is irreconcilable with earlier precedent.") (cleaned up).[2] And, as this Court recognized in *Netsphere*, it is that earlier precedent, not *"A"* *Manufacturing*, that would bind this Court. *Netsphere*, 799 F.3d at 334 ("The rule in this circuit is that where two previous holdings or lines of precedent conflict the earlier opinion controls and is the binding precedent in this circuit.") (cleaned up).

Barton's focus on *"A" Manufacturing*'s supposed reliance on "cases stem[ming] from an interpretation of Section 1291 of Title 28 and other doctrines of appellate jurisdiction" fares no better. Opp. 9. For one thing, Barton's

---

[2] The conclusion that *"A" Manufacturing* misread Section 1292(a)(2) is "bolstered by reference to its statutory neighbor, § 1292(a)(1) [which] expressly authorizes immediate appeals not only of front- and back-end [injunction-related] orders … but also … mid-stream [injunction-related] orders." *SEC v. Complete Bus. Sols. Grp., Inc.*, 44 F.4th 1326, 1331 (11th Cir. 2022). "Had Congress wanted to authorize the same robust interlocutory appellate review of interim receivership-related orders, it could have included similar language in § 1292(a)(2). It didn't, and its decision in that respect is telling." *Id.* at 1331-32 (cleaned up).

contention simply cannot be squared with *"A" Manufacturing*'s explicit reliance on Section 1292(a)(2).[3] Nor does Barton's invocation of 28 U.S.C. § 1291 salvage this appeal. That provision, which allows for "jurisdiction of appeals from all final decisions of the district courts," is inapposite because the appealed-from orders did not "end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment." *Hall v. Hall*, 138 S. Ct. 1118, 1123–24 (2018) (cleaned up).

Pointing to cases addressing foreclosure proceedings does not alter this conclusion. As this Court has recognized, this line of decisions holds that an order approving the immediate sale of property in a foreclosure proceeding is a final decision from which an appeal may be taken. *See Citibank*, 645 F.2d at 337-38 (citing, *inter alia*, *Sage v. Central Railroad Company of Iowa*, 96 U.S. 712 (1877)). But the appealed-from orders were not issued in the context of a foreclosure proceeding. Rather, they were issued in the course of the district court's administration of a receivership intended to marshal and preserve assets purchased with, or otherwise benefiting from, the allegedly defrauded investors'

---

[3] Barton's reliance on this Court's unpublished opinion in *SEC v. Janvey*, 404 F. App'x 912 (5th Cir. 2010) is unavailing both because it found jurisdiction pursuant to Section 1292(a)(2) and because it did not address whether *"A" Manufacturing*'s discussion of Section 1292(a)(2) conflicted with prior decisions of this Court. *See Janvey*, 404 F. App'x at 914-15.

money.  And further distinguishing foreclosure proceeding sale orders is that the sales authorized by the appealed-from orders are not in furtherance of a distribution of the receivership's assets but rather were approved as "in the best interest of the [r]eceivership" because they would provide an immediate injection of cash that the receiver can utilize to protect and maximize the value of the overall receivership estate.  Dkt. 436, 437, 438.  If and when the district court authorizes a distribution plan, this Court would have jurisdiction over Barton's timely appeal therefrom.  *See, e.g.*, *SEC v. Forex Asset Mgmt. LLC*, 242 F.3d 325, 330-31 (5th Cir. 2001) (concluding that district court order approving receiver distribution plan was an appealable collateral order).

Finally, it is worth emphasizing that judicial economy would hardly be served by allowing for appellate jurisdiction in these circumstances.  As this Court has emphasized in interpreting Section 1292(a)(2), it "makes good sense" to disallow interlocutory appeals from orders that a district court issues in administering a receivership because "to conclude otherwise would mean that virtually any order of the receiver within the scope of its jurisdiction would be potentially appealable" and "[s]uch a piecemeal approach to the appellate process would be disruptive and costly, both to the parties and the courts."  *Netsphere*, 799 F.3d at 332-33 (cleaned up); *accord United States v. Antiques Ltd. P'ship*, 760 F.3d 668, 671-72 (7th Cir. 2014).  Underscoring that point here, the receivership

includes entities that own numerous real properties, the value of which invariably diminish due to accruing interest and other indebtedness.  Barton's appeal from these three sale approval orders has effectively halted the receiver's attempts—with the district court's approval—to dispose of certain assets in an effort to preserve overall receivership value.

This appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

DOMINICK V. FREDA
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

March 18, 2024

5

## <u>CERTIFICATE OF SERVICE AND FILING</u>

I certify that on March 18, 2024, I electronically filed the foregoing reply with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.  Service on counsel of record will be accomplished through the Court's CM/ECF system.

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 18, 2024

## **<u>CERTIFICATE OF COMPLIANCE</u>**

I certify that the foregoing reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,031 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: March 18, 2024