No. 23-11237
consolidated with
No. 24-10004

---

# United States Court of Appeals for the Fifth Circuit

---

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff-Appellee,*

v.

TIMOTHY BARTON,

*Defendant-Appellant,*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2118

---

**RECORD EXCERPTS OF APPELLANT TIMOTHY BARTON**

---

Michael J. Edney
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue NW
Washington, DC 20037
(202) 955-1500
*medney@huntonak.com*

# Table of Contents

| TAB | ITEM | CITATION | |
|---|---|---|---|
| MANDATORY CONTENTS 23-11237 | | | |
| 1 | Docket Sheet – 23-11237 | ROA.1 | RE-1 |
| 2 | Notice of Interlocutory Appeal | ROA.15000 | RE-00062 |
| 3 | Memorandum Opinion and Order– Dkt. 416 | ROA.14768 | RE-00064 |
| 4 | Order Appointing Receiver – Dkt. 417 | ROA.14794 | RE-00090 |
| 5 | Preliminary Injunction Order – Dkt. 418 | ROA.14822 | RE-00118 |
| 6 | Order Granting in Part Receiver's Blessing Motion – Dkt. 419 | ROA.14835 | RE-00131 |
| 7 | Order Regarding Appraisals and Hearings for the Sale of Real Property – Dkt. 420 | ROA.14844 | RE-00140 |
| MANDATORY CONTENTS 24-10004 | | | |
| 8 | Docket Sheet – 24-10004 (excerpted to only include entries not in Tab 1) | ROA.1 | RE-00143 |
| 9 | Notice of Interlocutory Appeal | ROA.15104 | RE-00147 |
| 10 | Order Approving Sale – Dkt. 436 | ROA.15098 | RE-00149 |
| 11 | Order Approving Sale – Dkt. 437 | ROA.15100 | RE-00151 |
| 12 | Order Approving Sale – Dkt. 438 | ROA.15102 | RE-00153 |
| OPTIONAL CONTENTS | | | |
| 13 | Declaration of Carol Hahn, dated September 23, 2022 | | RE-00155 |
| 14 | Supplemental Declaration of Carol Hahn, dated September 7, 2023 | | RE-00173 |

May 21, 2024                          Respectfully submitted,


                                      */s/ Michael J. Edney*
                                      Michael J. Edney
                                      HUNTON ANDREWS KURTH LLP
                                      2200 Pennsylvania Avenue NW
                                      Washington, DC 20037
                                      (202) 955-1500
                                      *medney@huntonak.com*

                                      ATTORNEY FOR APPELLANT
                                      TIMOTHY LYNCH BARTON

### Certificate Service

I, Michael J. Edney, counsel for Appellant, hereby certify that on May 21, 2024, caused a true and correct copy of the foregoing Record Excerpts of Appellant Timothy Barton to be filed electronically with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit by using the Appellate CM/ECF System. Participants in this case who are registered CM/ECF users will be served electronically by the Appellate CM/ECF System.


                                      */s/ Michael J. Edney*

# TAB 1

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:22-cv-02118-X

Securities and Exchange Commission v. Barton et al
Assigned to: Judge Brantley Starr
Case in other court:   USCA5, 22-11132
                       USCA5, 22-11242
                       USCA5, 23-10046
                       USCA5, 23-10515
                       USCA5, 23-10516
                       USCA5, 23-11237
                       USCA5, 24-10004
Cause: 15:78m(a) Securities Exchange Act

Date Filed: 09/23/2022
Jury Demand: Plaintiff
Nature of Suit: 850 Other Statutes:
Securities/Commodities/Exchange
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **Securities and Exchange Commission** | represented by | **Keefe M Bernstein** |

Securities and Exchange Commission
801 Cherry Street
Suite 1900
Fort Worth, TX 76102
817-900-2607
Fax: 817-978-4927
Email: bernsteink@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David B Reece**
US Securities & Exchange Commission
Burnett Plaza Suite 1900
801 Cherry St Unit # 18
Fort Worth, TX 76102-6882
817-978-6476
Fax: 817-978-4927
Email: reeced@sec.gov
*TERMINATED: 07/20/2023*
*Bar Status: Admitted/In Good Standing*

**James E Etri**
Securities and Exchange Commission
801 Cherry Street
Fort Worth, TX 76102
817-978-1406
Email: etrij@sec.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Defendant**

**Timothy Barton**                                          represented by    **Michael J Edney**
Hunton Andrews Kurth LLP
2200 Pennsylvania Ave., NW
Washington, DC 20037
202-778-2204
Email: medney@huntonak.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Edwin Andrew Huffman**
Katten Muchin Rosenman LLP
2121 North Pearl Street
Ste 1100
Dallas, TX 75201
469-627-7044
Fax: 214-765-3602
Email: ted.huffman@katten.com
*TERMINATED: 07/19/2023*
*Bar Status: Admitted/In Good Standing*

**Javan Porter**
Holland & Knight LLP
1722 Routh Street
Suite 1500
Dallas, TX 75201
601-441-0342
Email: javan.porter@hklaw.com
*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Michael Christopher Dingman**
Office of the Attorney General
202 N 9th St.
Richmond, VA 23219
804-921-7025
Email: MDingman@oag.state.va.us
*TERMINATED: 01/04/2024*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Richard B Roper, III**
Holland & Knight LLP
1722 Routh Street, Suite 1500
Dallas, TX 75201
214-969-1700
Fax: 214-964-9501
Email: richard.roper@hklaw.com

RE-00002

<span style="color:red">**23-11237.2**</span>

*TERMINATED: 02/03/2023*
*Bar Status: Admitted/In Good Standing*

**Sean O'Connell**
Hunton Andrews Kurth LLP
2200 Pennsylvania Avenue NW
Suite 905
Washington, DC 20037
202-955-1500
Fax: 202-778-2201
*Bar Status: Not Admitted*

**Defendant**

**Carnegie Development LLC**

**Defendant**

**Wall007 LLC**

**Defendant**

**Wall009 LLC**

**Defendant**

**Wall010 LLC**

**Defendant**

**Wall011 LLC**

**Defendant**

**Wall012 LLC**

**Defendant**

**Wall016 LLC**

**Defendant**

**Wall017 LLC**

**Defendant**

**Wall018 LLC**

**Defendant**

**Wall019 LLC**

**Defendant**

**Haoqiang Fu**
*also known as*
Michael Fu

RE-00003

**Stephen T Wall**

represented by **Michael P Heiskell**
Johnson Vaughn & Heiskell
5601 Bridge St
Suite 220
Fort Worth, TX 76112
817-457-2999
Fax: 817-496-1102
Email:
mheiskell@johnson-vaughn-heiskell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Defendant**

**DJD Land Partners LLC**
*Relief Defendant*

**Defendant**

**LDG001 LLC**
*Relief Defendant*

V.

**Respondent**

**Bank of America NA**

V.

**Movant**

**Southern Properties Capital Ltd**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **C Gregory Shamoun**
1800 Valley View Lane
Suite 200
Dallas, TX 75234
214-987-1745
Fax: 214-521-9033
Email: g@snlegal.com
*TERMINATED: 03/06/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Brian Keith Norman**
Shamoun & Norman LLP
1800 Valley View Lane
Suite 200
Farmers Branch, TX 75234
214-987-1745
Email: bkn@snlegal.com

RE-00004

**23-11237.4**

*TERMINATED: 03/06/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Jeffrey Blair Norris**
Shamoun & Norman LLP
1800 Valley View Lane
Suite 200
Dallas, TX 75234
214-987-1745
Fax: 214-521-9033
Email: bn@snlegal.com
*TERMINATED: 06/02/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Not Admitted*

**Movant**

**Hunton Andrews Kurth LLP**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Greg Waller**
Hunton Andrews Kurth LLP
600 Travis Street
Suite 4200
Houston, TX 77002
713-220-4790
Fax: 713-238-7434
Email: gregwaller@huntonak.com
*TERMINATED: 04/11/2023*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**First Development Company of Ohio LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings.)*

represented by **Jonathan Alexander Gitlin**
Ross Smith & Binford PC
700 North Pearl Street
Suite 1610
Dallas, TX 75201
214-377-7879
Email: jonathan.gitlin@rsbfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Movant**

**Texas Republic Bank NA**

represented by **Patrick Joseph Schurr**
Scheef & Stone, LLP
2600 Network Boulevard
Ste 400
Frisco, TX 75034
214-472-2100
Fax: 214-472-2150
Email: patrick.schurr@solidcounsel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

RE-00005

**Shirley B Rose**
Scheef & Stone LLP
2600 Network Blvd
Suite 400
Frisco, TX 75034
214-472-2100
Fax: 214-472-2150
*Bar Status: Not Admitted*

**Movant**

**Daniel Crow**        represented by    **Daniel Crow**
*Motion termed per [421] Order*                  3500 Rock Creek Dr
*TERMINATED: 11/30/2023*                Dallas, TX 75204
214-263-8704
PRO SE

**Interested Party**

**HNGH Turtle Creek**        represented by    **Erin Angela Nealy Cox**
*Party and attorney are active (attorney has*               Kirkland & Ellis LLP
*been terminated to restrict access to sealed*              4550 Travis Street
*filings*                                     Dallas, TX 75205
214-972-1847
Email: erin.nealycox@kirkland.com
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**John Joseph Kane**
Kane Russell Coleman & Logan PC
901 Main Street
Suite 5200
Dallas, TX 75202
214/777-4200
Fax: 214/777-4299
Email: jkane@krcl.com
*TERMINATED: 11/14/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Maximilien Barton**        represented by    **Nathan Benjamin Baum**
*Party and attorney are active (attorney has*               Norton Rose Fulbright US LLP
*been terminated to restrict access to sealed*              2200 Ross Avenue
*filings*                                     Suite 2800
Dallas, TX 75201
214-855-7487
Fax: 214-855-8200
Email:
nathan.baum@nortonrosefulbright.com

RE-00006

*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
Norton Rose Fulbright US LLP
111 W Houston Street
Suite 1800
San Antonio, TX 78205
210-270-7175
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Gillespie Villas LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Venus59 LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**TRTX Properties LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Nathan Benjamin Baum**
(See above for address)
*TERMINATED: 11/14/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Christopher Ryan Cooke**
(See above for address)
*TERMINATED: 11/14/2022*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**MXBA LLC**                                          represented by   **Nathan Benjamin Baum**
*Party and attorney are active (attorney has*                         (See above for address)
*been terminated to restrict access to sealed*                        *TERMINATED: 11/14/2022*
*filings*                                                             *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Bar Status: Admitted/In Good Standing*

                                                                      **Christopher Ryan Cooke**
                                                                      (See above for address)
                                                                      *TERMINATED: 11/14/2022*
                                                                      *Bar Status: Admitted/In Good Standing*

**Interested Party**

**Titan Investments LLC**                            represented by   **Nathan Benjamin Baum**
*Party and attorney are active (attorney has*                         (See above for address)
*been terminated to restrict access to sealed*                        *TERMINATED: 11/14/2022*
*filings*                                                             *LEAD ATTORNEY*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Bar Status: Admitted/In Good Standing*

                                                                      **Christopher Ryan Cooke**
                                                                      (See above for address)
                                                                      *TERMINATED: 11/14/2022*
                                                                      *Bar Status: Admitted/In Good Standing*

**Interested Party**

**Palisades-TC, LLC**                                represented by   **Jeffrey M Tillotson**
                                                                      Tillotson Johnson & Patton
                                                                      1201 Main Street
                                                                      Suite 1300
                                                                      Dallas, TX 75202
                                                                      214-382-3040
                                                                      Email: jtillotson@tillotsonlaw.com
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Bar Status: Admitted/In Good Standing*

                                                                      **Jonathan Patton**
                                                                      Tillotson Johnson & Patton
                                                                      1201 Main Street
                                                                      Suite 1300
                                                                      Dallas, TX 75202
                                                                      214-382-3041
                                                                      Fax: 214-292-6564
                                                                      Email: jpatton@tillotsonlaw.com
                                                                      *TERMINATED: 12/07/2022*
                                                                      *ATTORNEY TO BE NOTICED*
                                                                      *Bar Status: Admitted/In Good Standing*

**Interested Party**

                                                     represented by

RE-00008

**David Dhiraj Ramona**

*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

**Eliot Dana Shavin**
Chandler & Shavin PLLC
12377 Merit Drive, Suite 880
Dallas, TX 75251
214-522-2010
Email: shavin@chandlershavin.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Corinna Pia Chandler**
Chandler & Shavin, PLLC
12377 Merit Drive, Suite 880
Dallas, TX 75251
972-863-9063
Email: chandler@chandlershavin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Daniel Rasoul Alexander**
Chandler & Shavin PLLC
12377 Merit Drive
Suite 880
Dallas, TX 75251
469-236-4503
Email: alexander@chandlershavin.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Southern Star Capital LLC**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*
*doing business as*
Reliance Morgage Company

represented by **Robert W Buchholz**
Law Office of Robert W Buchholz PC
5220 Spring Valley Road, Suite 618
Dallas, TX 75254
214-754-5500
Fax: 214-754-9100
Email: bob@attorneybob.com
*TERMINATED: 01/10/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Circle H Contractors LP**
*Party and attorney are active (attorney has been terminated to restrict access to sealed filings*

represented by **Aaron Thomas Capps**
Capps and Associates PLLC
6060 N Central Expy
Suite 500
Dallas, TX 75206
469-236-7719
Email: acapps@cappspllc.com
*TERMINATED: 01/11/2023*
*LEAD ATTORNEY*

RE-00009

**23-11237.9**

*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**MFO Venus Development LLC**                        represented by    **Ian Edward Fullington**
*Party and attorney are active (attorney has*                          Moss & Associates, LLC
*been terminated to restrict access to sealed*                         6950 TPC Drive
*filings*                                                              Suite 300
                                                                       McKinney, TX 75070
                                                                       469-625-9063
                                                                       Email: ifullington@mosscm.com
                                                                       *TERMINATED: 02/10/2023*
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

**Interested Party**

**Tamamoi LLC**                                      represented by    **Howard Marc Spector**
*Party and attorney are active (attorney has*                          Spector & Cox PLLC
*been terminated to restrict access to sealed*                         12770 Coit Rd
*filings*                                                              Suite 850
                                                                       Dallas, TX 75251
                                                                       214-365-5377
                                                                       Email: hms7@cornell.edu
                                                                       *TERMINATED: 03/16/2023*
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

**Interested Party**

**3820 Illinois LLC**                                represented by    **Howard Marc Spector**
*Party and attorney are active (attorney has*                          (See above for address)
*been terminated to restrict access to sealed*                         *TERMINATED: 03/16/2023*
*filings*                                                              *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*
                                                                       *Bar Status: Admitted/In Good Standing*

**Interested Party**

**Vertical Street Ventures LLC**                     represented by    **Matthias Kleinsasser**
*Party and attorney are active (attorney has*                          Winstead PC
*been terminated to restrict access to sealed*                         300 Throckmorton Street
*filings*                                                              Suite 1700
                                                                       Fort Worth, TX 76102
                                                                       817-420-8200
                                                                       Fax: 817-420-8201
                                                                       Email: mkleinsasser@winstead.com
                                                                       *TERMINATED: 03/17/2023*
                                                                       *LEAD ATTORNEY*
                                                                       *Bar Status: Admitted/In Good Standing*

                                                                       **Joseph J Wielebinski**

Winstead PC
2728 N. Harwood Street, Ste. 500
Dallas, TX 75201
214-745-5210
Fax: 214-745-5390
Email: jwielebinski@winstead.com
*TERMINATED: 03/17/2023*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**McCormick 101, LLC**    represented by    **Russell W Mills**
Bell Nunnally & Martin
2323 Ross Ave.
Suite 1900
Dallas, TX 75201
214-740-1431
Fax: 214-740-1499
Email: rmills@bellnunnally.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Gwen I Walraven**
Bell Nunnally & Martin
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
214-740-1484
Fax: 214-740-5705
Email: gwalraven@bellnunnally.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lewis Floyd Collins, III**
Bell Nunnally & Martin LLP
2323 Ross Avenue
Suite 1900
Dallas, TX 75201
214-740-1400
Fax: 214-740-1499
Email: lcollins@bellnunnally.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Serena Badgley**    represented by    **Ryan Eric Chapple**
Cain & Skarnulis PLLC
303 Colorado Street
Suite 2850
Austin, TX 78701
512-477-5000
Fax: 512-477-5011

Email: rchapple@csthar.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**Pioneer Finance, Inc.**                     represented by   **Tina Quy Phi Nguyen**
Baker Botts
One Shell Plaza
910 Louisiana
Houston, TX 77002
713/229-1304
Fax: 713/229-7904
Email: tina.nguyen@bakerbotts.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Lindsay Lombard Buchanan**
Baker Botts LLP
910 Louisiana
Houston, TX 77002
713-229-1234
Email: lindsay.buchanan@bakerbotts.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Interested Party**

**The Dixon Water Foundation**                represented by   **Deborah M Perry**
Munsch Hardt Kopf & Harr PC
500 North Akard Street, Suite 3800
Dallas, TX 75201-6659
214-855-7565
Fax: 214-855-7584
Email: dperry@munsch.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Receiver**

**Receiver**                                  represented by   **Cort Thomas**
Brown Fox PLLC
8111 Preston Road Suite 300
Dallas, TX 75225
214-367-6094
Fax: 214-327-5001
Email: cort@brownfoxlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**C Alan Carrillo**
Brown Fox PLLC
8111 Preston Road
Suite 300
Dallas, TX 75225
214-327-5000
Email: alan@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Charlene Cantrell Koonce**
Brown Fox PLLC
8111 Preston Road
Suite 300
Dallas, TX 75225
214-327-5000
Fax: 214-327-5001
Email: charlene@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**Tim Wells**
Brown Fox PLLC
8111 Preston Rd
Suite 300
Dallas, TX 75225
214-327-5000
Fax: 214-327-5001
Email: tim@brownfoxlaw.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Mediator**

**ADR Provider**                          represented by   **Harlin D Hale**
US Bankruptcy Court
1100 Commerce St
12th Floor
Dallas, TX 75242
214-753-2000
Email: hdh_districtdocs@txnb.uscourts.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

V.

**Intervenor**

**United States of America**              represented by

RE-00013

Renee M Hunter-DOJ
United States Attorney's Office
Northern District of Texas
1100 Commerce Street
Suite 300
Dallas, TX 75242
214-659-8798
Email: renee.hunter@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/23/2022 | 1 | COMPLAINT WITH JURY DEMAND against Timothy Barton, Carnegie Development, LLC, DJD Land Partners, LLC, Haoqiang Fu (A/K/A Michael Fu), LDG001, LLC, Stephen T Wall, Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC filed by Securities and Exchange Commission. (Filer fee note- Filed by the USA) Plaintiff will submit summons(es) for issuance. In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Attachments: # 1 Cover Sheet) (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 2 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by Securities and Exchange Commission. (Clerk QC note: No affiliate entered in ECF). (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 3 | Request for Clerk to issue Summons filed by Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/23/2022) |
| 09/23/2022 | 4 | New Case Notes: A filing fee is not due for this case. Pursuant to Misc. Order 6, Plaintiff is provided the Notice of Right to Consent to Proceed Before A U.S. Magistrate Judge (Judge Toliver). Clerk to provide copy to plaintiff if not received electronically. (mlb) (Entered: 09/23/2022) |
| 09/23/2022 | 5 | Summons Issued as to Timothy Barton, Carnegie Development LLC, DJD Land Partners LLC, Haoqiang Fu, LDG001 LLC, Stephen T Wall, Wall007 LLC, Wall009 LLC, Wall010 LLC, Wall011 LLC, Wall012 LLC, Wall016 LLC, Wall017 LLC, Wall018 LLC, Wall019 LLC. (mlb) (Entered: 09/23/2022) |
| 09/26/2022 | 6 | Expedited MOTION for Appointment of Receiver filed by Securities and Exchange Commission with Brief/Memorandum in Support. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Proposed Order) (Bernstein, Keefe) Modified text on 9/27/2022 (ygl). (Entered: 09/26/2022) |
| 09/26/2022 | 7 | Appendix in Support filed by Securities and Exchange Commission re 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Attachments: # 1 Additional Page(s) Part 1 of 5) (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 8 | ADDITIONAL ATTACHMENTS to 7 Appendix in Support by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/26/2022 | 9 | ADDITIONAL ATTACHMENTS to 7 Appendix in Support by Plaintiff Securities and Exchange Commission. (Attachments: # 1 Additional Page(s) Appendix Part 4 of 5, # 2 Additional Page(s) Appendix Part 5 of 5) (Bernstein, Keefe) (Entered: 09/26/2022) |
| 09/28/2022 | 10 | SUMMONS Returned Executed as to Timothy Barton ; served on 9/26/2022; Carnegie Development LLC ; served on 9/26/2022; DJD Land Partners LLC ; served on 9/26/2022; LDG001 LLC ; served on 9/26/2022; Stephen T Wall ; served on 9/26/2022; Wall007 LLC ; served on 9/26/2022; Wall009 LLC ; served on 9/26/2022; Wall010 LLC ; served on 9/26/2022; Wall011 LLC ; served on 9/26/2022; Wall012 LLC ; served on 9/26/2022; Wall016 LLC ; served on 9/26/2022; Wall017 LLC ; served on 9/26/2022; Wall018 LLC ; served on 9/26/2022; Wall019 LLC ; served on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 11 | WAIVER OF SERVICE Returned Executed as to Haoqiang Fu. Waiver sent on 9/26/2022. (Bernstein, Keefe) (Entered: 09/28/2022) |
| 09/28/2022 | 12 | NOTICE of *Service of Plaintiff Securities and Exchange Commission's Expedited Motion for Appointment of Receiver* re: 11 Waiver of Service Executed, 10 Summons Returned,, filed by Securities and Exchange Commission (Bernstein, Keefe) (Entered: 09/28/2022) |
| 10/05/2022 | 13 | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 14 | NOTICE of Attorney Appearance by Richard B Roper, III on behalf of Timothy Barton. (Filer confirms contact info in ECF is current.) (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 15 | NOTICE of Attorney Appearance by Richard B Roper, III for Javan Porter on behalf of Timothy Barton. (Roper, Richard) (Entered: 10/05/2022) |
| 10/05/2022 | 16 | NOTICE of Attorney Appearance by Michael P Heiskell on behalf of Stephen T Wall. (Filer confirms contact info in ECF is current.) (Heiskell, Michael) (Entered: 10/05/2022) |
| 10/12/2022 | 17 | NOTICE of Attorney Appearance by Edwin Andrew Huffman for Edwin "Ted" A. Huffman, Michael J. Edney, Sean B. O'Connell, and Michael Dingman on behalf of Timothy Barton. (Huffman, Edwin) (Entered: 10/12/2022) |

| | | |
|---|---|---|
| 10/14/2022 | 18 | Agreed Motion for Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/14/2022 | 19 | MOTION for Extension of Time to File Response/Reply to 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 10/14/2022) |
| 10/15/2022 | 20 | ELECTRONIC ORDER: The Court DENIES 19 Motion to Extend Time to File Response. The Response is due October 17, 2022. (Ordered by Judge Brantley Starr on 10/15/2022) (chmb) (Entered: 10/15/2022) |
| 10/17/2022 | 21 | ELECTRONIC ORDER granting 18 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/17/2022) (chmb) (Entered: 10/17/2022) |
| 10/17/2022 | 22 | Agreed Motion for Extension of Time to File Answer filed by Stephen T Wall (Attachments: # 1 Proposed Order) (Heiskell, Michael) (Entered: 10/17/2022) |
| 10/17/2022 | 23 | Agreed Motion for Extension of Time to File Answer *for the Relief Defendants* filed by Timothy Barton (Attachments: # 1 Agreed Proposed Order) (Huffman, Edwin) (Entered: 10/17/2022) |
| 10/17/2022 | 24 | RESPONSE filed by Timothy Barton re: 6 MOTION Plaintiff's Expedited Motion for Appointment of Receiver and Brief In Support (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 25 | Appendix in Support filed by Timothy Barton re 24 Response/Objection (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 26 | ELECTRONIC ORDER granting 22 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 27 | ELECTRONIC ORDER granting 23 Motion for Extension of Time to File Answer. The answer is due 11/16/2022. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 28 | Application for Admission Pro Hac Vice with Certificate of Good Standing for Attorney Michael Dingman (Filing fee $100; Receipt number ATXNDC-13232815) filed by Timothy Barton (Attachments: # 1 Certificate of Good Standing) (Huffman, Edwin) (Entered: 10/18/2022) |
| 10/18/2022 | 29 | Order GRANTING 6 Motion for Appointment of Receiver. (Ordered by Judge Brantley Starr on 10/18/2022) (chmb) (Entered: 10/18/2022) |
| 10/18/2022 | 30 | NOTICE of Attorney Appearance by Charlene Cantrell Koonce on behalf of Receiver. (Filer confirms contact info in ECF is current.) (Koonce, Charlene) (Entered: 10/18/2022) |
| 10/19/2022 | 31 | ELECTRONIC ORDER granting 28 Application for Admission Pro Hac Vice of Michael Dingman. Important Reminder: Unless excused for cause, an attorney who is not an ECF user must register within 14 days of the date the attorney appears in a case pursuant to LR 5.1(f) and LCrR |

RE-00016

23-11237.16

| | | |
|---|---|---|
| | | 49.2(g). (Ordered by Judge Brantley Starr on 10/19/2022) (chmb) (Entered: 10/19/2022) |
| 10/20/2022 | 32 | Emergency MOTION to Amend/Correct 29 Order on Motion for Miscellaneous Relief filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/20/2022) |
| 10/20/2022 | 33 | ELECTRONIC ORDER: The Court DENIES Defendant Barton's 32 Motion to Amend the Court's Order Appointing the Receiver. (Ordered by Judge Brantley Starr on 10/20/2022) (chmb) (Entered: 10/20/2022) |
| 10/25/2022 | 34 | SUMMONS Returned Executed as to DJD Land Partners LLC ; served on 10/6/2022; LDG001 LLC ; served on 10/6/2022; Wall007 LLC ; served on 10/6/2022; Wall009 LLC ; served on 10/6/2022; Wall010 LLC ; served on 10/6/2022; Wall011 LLC ; served on 10/6/2022; Wall012 LLC ; served on 10/6/2022; Wall016 LLC ; served on 10/6/2022; Wall017 LLC ; served on 10/6/2022; Wall018 LLC ; served on 10/6/2022; Wall019 LLC ; served on 10/6/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | 35 | SUMMONS Returned Executed as to Carnegie Development LLC ; served on 10/20/2022. (Bernstein, Keefe) (Entered: 10/25/2022) |
| 10/25/2022 | 36 | SUMMONS Returned Executed as to Haoqiang Fu. Served on 10/17/2022. (Bernstein, Keefe) Modified docket on 10/26/2022 (oyh). (Entered: 10/25/2022) |
| 10/26/2022 | 37 | MOTION Receiver's Unopposed Motion for Approval of Engagement Agreements filed by Receiver (Attachments: # 1 Appendix, # 2 Proposed Order) (Thomas, Cort) (Entered: 10/26/2022) |
| 10/27/2022 | 38 | ORDER: The Court GRANTS the Receiver's 37 Motion for Approval of Engagement Agreements. The Receiver's engagements of Brown Fox, PLLC, Ahuja & Clark, PLLC, and Veracity Forensics LLC, and the terms of each, are APPROVED. Fees and expenses incurred by the engaged professionals shall be paid in accordance with the terms of the Order Appointing Receiver. (Ordered by Judge Brantley Starr on 10/27/2022) (chmb) (Entered: 10/27/2022) |
| 10/27/2022 | 39 | NOTICE FILED: Peckar & Abramson (frw) (Entered: 10/27/2022) |
| 10/28/2022 | 40 | ELECTRONIC ORDER: The Court has received, by mail, a request from interested non-party Peckar & Abramson for a hearing on the Securities and Exchange Commission's 6 Motion for Appointment of Receiver. This letter, which the Court filed at Doc. 39 , is dated October 24, 2022. But on October 18, 2022, the Court entered an Order at Doc. 29 granting the SEC's Motion. Construing Peckar & Abramson's letter as a motion for a hearing, the Court thus DENIES AS MOOT the motion, and invites Peckar & Abramson to visit the following website to sign up for the federal courts' Case Management/Electronic Case Files (CM/ECF) system for future reference and filing purposes in federal court: https://www.uscourts.gov/court-records/electronic-filing-cmecf (Ordered by Judge Brantley Starr on 10/28/2022) (chmb) (Entered: 10/28/2022) |
| 11/01/2022 | 41 | |

| | | |
|---|---|---|
| | | MOTION to Supplement Order Appointing Receiver filed by Receiver re 29 Order . (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 42 | Appendix in Support filed by Receiver re 41 MOTION to Supplement Order Appointing Receiver. (Koonce, Charlene) (Entered: 11/01/2022) |
| 11/01/2022 | 43 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 41 the Receiver's Motion to Supplement Order Appointing Receiver. Anyone wishing to respond must respond within ten (10) days. (Ordered by Judge Brantley Starr on 11/1/2022) (chmb) (Entered: 11/01/2022) |
| 11/02/2022 | 44 | Unopposed MOTION to Intervene, MOTION to Stay *Proceedings* filed by United States of America (Attachments: # 1 Proposed Order). Party United States of America added.Attorney Renee M Hunter-DOJ added to party United States of America(pty:intv) (Hunter-DOJ, Renee) (Entered: 11/02/2022) |
| 11/03/2022 | 45 | ***VACATED PER 48 ORDER***ORDER: The Court GRANTS 44 the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in Doc. No. 29 the Court's Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/3/2022) (chmb) Modified on 11/4/2022 (ykp). (Entered: 11/03/2022) |
| 11/03/2022 | 46 | NOTICE of *INTENT TO FILE RESPONSE TO THE GOVERNMENT'S MOTION TO STAY PROCEEDINGS* re: 44 Unopposed MOTION to Intervene MOTION to Stay *Proceedings* filed by Timothy Barton (Edney, Michael) (Entered: 11/03/2022) |
| 11/04/2022 | 47 | MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/04/2022) |
| 11/04/2022 | 48 | ELECTRONIC ORDER: The Court VACATES its Order at Doc. No. 45 granting the Government's Motion to Intervene and Stay Proceedings. Defendant Barton, who opposes the motion, has ten (10) days from the date of this Order to file a response. The Government will then have five (5) days to reply. Each party's filing should address what communication it had with the other party regarding whether Defendant Barton opposed the Government's 44 Motion to Intervene and Stay Proceedings. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/04/2022 | 49 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 47 the Receiver's Motion for Order Governing Administration of Receivership Estate. Any response must be filed within ten (10) days of this Order. (Ordered by Judge Brantley Starr on 11/4/2022) (chmb) (Entered: 11/04/2022) |
| 11/07/2022 | 50 | AFFIDAVIT re 29 Order on Motion for Miscellaneous Relief by Bank of America, N.A.. (Moeller, Evan) (Entered: 11/07/2022) |

RE-00018

| 11/11/2022 | 51 | RESPONSE AND OBJECTION filed by HNGH Turtle Creek re: 47 MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support, 41 MOTION to Supplement Order Appointing Receiver (Attachments: # 1 Appendix) (Nealy Cox, Erin) (Entered: 11/11/2022) |
|---|---|---|
| 11/11/2022 | 52 | CERTIFICATE OF INTERESTED PERSONS/DISCLOSURE STATEMENT by HNGH Turtle Creek. (Clerk QC note: Affiliate entry indicated). (Nealy Cox, Erin) (Entered: 11/11/2022) |
| 11/14/2022 | 53 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, Venus59 LLC, TRTX Properties LLC, MXBA LLC, Titan Investments LLC re: 41 MOTION to Supplement Order Appointing Receiver (Attachments: # 1 Exhibit(s) Appendix, # 2 Proposed Order) (Baum, Nathan) (Entered: 11/14/2022) |
| 11/14/2022 | 54 | RESPONSE filed by Timothy Barton re: 44 Unopposed MOTION to Intervene MOTION to Stay *Proceedings* (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 55 | RESPONSE filed by Timothy Barton re: 41 MOTION to Supplement Order Appointing Receiver (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 56 | RESPONSE filed by Timothy Barton re: 47 MOTION for Order Governing Administration of Receivership Estate, Notice of Disposition of Certain Personal Property, and Brief in Support (Edney, Michael) (Entered: 11/14/2022) |
| 11/14/2022 | 57 | Appendix in Support filed by Timothy Barton re 56 Response/Objection (Edney, Michael) (Entered: 11/15/2022) |
| 11/15/2022 | 58 | Appendix in Support filed by Timothy Barton re 55 Response/Objection (Edney, Michael) (Entered: 11/15/2022) |
| 11/15/2022 | 59 | Agreed Motion for Second Extension of Time to File Answer filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) Modified text on 11/16/2022 (ygl). (Entered: 11/15/2022) |
| 11/16/2022 | 60 | ELECTRONIC ORDER granting 59 Motion for Extension of Time to File Answer. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 61 | Agreed Motion for Extension of Time to File Answer *Second Extension to File Answer Complaint* filed by Stephen T Wall (Attachments: # 1 Proposed Order) (Heiskell, Michael) (Entered: 11/16/2022) |
| 11/16/2022 | 62 | ORDER: The Court GRANTS the Receivers 41 Motion to Supplement Order Appointing Receiver as detailed herein. As to non-party HNGHs 51 Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | 63 | ORDER: The Court GRANTS the Receivers 47 Motion for Order Governing Administration of Receivership Estate, Etc. As to non-party |

RE-00019

| | | | |
|---|---|---|---|
| | | | HNGHs 51 Response and Objection, the Court withholds judgment regarding the ownership of real property located at 2999 Turtle Creek Boulevard, Dallas, Texas 75219, because that question is not yet properly before the Court. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/16/2022 | | 64 | ORDER: The Court GRANTS 44 the United States of America's Motion to Intervene and Stay Proceedings. This proceeding is STAYED until otherwise ordered by the Court. Nothing in this Order shall prevent the Court-appointed Receiver from performing the duties and exercising the powers set forth in 29 the Court's Order Appointing Receiver, as supplemented by 62 the Court's Order Supplementing the Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Main Document 64 replaced on 11/16/2022) (rekc). (Entered: 11/16/2022) |
| 11/16/2022 | | 65 | ELECTRONIC ORDER: The Court VACATES AS MOOT 61 Stephen T. Wall's Motion for Extension of Time to File Answer in light of 64 the Court's Order staying proceedings. (Ordered by Judge Brantley Starr on 11/16/2022) (chmb) (Entered: 11/16/2022) |
| 11/17/2022 | | 66 | NOTICE OF INTERLOCUTORY APPEAL as to 63 Order on Motion for Miscellaneous Relief, 33 Order on Motion to Amend/Correct, 62 Order on Motion for Miscellaneous Relief, 29 Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13311453. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 11/17/2022) |
| 11/17/2022 | | 67 | STATUS REPORT Receiver's Initial Status Report filed by Receiver. (Thomas, Cort) (Entered: 11/17/2022) |
| 11/21/2022 | | 68 | AMENDED DOCUMENT by Bank of America, N.A.. Amendment to 50 Affidavit. . (Moeller, Evan) (Entered: 11/21/2022) |
| 11/21/2022 | | | USCA Case Number 22-11132 in USCA5 for 66 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 11/21/2022) |
| 11/25/2022 | | 69 | MOTION to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard filed by HNGH Turtle Creek (Attachments: # 1 Proposed Order) (Nealy Cox, Erin) (Entered: 11/25/2022) |
| 11/25/2022 | | 70 | Appendix in Support filed by HNGH Turtle Creek re 69 MOTION to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard (Nealy Cox, Erin) (Entered: 11/25/2022) |

23-11237.20

| | | |
|---|---|---|
| 11/28/2022 | 71 | MOTION to Stay *Pending Appeal* filed by Timothy Barton (Edney, Michael) (Entered: 11/28/2022) |
| 11/28/2022 | 72 | Appendix in Support filed by Timothy Barton re 71 MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 11/28/2022) |
| 11/30/2022 | 73 | Brief/Memorandum in Support filed by Receiver re 41 MOTION to Supplement Order Appointing Receiver *and Further Motion to Supplement* (Attachments: # 1 Declaration(s) Part 1, # 2 Declaration(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 11/30/2022 | 74 | Appendix in Support filed by Receiver re 73 Brief/Memorandum in Support of Motion (Attachments: # 1 Exhibit(s) Part 1, # 2 Exhibit(s) Part 2) (Koonce, Charlene) (Entered: 11/30/2022) |
| 12/01/2022 | | Record on Appeal for USCA5 22-11132 (related to 66 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 12/01/2022) |
| 12/01/2022 | 75 | ELECTRONIC ORDER: The Court ORDERS an expedited response to 71 Timothy Barton's Motion to Stay Pending Appeal. A response is due by December 9th, with a reply due by December 12th. The Receiver may respond to this motion within this timeframe as well. (Ordered by Judge Brantley Starr on 12/1/2022) (chmb) (Entered: 12/01/2022) |
| 12/02/2022 | 76 | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property filed by Receiver (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/02/2022 | 77 | Appendix in Support filed by Receiver re 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/02/2022) |
| 12/05/2022 | 78 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 76 Motion for Appointment of Appraisers, Approval of Appraisals, and Setting a Hearing. A response is due by December 12, 2022, with a reply due by December 15, 2022. It is further ordered that on December 19, 2022, at 10:00 AM, the Court will hold a hearing to consider arguments and objections regarding confirmation of the sale described in the Motion. (Ordered by Judge Brantley Starr on 12/5/2022) (chmb) (Entered: 12/05/2022) |

| | | |
|---|---|---|
| 12/05/2022 | 79 | NOTICE OF HEARING to consider arguments and objections regarding confirmation of the sale described in the Receiver's 76 Motion. Hearing set for 12/19/2022 10:00 AM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 12/05/2022) |
| 12/07/2022 | 80 | NOTICE of Attorney Appearance by Jonathan Patton on behalf of Palisades-TC, LLC. (Filer confirms contact info in ECF is current.) (Patton, Jonathan) (Entered: 12/07/2022) |
| 12/07/2022 | 81 | RESPONSE filed by Timothy Barton re: 73 Brief/Memorandum in Support of Motion (Edney, Michael) (Entered: 12/07/2022) |
| 12/07/2022 | 82 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, MXBA LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC re: 73 Brief/Memorandum in Support of Motion (Attachments: # 1 Appendix to Response to Supplemental Motion) (Baum, Nathan) (Entered: 12/07/2022) |
| 12/09/2022 | 83 | RESPONSE filed by Securities and Exchange Commission re: 71 MOTION to Stay *Pending Appeal* (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 12/09/2022) |
| 12/09/2022 | 84 | RESPONSE filed by Receiver re: 71 MOTION to Stay *Pending Appeal* (Koonce, Charlene) (Entered: 12/09/2022) |
| 12/09/2022 | 85 | Appendix in Support filed by Receiver re 84 Response/Objection (Koonce, Charlene) (Entered: 12/09/2022) |
| 12/12/2022 | 86 | MOTION for Extension of Time to File Response/Reply to 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property, 71 MOTION to Stay *Pending Appeal* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 12/12/2022) |
| 12/12/2022 | 87 | ELECTRONIC ORDER granting 86 Motion to Extend Time to File Response/Reply. Defendant Timothy Barton's response to 76 the Receiver's Motion for Appointment of Appraisers, etc., and his reply the SEC's response to his 71 Motion to Stay are both due tomorrow, December 13, 2022. (Ordered by Judge Brantley Starr on 12/12/2022) (chmb) (Entered: 12/12/2022) |
| 12/13/2022 | 88 | ORDER: The Court GRANTS the Receiver's 73 Motion to Supplement Order Appointing Receiver. (Ordered by Judge Brantley Starr on 12/13/2022) (chmb) (Entered: 12/13/2022) |
| 12/13/2022 | 89 | NOTICE of *Intended Sale of Personal Property* filed by Receiver (Koonce, Charlene) (Entered: 12/13/2022) |
| 12/13/2022 | 90 | REPLY filed by Timothy Barton re: 71 MOTION to Stay *Pending Appeal* (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 91 | RESPONSE AND OBJECTION filed by Timothy Barton re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding |

| | | |
|---|---|---|
| | | Approval of Sale of Rock Creek Property (Edney, Michael) (Entered: 12/13/2022) |
| 12/13/2022 | 92 | Appendix in Support filed by Timothy Barton re 91 Response/Objection, *to Motion for Sale of Rock Creek Property [ECF No. 76], and Cross-Motion for Order Prohibiting Sale of Personal Property Located at Rock Creek Home* (Edney, Michael) (Entered: 12/13/2022) |
| 12/15/2022 | 93 | REPLY filed by Receiver re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 94 | RESPONSE filed by Receiver re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Koonce, Charlene) (Entered: 12/15/2022) |
| 12/15/2022 | 95 | MOTION to Ratify Agreement with DLP Capital and Other DLP Entities filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Agreement, # 2 Proposed Order) (Thomas, Cort) (Entered: 12/15/2022) |
| 12/16/2022 | 96 | MOTION Verified and Emergency Motion to Declare Lis Pendens Void filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Koonce, Charlene) (Entered: 12/16/2022) |
| 12/16/2022 | 97 | RESPONSE filed by Timothy Barton re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Edney, Michael) (Entered: 12/16/2022) |
| 12/16/2022 | 98 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 95 the Receiver's Motion to Ratify Agreement with DLP Capital and Other DLP Entities. Any response is due by the close of business on Tuesday, December 20, 2022. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | 99 | ORDER: The Court GRANTS IN PART 76 the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property. (Ordered by Judge Brantley Starr on 12/16/2022) (chmb) (Entered: 12/16/2022) |
| 12/16/2022 | | Hearing/Deadline Modification: Hearing set per 99 Order. Hearing set for 12/19/2022 10:00 AM before Judge Brantley Starr. (axm) (Entered: 12/19/2022) |
| 12/18/2022 | 100 | NOTICE of *Publication Regarding Sale of Rock Creek Property* re: 76 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Rock Creek Property, and Setting Hearing Regarding Approval of Sale of Rock Creek Property filed by Receiver (Thomas, Cort) (Entered: 12/18/2022) |
| 12/19/2022 | 101 | Appendix in Support filed by Receiver re 100 Notice (Other), *of Publication Regarding Sale of Rock Creek Property* (Thomas, Cort) (Entered: 12/19/2022) |

RE-00023

| | | |
|---|---|---|
| 12/19/2022 | 102 | RESPONSE AND OBJECTION filed by Timothy Barton re: 96 MOTION Verified and Emergency Motion to Declare Lis Pendens Void (Edney, Michael) (Entered: 12/19/2022) |
| 12/19/2022 | 103 | Minute Entry for proceedings held before Judge Brantley Starr: Hearing on approval of sale held on 12/19/2022. Statements heard from Ms. Koonce, Mr. Edney and Mr. Bernstein. Court to issue order with ruling. Court is adjourn.. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Ted Huffman, Receiver - Charlene Koonce, Cort Thomas (No exhibits)(Court Reporter Kelli Ann Willis.) (Frye, Kevin) (Entered: 12/19/2022) |
| 12/20/2022 | 104 | ORDER GRANTING MOTION TO APPROVE SALE: The Court GRANTS the Receiver's motion for sale of the Property [Doc. No. 76 ] and DENIES Barton's motion to prohibit the sale [Doc. No. 91 ]. The Court GRANTS the Receiver's motion to declare the lis pendens void and ORDERS Barton to pay, within three days of this Order, $1,200 to the Receiver for fees incurred in opposing the lis pendens. [Doc. No. 96 ]. During the hearing, defense counsel made an oral motion to stay the sale of the Property should the Court find that selling it is in the Receiverships best interest. For the reasons stated at the hearing, the Court DENIES that oral motion. (Ordered by Judge Brantley Starr on 12/20/2022) (ndt) (Entered: 12/20/2022) |
| 12/20/2022 | 105 | NOTICE of Attorney Appearance by Eliot Dana Shavin for Corinna Chandler and Daniel Alexander on behalf of David Dhiraj Ramolia. (Shavin, Eliot) (Entered: 12/20/2022) |
| 12/20/2022 | 106 | RESPONSE AND OBJECTION filed by Timothy Barton re: 95 MOTION to Ratify Agreement with DLP Capital and Other DLP Entities (Edney, Michael) (Entered: 12/20/2022) |
| 12/20/2022 | 107 | Appendix in Support filed by Timothy Barton re 106 Response/Objection *to the Receivers Verified Motion To Ratify Agreement With DLP Capital and Other DLP Entities* (Edney, Michael) (Entered: 12/20/2022) |
| 12/21/2022 | 108 | NOTICE OF INTERLOCUTORY APPEAL as to 104 Order on Motion for Miscellaneous Relief,, to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13393416. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/21/2022) |
| 12/21/2022 | 109 | ORDER granting Receiver's 95 Motion to Ratify Agreement With DLP Capital and Other DLP Entities (Ordered by Judge Brantley Starr on 12/21/2022) (rekc) Modified date filed on 12/22/2022 (rekc). (Entered: |

| | | |
|---|---|---|
| 12/22/2022 | 110 | MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 12/22/2022) |
| 12/22/2022 | 111 | Appendix in Support filed by Receiver re 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property (Thomas, Cort) (Entered: 12/22/2022) |
| 12/23/2022 | 112 | NOTICE OF INTERLOCUTORY APPEAL as to 109 Order on Motion for Miscellaneous Relief to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13396690. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/23/2022) |
| 12/23/2022 | 113 | NOTICE of Attorney Appearance by Daniel Rasoul Alexander on behalf of David Dhiraj Ramolia. (Filer confirms contact info in ECF is current.) (Alexander, Daniel) (Entered: 12/23/2022) |
| 12/27/2022 | 114 | MOTION to Stay re 109 Order on Motion for Miscellaneous Relief filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 12/27/2022) |
| 12/29/2022 | 115 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on 110 the Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale, and 114 Barton's Motion to Stay. As to 110 , the response is due January 9, 2023, with a reply due January 12, 2023. As to 114 , the response is due January 4, 2023, with a reply due January 9, 2023. (Ordered by Judge Brantley Starr on 12/29/2022) (chmb) (Entered: 12/29/2022) |
| 12/29/2022 | 116 | REPLY filed by HNGH Turtle Creek re: 94 Response/Objection (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 12/29/2022 | 117 | REPLY filed by HNGH Turtle Creek re: 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* (Nealy Cox, Erin) (Entered: 12/29/2022) |
| 01/04/2023 | 118 | Transcript Order Form: re 108 Notice of Appeal,,,, transcript requested by Timothy Barton for Hearing on approval of sale held 12/19/22 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the |

| | | | |
|---|---|---|---|
| | | | cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/04/2023) |
| 01/04/2023 | | 119 | RESPONSE filed by Receiver re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Koonce, Charlene) (Entered: 01/04/2023) |
| 01/04/2023 | | 120 | Appendix in Support filed by Receiver re 119 Response/Objection (Koonce, Charlene) (Entered: 01/04/2023) |
| 01/06/2023 | | 121 | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 12-19-2022 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (72 pages) Redaction Request due 1/27/2023. Redacted Transcript Deadline set for 2/6/2023. Release of Transcript Restriction set for 4/6/2023. (kaw) (Main Document 121 replaced on 1/10/2023) (chmb). Modified on 1/10/2023 (chmb). (Entered: 01/06/2023) |
| 01/06/2023 | | | USCA Case Number 22-11242 for 112 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/06/2023) |
| 01/06/2023 | | 122 | ORDER of USCA IT IS ORDERED that Appellant's opposed motion to stay the district court's order appointing a Receiver, pending appeal, is DENIED. IT IS FURTHER ORDERED that Appellant's opposed alternative motion to stay several components of that order and others that have become part of it, pending appeal, is DENIED as to 108 Notice of Appeal filed by Timothy Barton, 66 Notice of Appeal filed by Timothy Barton, 112 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 01/09/2023) |
| 01/09/2023 | | 123 | NOTICE of *Non-Opposition* re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property filed by Timothy Barton (Edney, Michael) (Entered: 01/09/2023) |
| 01/09/2023 | | 124 | REPLY filed by Timothy Barton re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Edney, Michael) (Entered: 01/09/2023) |
| 01/10/2023 | | 125 | Corrected REPLY filed by Timothy Barton re: 114 MOTION to Stay re 109 Order on Motion for Miscellaneous Relief (Edney, Michael) Modified text on 1/10/2023 per Attorney Michael Edney(sxf). (Entered: 01/10/2023) |

RE-00026

23-11237.26

| 01/10/2023 | 126 | NOTICE of *REQUEST FOR NOTICE OF FILINGS* filed by Southern Star Capital, LLC (Buchholz, Robert) (Entered: 01/10/2023) |
|---|---|---|
| 01/11/2023 | 127 | NOTICE of Attorney Appearance by Aaron Thomas Capps on behalf of Circle H Contractors, LP. (Filer confirms contact info in ECF is current.) (Capps, Aaron) (Entered: 01/11/2023) |
| 01/12/2023 | 128 | ORDER: The Court GRANTS IN PART the Receiver's 110 Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property, and Setting Hearing Regarding Approval of Sale. (Ordered by Judge Brantley Starr on 1/12/2023) (chmb) (Entered: 01/12/2023) |
| 01/12/2023 | 129 | ELECTRONIC Notice of Hearing on Motion 110 set for 1/30/2023 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/12/2023) |
| 01/12/2023 | 130 | NOTICE OF INTERLOCUTORY APPEAL as to 88 Order to the Fifth Circuit by Maximilien Barton, Gillespie Villas LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC. Filing fee $505, receipt number ATXNDC-13437910. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Baum, Nathan) (Entered: 01/12/2023) |
| 01/17/2023 | 131 | AMENDED NOTICE OF HEARING: The Court RESCHEDULES the Hearing on Motion 110 set by the Court's order 128 . The Hearing is set for 1/31/2023 at 02:00 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. (chmb) (Entered: 01/17/2023) |
| 01/17/2023 | | Record on Appeal for USCA5 22-11226 (related to 108 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 01/17/2023) |

| 01/17/2023 | 132 | ORDER denying 71 Motion to Stay. (Ordered by Judge Brantley Starr on 1/17/2023) (chmb) (Entered: 01/17/2023) |
|---|---|---|
| 01/19/2023 | 133 | MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/19/2023 | 134 | Appendix in Support filed by Receiver re 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Koonce, Charlene) (Entered: 01/19/2023) |
| 01/26/2023 | 135 | Transcript Order Form: re 130 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court.. (Baum, Nathan) (Entered: 01/26/2023) |
| 01/30/2023 | | Record on Appeal for USCA5 23-10046 (related to 130 appeal): Record consisting of: 10 ECF electronic record on appeal (eROA) is certified, 1 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 01/30/2023) |
| 01/30/2023 | 136 | AMENDED NOTICE OF HEARING: Due to the risk of inclement weather tomorrow, the Motion Hearing set for 1/31/2023 at 02:00 PM will take place over telephone instead of in person. The Court will send call-in information to the parties before the hearing. (chmb) (Entered: 01/30/2023) |
| 01/30/2023 | 137 | NOTICE of *Publication Regarding Sale of Frisco Property and Notice of Addendum to Purchase and Sale Contract* re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property, 131 Notice of Hearing, filed by Receiver (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 138 | Appendix in Support filed by Receiver re 137 Notice (Other), *of Publication Regarding Sale of Frisco Gate Property and Notice of Addendum to Purchase and Sale Contract* (Thomas, Cort) (Entered: 01/30/2023) |
| 01/30/2023 | 139 | STATUS REPORT *Second Status Report of Receiver (4Q22)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 01/30/2023) |

| 01/31/2023 | 140 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Telephone Hearing held on 1/31/2023, re: Approval of Sale of Frisco Gate Property. Court to enter order approving sale. Court to enter order approval sale. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Richard Roper, Jonathan Patton, Daniel Alexander, Robert Buchholz; Receivers - Charlene Koonce, Cort Thomas (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - :10. (chmb) (Entered: 01/31/2023) |
|---|---|---|
| 01/31/2023 | 141 | AFFIDAVIT re 62 Order on Motion for Miscellaneous Relief, 29 Order on Motion for Miscellaneous Relief, 88 Order *Second Amended Certified Statement* by Bank of America, N.A.. (Moeller, Evan) (Entered: 01/31/2023) |
| 01/31/2023 | 142 | ORDER: For the reasons stated at today's hearing, the Court GRANTS 110 the Receiver's motion to approve the sale of property. (Ordered by Judge Brantley Starr on 1/31/2023) (chmb) (Entered: 01/31/2023) |
| 02/01/2023 | 143 | MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 02/01/2023) |
| 02/01/2023 | 144 | Appendix in Support filed by Receiver re 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) (Entered: 02/01/2023) |
| 02/02/2023 | 145 | Notice of Filing of Official Electronic Transcript of Sale Approval Proceedings held on 01-31-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (17 pages) Redaction Request due 2/23/2023. Redacted Transcript Deadline set for 3/6/2023. Release of Transcript Restriction set for 5/3/2023. (kaw) (Entered: 02/02/2023) |
| 02/02/2023 | 146 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's 143 Motion to Ratify Agreement, with a response due February 10, 2023, and a reply due February 15, 2023. (Ordered by Judge Brantley Starr on 2/2/2023) (chmb) (Entered: 02/02/2023) |
| 02/02/2023 | 147 | Unopposed MOTION to Withdraw 13 Notice of Attorney Appearance filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Roper, Richard) (Entered: 02/02/2023) |
| 02/03/2023 | 148 | ELECTRONIC ORDER granting 147 Motion to Withdraw as Counsel for attorneys Richard B. Roper and Javan Porter. (Ordered by Judge Brantley Starr on 2/3/2023) (chmb) (Entered: 02/03/2023) |

RE-00029

| 02/06/2023 | 149 | MOTION for Extension of Time to File Response/Reply to 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Huffman, Edwin) (Entered: 02/06/2023) |
|---|---|---|
| 02/07/2023 | 150 | ELECTRONIC ORDER granting 149 Motion to Extend Time to File Response. The new deadline for Defendant's response is February 16, 2023. (Ordered by Judge Brantley Starr on 2/7/2023) (chmb) (Entered: 02/07/2023) |
| 02/09/2023 | 151 | Supplemental Document by HNGH Turtle Creek as to 69 MOTION to Intervene *and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard* . (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/09/2023 | 152 | Supplemental Document by HNGH Turtle Creek as to 70 Appendix in Support *of Motion to Intervene and to Confirm Ownership of Property Located at 2999 Turtle Creek Boulevard.* (Nealy Cox, Erin) (Entered: 02/09/2023) |
| 02/10/2023 | 153 | NOTICE of Attorney Appearance by Ian Edward Fullington on behalf of MFO Venus Development, LLC. (Filer confirms contact info in ECF is current.) (Fullington, Ian) (Entered: 02/10/2023) |
| 02/10/2023 | 154 | ELECTRONIC ORDER granting in part and denying in part 69 Motion to Intervene and to Confirm Ownership of Property. The Court GRANTS permission to intervene and DENIES the request to confirm ownership of the property at issue. The Court ORDERS the parties to mediate their dispute, and APPOINTS Judge Harlin Hale as mediator. (Ordered by Judge Brantley Starr on 2/10/2023) (chmb) (Entered: 02/10/2023) |
| 02/10/2023 | 155 | Response in Opposition filed by Timothy Barton re 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support *(Response Brief)* (Attachments: # 1 Exhibit(s) A) (Edney, Michael) Modified docket text on 2/13/2023 (ykp). (Entered: 02/10/2023) |
| 02/14/2023 | 156 | MOTION First Quarterly Fee Application (4Q22) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/14/2023 | 157 | Appendix in Support filed by Receiver re 156 MOTION First Quarterly Fee Application (4Q22) (Thomas, Cort) (Entered: 02/14/2023) |
| 02/15/2023 | 158 | NOTICE of *INTENT TO FILE OPPOSITION TO THE RECEIVERS FIRST QUARTERLY FEE APPLICATION* re: 156 MOTION First Quarterly Fee Application (4Q22) filed by Timothy Barton (Edney, Michael) (Entered: 02/15/2023) |
| 02/15/2023 | 159 | REPLY filed by Receiver re: 143 MOTION to Ratify Agreement with Lumar Land & Cattle and Brief in Support (Koonce, Charlene) (Entered: 02/15/2023) |
| 02/16/2023 | 160 | RESPONSE filed by Timothy Barton re: 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 |

RE-00030

| | | Declaration(s) (Edney, Michael) (Entered: 02/16/2023) |
|---|---|---|
| 02/22/2023 | 161 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 162 | Appendix in Support filed by Receiver re 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms (Attachments: # 1 Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 163 | ORDER granting 143 Motion to Ratify. (Ordered by Judge Brantley Starr on 2/22/2023) (chmb) (Entered: 02/22/2023) |
| 02/22/2023 | 164 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 02/22/2023) |
| 02/22/2023 | 165 | Appendix in Support filed by Receiver re 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Attachments: # 1 Exhibit(s)) (Koonce, Charlene) (Entered: 02/22/2023) |
| 03/01/2023 | 166 | REPLY filed by Receiver re: 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 Exhibit(s) A) (Koonce, Charlene) (Entered: 03/01/2023) |
| 03/02/2023 | 167 | MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/02/2023) |
| 03/02/2023 | 168 | Appendix in Support filed by Receiver re 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites (Koonce, Charlene) (Entered: 03/02/2023) |
| 03/02/2023 | 169 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's motions for appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms, 164 Bellwether Ridge, and 167 Amerigold Suites. All responses to these three motions are due by March 10, 2023, with reply briefing due by March 17, 2023. It is further ORDERED that on March 20, 2023, from 2:00 PM to 3:30 PM, the Court will hold a hearing to consider arguments and objections regarding confirmation of the sales described in each motion, dedicating 30 minutes to each of the three sales. (Ordered by Judge Brantley Starr on 3/2/2023) (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | 170 | ELECTRONIC Notice of Hearing Motion Hearing set for 3/20/2023 02:00 PM to 3:30 PM in US Courthouse, Courtroom 1525, 1100 Commerce St., Dallas, TX 75242-1310 before Judge Brantley Starr. The hearing will allocate 30 minutes for each of the Receiver's motions for |

RE-00031

23-11237.31

| | | |
|---|---|---|
| | | appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms, 164 Bellwether Ridge, and 167 Amerigold Suites, taking the motions in the order they were filed. (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | 171 | ELECTRONIC ORDER: The Court ORDERS the Receiver to serve Southern Properties with a copy of 169 & 170 the Court's orders setting motion hearings. (Ordered by Judge Brantley Starr on 3/2/2023) (chmb) (Entered: 03/02/2023) |
| 03/02/2023 | | Record on Appeal for USCA5 22-11242 (related to 112 appeal): Record consisting of: 13 ECF electronic record on appeal (eROA) is certified, 2 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (svc) (Entered: 03/02/2023) |
| 03/02/2023 | | USCA Case Number 23-10046 in USCA5 for 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. (svc) (Entered: 03/02/2023) |
| 03/02/2023 | 172 | NOTICE of *INTENT TO MOVE FOR LEAVE TO FILE SUR-REPLY TO THE RECEIVERS MOTION FOR CONTEMPT AS TO NEW EVIDENCE, ARGUMENTS, AND EXPANDED RELIEF SOUGHT IN THE RECEIVERS REPLY BRIEF* re: 166 Reply, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* filed by Timothy Barton (Edney, Michael) (Entered: 03/02/2023) |
| 03/06/2023 | 173 | NOTICE of Attorney Appearance by Brian Keith Norman for C. Gregory Shamoun on behalf of Southern Properties Capital, Ltd.. (Norman, Brian) (Entered: 03/06/2023) |
| 03/06/2023 | 174 | First MOTION to Continue *Filing and Hearing Dates* filed by Southern Properties Capital, Ltd. with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 03/06/2023) |
| 03/07/2023 | 175 | ELECTRONIC ORDER denying 174 Motion to Continue. (Ordered by Judge Brantley Starr on 3/7/2023) (chmb) (Entered: 03/07/2023) |
| 03/07/2023 | 176 | RESPONSE filed by Timothy Barton re: 156 MOTION First Quarterly Fee Application (4Q22) (Huffman, Edwin) (Entered: 03/07/2023) |
| 03/10/2023 | 177 | MOTION to Intervene filed by Southern Properties Capital, Ltd. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 03/10/2023) |

| 03/10/2023 | 178 | RESPONSE filed by Southern Properties Capital, Ltd. re: 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Norman, Brian) (Entered: 03/10/2023) |
|---|---|---|
| 03/10/2023 | 179 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 1* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 180 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 2* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 181 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 3* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 182 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 4* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 183 | Appendix in Support filed by Southern Properties Capital, Ltd. re 178 Response/Objection, *Volume 5* (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 184 | INTERVENOR COMPLAINT against Receiver filed by Southern Properties Capital, Ltd.. Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. Forms, instructions, and exemption information may be found at www.txnd.uscourts.gov, or by clicking here: Attorney Information - Bar Membership. If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge. (Norman, Brian) (Entered: 03/10/2023) |
| 03/10/2023 | 185 | RESPONSE filed by Timothy Barton re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites, 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Edney, Michael) (Entered: 03/10/2023) |
| 03/11/2023 | 186 | Appendix in Support filed by Timothy Barton re 185 Response/Objection, *Appendix ISO Response to Receiver Property Sale Motions* (Edney, Michael) (Entered: 03/11/2023) |
| 03/11/2023 | 187 | ADDITIONAL ATTACHMENTS to 186 Appendix in Support by Defendant Timothy Barton. (Edney, Michael) (Entered: 03/11/2023) |
| 03/15/2023 | 188 | MOTION to Continue *Hearing Regarding Approval of Sales of Parc at Windmill Farms and Bellwether Ridge, and Motion to Stay Southern Properties' Motion to Intervene* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/15/2023) |
| 03/15/2023 | 189 | RESPONSE filed by Southern Properties Capital, Ltd. re: 188 MOTION to Continue *Hearing Regarding Approval of Sales of Parc at Windmill Farms and Bellwether Ridge, and Motion to Stay Southern Properties'* |

RE-00033

23-11237.33

*Motion to Intervene* (Norman, Brian) (Entered: 03/15/2023)

| | | |
|---|---|---|
| 03/16/2023 | 190 | ELECTRONIC ORDER granting 188 Motion to Continue. The Court CANCELS the hearings scheduled at Doc. No. 169 on the Receiver's motions for appointment of appraisers, approval of appraisals, approval hearing, and approval of sale of 161 Parc at Windmill Farms and 164 Bellwether Ridge. This Order does not affect the hearing scheduled at Doc. No. 169 on the Receiver's motion regarding 167 Amerigold Suites. The Court ORDERS the Receiver to move for summary judgment regarding the Receivership Entities' interests in and Southern Properties' competing claim to these properties (Parc at Windmill Farms and Bellwether Ridge) by April 13, 2023. Any response from Southern Properties (which may incorporate by reference Southern Properties' pending Response and Objection at Doc. No. 178 ) is due by May 4, 2023. Any reply by the Receiver is due by May 18, 2023. (Ordered by Judge Brantley Starr on 3/16/2023) (chmb) (Entered: 03/16/2023) |
| 03/16/2023 | 191 | NOTICE of Attorney Appearance by Howard Marc Spector on behalf of Tamamoi, LLC, 3820 Illinois, LLC. (Filer confirms contact info in ECF is current.) (Spector, Howard) (Entered: 03/16/2023) |
| 03/17/2023 | 192 | NOTICE of Attorney Appearance by Matthias Kleinsasser on behalf of Vertical Street Ventures, LLC. (Filer confirms contact info in ECF is current.). Party Vertical Street Ventures, LLC added. (Kleinsasser, Matthias) (Entered: 03/17/2023) |
| 03/17/2023 | 193 | REPLY filed by Receiver re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites, 161 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Parc at Windmill Farms, 164 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing, and Approval of Sale of Bellwether Ridge (Koonce, Charlene) (Entered: 03/17/2023) |
| 03/17/2023 | 194 | Appendix in Support filed by Receiver re 193 Reply, (Koonce, Charlene) (Entered: 03/17/2023) |
| 03/19/2023 | 195 | ORDER granting 156 Receiver's Motion For First Quarterly Fee Application (Ordered by Judge Brantley Starr on 3/19/2023) (chmb) (Entered: 03/19/2023) |
| 03/20/2023 | 196 | NOTICE of Attorney Appearance by Joseph J Wielebinski on behalf of Vertical Street Ventures, LLC. (Filer confirms contact info in ECF is current.) (Wielebinski, Joseph) (Entered: 03/20/2023) |
| 03/20/2023 | 197 | ORDER granting in part 167 Motion (Ordered by Judge Brantley Starr on 3/20/2023) (chmb) (Entered: 03/20/2023) |
| 03/20/2023 | 198 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 3/20/2023. re: 167 MOTION for Appointment of Appraisers, Approval of Appraisals, Approval Hearing and Approval of Sale of Amerigold Suites. Statements heard from Ms. Koonce, Mr. Edney and Mr. Bernstein. Court to issue order with ruling. Court is adjourn. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Ted Huffman, Corinna Chandler, Receiver Charlene Koonce, Cort Thomas (Court Reporter: Kelli Ann Willis) (No |

| | | |
|---|---|---|
| | | exhibits) Time in Court - :30. (chmb) (Entered: 03/20/2023) |
| 03/21/2023 | 199 | MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 03/21/2023) |
| 03/21/2023 | 200 | Appendix in Support filed by Receiver re 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* (Koonce, Charlene) (Entered: 03/21/2023) |
| 03/23/2023 | 201 | MOTION for Leave to File Surreply *to Receiver's Motion to Compel* filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) Exhibit A - Proposed Surreply, # 2 Proposed Order Proposed Order - Granting Leave to File Surreply, # 3 Proposed Order Proposed Order - Privilege Protocol Order, # 4 Proposed Order Proposed Order - Order on Privilege Protocol Conference) (Edney, Michael) (Entered: 03/23/2023) |
| 03/29/2023 | 202 | ORDER: The Court GRANTS 167 motion to sell property. (Ordered by Judge Brantley Starr on 3/29/2023) (chmb) (Entered: 03/29/2023) |
| 03/31/2023 | 203 | MOTION to Stay re 184 Intervenor Complaint,, 177 MOTION to Intervene *Receiver's Response to Southern Properties Capital, Ltd.'s Motion for Intervention, Complaint in Intervention and Renewed Motion to Stay* filed by Receiver (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 03/31/2023) |
| 04/11/2023 | 204 | MOTION for Extension of Time to File Response/Reply to 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Hunton Andrews Kurth LLP (Attachments: # 1 Proposed Order). Party NON-PARTY HUNTON ANDREWS KURTH LLP added.Attorney Greg Waller added to party Hunton Andrews Kurth LLP(pty:mov) (Waller, Greg) (Entered: 04/11/2023) |
| 04/12/2023 | 205 | ELECTRONIC ORDER granting 204 Motion to Extend Time to File Response. (Ordered by Judge Brantley Starr on 4/12/2023) (chmb) (Entered: 04/12/2023) |
| 04/13/2023 | 206 | MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Koonce, Charlene) (Entered: 04/13/2023) |
| 04/13/2023 | 207 | Brief/Memorandum in Support filed by Receiver re: 206 Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*. (Koonce, Charlene) Modified event text on 5/31/2023 (axm). (Entered: 04/13/2023) |
| 04/13/2023 | 208 | Appendix in Support filed by Receiver re 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties* (Attachments: # 1 Additional Page(s) Exhibits A-29 - A-44 (APP355-APP628), # 2 Additional Page(s) |

RE-00035

| | | |
|---|---|---|
| | | Exhibits A-45 - A-62 (APP629-APP908), # 3 Additional Page(s) Exhibits A-63 - A-67 (APP909-APP959), # 4 Additional Page(s) Exhibits A-68 - A-71 (APP960-APP1030), # 5 Additional Page(s) Exhibits A-72 - A-77 (APP1031-APP1130)) (Koonce, Charlene) (Entered: 04/13/2023) |
| 04/17/2023 | 209 | NOTICE of *Third Party Offers to Purchase 2999 Turtle Creek Property* filed by Timothy Barton (Attachments: # 1 Exhibit(s) A) (Edney, Michael) (Entered: 04/17/2023) |
| 04/17/2023 | 210 | MOTION to Approve Settlement Agreement with HNGH Turtle Creek, LLC filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A - Settlement Agreement, # 2 Exhibit(s) B - Order Enforcing Agreed Orders, # 3 Proposed Order) (Thomas, Cort) (Entered: 04/17/2023) |
| 04/18/2023 | 211 | MOTION Expedited Motion to Confirm Litigation Stay filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Wells, Tim) (Entered: 04/18/2023) |
| 04/18/2023 | 212 | Appendix in Support filed by Receiver re 211 MOTION Expedited Motion to Confirm Litigation Stay (Wells, Tim) (Entered: 04/18/2023) |
| 04/21/2023 | 213 | NOTICE of *Intended Auction of Contents of 2999 Turtle Creek Blvd.* filed by Receiver (Koonce, Charlene) (Entered: 04/21/2023) |
| 04/21/2023 | 214 | Appendix in Support filed by Receiver re 213 Notice (Other) (Koonce, Charlene) (Entered: 04/21/2023) |
| 04/24/2023 | 215 | First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties with Respect to Ingleside and Opelika* filed by Southern Properties Capital Ltd with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) (Entered: 04/24/2023) |
| 04/25/2023 | 216 | ELECTRONIC ORDER: In his Reply in support of his Motion to Compel (Doc. 133 ), the Receiver proposed a privilege protocol and asked the Court to enter it. Doc. 166 at pp. 9-10. The Court ORDERS Barton to respond to the Receiver's proposed privilege protocol by May 3, 2023. Any reply from the Receiver is due May 9, 2023. (Ordered by Judge Brantley Starr on 4/25/2023) (chmb) (Entered: 04/25/2023) |
| 04/25/2023 | 217 | ELECTRONIC ORDER granting 203 Motion to Stay. The Court STAYS 184 Southern Properties' Intervenor Complaint and all associated deadlines. The Court will enter a new schedule for Southern Properties' Intervenor Complaint, if needed, after the completion of the pending summary proceeding. (Ordered by Judge Brantley Starr on 4/25/2023) (chmb) (Entered: 04/25/2023) |
| 04/25/2023 | 218 | ORDER granting 211 Unopposed Motion to Confirm Litigation Stay. (Ordered by Judge Brantley Starr on 4/25/2023) (axm) (Entered: 04/25/2023) |

| | | | |
|---|---|---|---|
| 04/25/2023 | 219 | ORDER denying 114 Motion to Stay Pending Appeal. (Ordered by Judge Brantley Starr on 4/25/2023) (axm) (Entered: 04/25/2023) |
| 04/26/2023 | 220 | MOTION for Extension of Time to File Response/Reply to 207 MOTION for Summary Judgment *Brief in Support of Motion for Summary Judgment Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Koonce, Charlene) (Entered: 04/26/2023) |
| 04/27/2023 | 221 | ELECTRONIC ORDER granting 220 Motion to Extend Time to File Response/Reply. Southern Properties' Response is due May 16, 2023, and the Receiver's Reply is due June 5, 2023. (Ordered by Judge Brantley Starr on 4/27/2023) (chmb) (Entered: 04/27/2023) |
| 04/27/2023 | 222 | NOTICE of *Receiver's Withdrawal of Motion to Compel Documents and Information from Attorneys* re: 199 MOTION to Compel *Documents and Information from Attorneys, Request for Sanctions, and Brief in Support* filed by Receiver (Koonce, Charlene) (Entered: 04/27/2023) |
| 04/27/2023 | 223 | OBJECTION filed by Timothy Barton re: 213 Notice (Other) (Attachments: # 1 Exhibit A, # 2 Exhibit B) (Edney, Michael) (Entered: 04/27/2023) |
| 04/28/2023 | 224 | ELECTRONIC ORDER: Having reviewed the Receiver's 222 Notice, the Court DENIES AS MOOT the Receiver's 199 Motion to Compel. This order is WITHOUT PREJUDICE. (Ordered by Judge Brantley Starr on 4/28/2023) (chmb) (Entered: 04/28/2023) |
| 04/30/2023 | 225 | STATUS REPORT *Third Quarterly Report of Receiver (1Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 04/30/2023) |
| 05/03/2023 | 226 | RESPONSE filed by Receiver re: 215 First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 05/03/2023)* |
| 05/03/2023 | 227 | RESPONSE filed by Receiver re: 223 Response/Objection (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 05/03/2023) |
| 05/03/2023 | 228 | Appendix in Support filed by Receiver re 227 Response/Objection (Koonce, Charlene) (Entered: 05/03/2023) |
| 05/03/2023 | 229 | RESPONSE filed by Timothy Barton re: 166 Reply, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Attachments: # 1 Exhibit A - Proposed Privilege Protocol Order) (Edney, Michael) (Entered: 05/03/2023) |
| 05/08/2023 | 230 | |

RE-00037

23-11237.37

| | | |
|---|---|---|
| | | RESPONSE AND OBJECTION filed by Timothy Barton re: 210 MOTION to Approve Settlement Agreement with HNGH Turtle Creek, LLC (Edney, Michael) (Entered: 05/08/2023) |
| 05/08/2023 | 231 | Appendix in Support filed by Timothy Barton re 230 Response/Objection *to the Receiver's Motion to Approve Settlement Agreement with HNGH Turtle Creek, LLC* (Edney, Michael) (Entered: 05/08/2023) |
| 05/09/2023 | 232 | REPLY filed by Receiver re: 229 Response/Objection, 133 MOTION to Compel *Documents and Information, Request for Sanctions, or Alternatively, Motion for Show Cause Hearing, and Brief in Support* (Koonce, Charlene) (Entered: 05/09/2023) |
| 05/11/2023 | 233 | REPLY filed by Southern Properties Capital Ltd re: 215 First MOTION to Strike 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties*, 207 MOTION for Summary Judgment *Brief in Support (Norman, Brian) (Entered: 05/11/2023)* |
| 05/15/2023 | 234 | ELECTRONIC ORDER: Having carefully considered Southern Properties motion to strike the Receivers motion for summary judgment regarding Southern Properties claimed ownership in Parc at Ingleside and Parc at Opelika (Doc. 215 ), the Court DENIES the motion. The Court GRANTS the Receivers request for leave to include these properties nunc pro tunc in the Receivers summary-judgment motion. And the Court GRANTS Southern Properties request for an extension of time to respond to the Receivers motion for summary judgment (Doc. 206 ). The new deadlines are as follows. Southern Properties response is due May 30, 2023. The Receivers reply is due June 20, 2023. (Ordered by Judge Brantley Starr on 5/15/2023) (chmb) (Entered: 05/15/2023) |
| 05/15/2023 | 235 | ORDER granting 133 Motion to Compel; denying 201 Motion for Leave to File A Sur-Reply. The Court ORDERS Barton to provide the following information, materials, and documents to the Receiver by the close of business (5pm central time) on the third calendar day from the date of this Order. If Barton fails to fully comply by providing all listed information, documents, and materials by the close of business (5pm central time) on the third calendar day from the date of this Order, the Receiver shall file a Notice describing all information and materials that have not been provided. Upon the filing of such Notice, sanctions in the amount of $500 per day will begin to accrue until such time as the Receiver files a Notice of Compliance indicating Barton's full compliance with this Order. (Ordered by Judge Brantley Starr on 5/15/2023) (ykp) (Entered: 05/15/2023) |
| 05/15/2023 | 236 | ORDER granting 210 Receiver's Motion to Approve Settlement Agreement with HNGH Turtle Creek, LLC.: The Court GRANTS the motion and APPROVES the Settlement Agreement, finding that it is fair and equitable and in the best interests of the Receivership Estate. Furthermore, the Court LIFTS THE STAY of In re 2999TC Acquisitions, LLC, Case No. 21-31954 in the U.S. Bankruptcy Court for the Northern District of Texas. the Court OVERRULES Barton's objection to the intended auction subject to the directions below, GRANTS the Receiver's motion, DENIES Barton's request for a |

RE-00038

hearing, and STRIKES Barton's request for a preliminary injunction. Within one (1) calendar day of the date of this Order, the Court ORDERS Barton to provide sworn statements attesting to his ownership of the specific items he claims are his personal property. (Ordered by Judge Brantley Starr on 5/15/2023) (ykp) (Entered: 05/15/2023)

| | | |
|---|---|---|
| 05/15/2023 | 237 | MOTION Second Quarterly Fee Application (1Q23) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 05/15/2023) |
| 05/15/2023 | 238 | Appendix in Support filed by Receiver re 237 MOTION Second Quarterly Fee Application (1Q23) (Thomas, Cort) (Entered: 05/15/2023) |
| 05/16/2023 | 239 | NOTICE OF INTERLOCUTORY APPEAL as to 202 Order to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13745208. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 05/16/2023) |
| 05/16/2023 | 240 | NOTICE OF INTERLOCUTORY APPEAL as to 236 Order Lifting Stay,,,, Terminate Motions,,, to the Fifth Circuit by Timothy Barton. Filing fee $505, receipt number ATXNDC-13745223. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 05/16/2023) |
| 05/22/2023 | | USCA Case Number 23-10515 in USCA5 for 239 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 05/22/2023) |
| 05/23/2023 | 241 | Transcript Order Form: re 239 Notice of Appeal,,,, transcript requested by Timothy Barton for Hearing held 3/20/23 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 05/23/2023) |

RE-00039

23-11237.39

| 05/23/2023 | 242 | Transcript Order Form: re 240 Notice of Appeal,,,, transcript not requested Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 05/23/2023) |
|---|---|---|
| 05/23/2023 | | USCA Case Number 23-10516 in USCA5 for 240 Notice of Appeal filed by Timothy Barton. (svc) (Entered: 05/23/2023) |
| 05/24/2023 | 243 | NOTICE of *Non-Compliance with Order* re: 235 Order filed by Receiver. (Wells, Tim) Modified text on 5/24/2023 (sxf). (Entered: 05/24/2023) |
| 05/24/2023 | 244 | Appendix in Support filed by Receiver re 243 Notice (Other) *of Non-Compliance with Order 235* (Wells, Tim) (Entered: 05/24/2023) |
| 05/25/2023 | 245 | MOTION to Intervene and MOTION to Lift Stay filed by First Development Company of Ohio, LLC with Brief/Memorandum in Support. (Attachments: # 1 Appendix, # 2 Proposed Order). Party First Development Company of Ohio, LLC added.Attorney Jonathan Alexander Gitlin added to party First Development Company of Ohio, LLC(pty:intv) (Gitlin, Jonathan). Added MOTION to Lift Stay on 5/25/2023 (twd). (Entered: 05/25/2023) |
| 05/25/2023 | 246 | ORDER of USCA as to 239 Notice of Appeal filed by Timothy Barton. Denying Motion to intervene without prejudice to Movant's right to properly file an amicus brief if he so chooses filed by Cortney Christopher Thomas in 23-10515; denying Motion to dismiss appeal for lack of jurisdiction; denied as moot motion for expedited ruling on motion. (svc) (Entered: 05/25/2023) |
| 05/30/2023 | 247 | Brief/Memorandum in Support filed by Southern Properties Capital Ltd re 254 Response to Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* (Norman, Brian) Modified text and linkage on 5/31/2023 (axm). (Entered: 05/30/2023) |
| 05/30/2023 | 248 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 1* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 249 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 2* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 250 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 3* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 251 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 4* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 252 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 5* (Norman, Brian) (Entered: 05/30/2023) |

| Date | No. | Description |
|---|---|---|
| 05/30/2023 | 253 | Appendix in Support filed by Southern Properties Capital Ltd re 247 Brief/Memorandum in Support of Motion, *Volume 6* (Norman, Brian) (Entered: 05/30/2023) |
| 05/30/2023 | 254 | RESPONSE filed by Southern Properties Capital Ltd re: 206 Motion for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Properties*. (Norman, Brian) Modified text and linkage on 5/31/2023 (axm). (Entered: 05/30/2023) |
| 06/02/2023 | 255 | NOTICE of *Certification Regarding Use of Artificial Intelligence* filed by Southern Properties Capital Ltd (Norman, Brian) (Entered: 06/02/2023) |
| 06/05/2023 | 256 | RESPONSE AND OBJECTION filed by Timothy Barton re: 237 MOTION Second Quarterly Fee Application (1Q23) (Edney, Michael) (Entered: 06/05/2023) |
| 06/06/2023 | | Record on Appeal for USCA5 23-10516 (related to 239 , 240 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 2 Volume(s) electronic transcript,. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (mcrd) (Entered: 06/06/2023) |
| 06/08/2023 | 257 | Notice of Filing of Official Electronic Transcript of Appointment of Appraiser, et al. Proceedings held on 03-20-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (40 pages) Redaction Request due 6/29/2023. Redacted Transcript Deadline set for 7/10/2023. Release of Transcript Restriction set for 9/6/2023. (kaw) Modified on 6/8/2023 (chmb). (Main Document 257 replaced on 6/8/2023) (cfk). (Entered: 06/08/2023) |
| 06/08/2023 | 258 | Electronic Standing Order - If they have not already done so, all attorneys appearing in this case must file a Certificate Regarding Judge-Specific Requirements on the docket attesting that they have read, and will comply with, the judge-specific requirements for this Court, |

including the Court's order concerning generative artificial intelligence. The judge-specific requirements and a template Certificate may be found at: Certificate Regarding Judge-Specific Requirements. To file the Certificate, please use the event entitled Certificate Regarding Judge-Specific Requirements. This event is located in the Other Documents selection, which is under the Other Filings category of the Civil page in ECF. Please contact the ECF help desk at 214-753-2633 for filing assistance. (Ordered by Judge Brantley Starr on 6/8/2023) (twd) (Entered: 06/08/2023)

| 06/08/2023 | 259 | Certificate Regarding Judge-Specific Requirements. (Buchholz, Robert) (Entered: 06/08/2023) |
|---|---|---|
| 06/08/2023 | 260 | Certificate Regarding Judge-Specific Requirements. (Bernstein, Keefe) (Entered: 06/08/2023) |
| 06/08/2023 | 261 | Certificate Regarding Judge-Specific Requirements. (Reece, David) (Entered: 06/08/2023) |
| 06/08/2023 | 262 | Certificate Regarding Judge-Specific Requirements. (Shavin, Eliot) (Entered: 06/08/2023) |
| 06/08/2023 | 263 | Certificate Regarding Judge-Specific Requirements. (Fullington, Ian) (Entered: 06/08/2023) |
| 06/08/2023 | 265 | ORDER of USCA: COURT ORDER denying without prejudice Motion for stay pending appeal filed by Appellant Mr. Timothy Barton. (svc) (Entered: 06/09/2023) |
| 06/08/2023 | 266 | Received letter from USCA5: NO COURT REPORTER ACKNOWLEDGMENT RECEIVED for Ms. Kelli Ann Willis. (svc) (Entered: 06/09/2023) |
| 06/09/2023 | 264 | Certificate Regarding Judge-Specific Requirements. (Heiskell, Michael) (Entered: 06/09/2023) |
| 06/09/2023 | 267 | MOTION for Extension of Time to File Response/Reply to 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver (Attachments: # 1 Proposed Order Proposed Order) (Koonce, Charlene) (Entered: 06/09/2023) |
| 06/09/2023 | 268 | Certificate Regarding Judge-Specific Requirements. (Thomas, Cort) (Entered: 06/09/2023) |
| 06/09/2023 | 269 | Certificate Regarding Judge-Specific Requirements. (Alexander, Daniel) (Entered: 06/09/2023) |
| 06/09/2023 | 270 | RESPONSE filed by Southern Properties Capital Ltd re: 267 MOTION for Extension of Time to File Response/Reply to 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receiversh (Norman, Brian) (Entered: 06/09/2023)* |
| 06/09/2023 | 271 | Certificate Regarding Judge-Specific Requirements. (Nealy Cox, Erin) (Entered: 06/09/2023) |

23-11237.42

| | | |
|---|---|---|
| 06/09/2023 | 272 | Certificate Regarding Judge-Specific Requirements. (Hicks, George) (Entered: 06/09/2023) |
| 06/09/2023 | 275 | ORDER of USCA as to 66 Notice of Appeal filed by Timothy Barton. Barton requests a stay of an event that already occurred by the time he filed his renewed motion, so his request for emergency relief is DENIED as moot. The remainder of his motion will be carried with the case. (svc) (Entered: 06/12/2023) |
| 06/10/2023 | 273 | ELECTRONIC ORDER granting 267 Motion to Extend Time to File Reply. The deadline for the Receiver's Reply is June 30, 2023. (Ordered by Judge Brantley Starr on 6/10/2023) (chmb) (Entered: 06/10/2023) |
| 06/11/2023 | 274 | Certificate Regarding Judge-Specific Requirements. (Gitlin, Jonathan) (Entered: 06/11/2023) |
| 06/12/2023 | 276 | Certificate Regarding Judge-Specific Requirements. (Patton, Jonathan) (Entered: 06/12/2023) |
| 06/12/2023 | 277 | Certificate Regarding Judge-Specific Requirements. (Patton, Jonathan) (Entered: 06/12/2023) |
| 06/12/2023 | 278 | Certificate Regarding Judge-Specific Requirements. (Chandler, Corinna) (Entered: 06/12/2023) |
| 06/12/2023 | 279 | Certificate Regarding Judge-Specific Requirements. (Etri, James) (Entered: 06/12/2023) |
| 06/12/2023 | 280 | Certificate Regarding Judge-Specific Requirements. (DeYoung, Kyle) (Entered: 06/12/2023) |
| 06/13/2023 | 281 | Certificate Regarding Judge-Specific Requirements. (Edney, Michael) (Entered: 06/13/2023) |
| 06/14/2023 | 282 | Certificate Regarding Judge-Specific Requirements. (Cooke, Christopher) (Entered: 06/14/2023) |
| 06/15/2023 | 283 | ***DISREGARD FILED IN ERROR per attorney***RESPONSE filed by Receiver re: 245 MOTION to InterveneMOTION to Lift Stay (Koonce, Charlene) Modified on 6/15/2023 (svc). (Entered: 06/15/2023) |
| 06/15/2023 | 284 | RESPONSE filed by Receiver re: 245 MOTION to InterveneMOTION to Lift Stay (Koonce, Charlene) (Entered: 06/15/2023) |
| 06/15/2023 | 285 | Appendix in Support filed by Receiver re 284 Response/Objection (Koonce, Charlene) (Entered: 06/15/2023) |
| 06/15/2023 | 286 | RESPONSE filed by Securities and Exchange Commission re: 245 MOTION to InterveneMOTION to Lift Stay (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 06/15/2023) |
| 06/19/2023 | 287 | ORDER granting 237 Motion for Second Quarterly Fee Application. (Ordered by Judge Brantley Starr on 6/19/2023) (chmb) (Entered: 06/19/2023) |
| 06/21/2023 | | Record on Appeal for USCA5 23-10515 (related to 239 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 3 Volume(s) electronic transcript. |

| | | |
|---|---|---|
| | | **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 06/21/2023) |
| 06/29/2023 | 288 | MOTION to Stay re 208 Appendix in Support,, 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Entities and Properties* filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 06/29/2023) |
| 06/29/2023 | 289 | RESPONSE filed by Southern Properties Capital Ltd re: 288 MOTION to Stay re 208 Appendix in Support,, 207 Brief in Support of Motion for Summary Judgment, 206 MOTION for Summary Judgment *Regarding Southern Properties Capital, Ltd.'s Claimed Ownership Interest in Certain Receivership Enti (Norman, Brian) (Entered: 06/29/2023)* |
| 06/29/2023 | 290 | ELECTRONIC ORDER granting 288 Motion to Stay Deadline. Due to the Fifth Circuit's opinion vacating the receivership order effective in 90 days, the Court STAYS the deadline for the Receiver's reply in support of his motion for summary judgment (Doc. 206 ). The Court will set a new deadline for this briefing in due course. (Ordered by Judge Brantley Starr on 6/29/2023) (chmb) (Entered: 06/29/2023) |
| 07/05/2023 | 291 | ELECTRONIC ORDER: The Fifth Circuit remanded to the Court for further proceedings in accordance with its most recent opinion in this case. In the interest of expediency, the Court ORDERS the parties to meet and confer and, by July 12, 2023, inform the Court whether they agree to proceed before a mandate issues from the Fifth Circuit. (Ordered by Judge Brantley Starr on 7/5/2023) (chmb) (Entered: 07/05/2023) |
| 07/12/2023 | 292 | Joint STATUS REPORT *of Defendant Barton and Plaintiff SEC in Response to this Court's July 5, 2023 Order* filed by Timothy Barton. (Edney, Michael) (Entered: 07/12/2023) |
| 07/16/2023 | 293 | ELECTRONIC ORDER: The Court has reviewed the parties Joint Status Report (Doc. 292 ), and because the parties have not consented to proceed before the mandate issues, the Court lacks jurisdiction to order the parties to proceed. Once the mandate issues, the Court intends to order the SEC to move for appointment of a receiver. Consistent with the Fifth Circuits opinion, the Court will require the SECs motion to (1) request appointment of a receiver under the factors set out in Netsphere, Inc. v. Baron, 703 F.3d 296, 305 (5th Cir. 2012); (2) request injunctive relief; and (3) provide a basis for the inclusion of entities in the receivership that complies with the Fifth Circuits standard, i.e., that |

| | | |
|---|---|---|
| | | limits the receivership to entities that received or benefitted from assets traceable to Bartons alleged fraudulent activities that are the subject of this litigation. That motion will be due within one week of the Fifth Circuits mandate issuing. The Court will set a briefing schedule for the motion once the mandate issues. (Ordered by Judge Brantley Starr on 7/16/2023) (chmb) (Entered: 07/16/2023) |
| 07/17/2023 | 294 | ORDER of USCA as to 240 Notice of Appeal filed by Timothy Barton. IT IS ORDERED that the appellee's opposed motion to dismiss the appeal is GRANTED. (svc) (Entered: 07/18/2023) |
| 07/18/2023 | 295 | Unopposed MOTION to Withdraw as Attorney filed by Timothy Barton (Huffman, Edwin) (Entered: 07/18/2023) |
| 07/19/2023 | 296 | ELECTRONIC ORDER granting 295 Motion to Withdraw as Attorney. (Ordered by Judge Brantley Starr on 7/19/2023) (chmb) (Entered: 07/19/2023) |
| 07/19/2023 | 297 | Unopposed MOTION to Withdraw as Attorney *as to David B. Reece* filed by Securities and Exchange Commission (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 07/19/2023) |
| 07/20/2023 | 298 | ELECTRONIC ORDER granting 297 Motion to Withdraw as Attorney. (Ordered by Judge Brantley Starr on 7/20/2023) (chmb) (Entered: 07/20/2023) |
| 07/31/2023 | 299 | STATUS REPORT *Fourth Quarterly Report of Receiver (2Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 07/31/2023) |
| 08/14/2023 | 300 | MOTION Third Quarterly Fee Application (2Q23) filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 08/14/2023) |
| 08/14/2023 | 301 | Appendix in Support filed by Receiver re 300 MOTION Third Quarterly Fee Application (2Q23) (Thomas, Cort) (Entered: 08/14/2023) |
| 08/22/2023 | 302 | NOTICE of Attorney Appearance by Patrick Joseph Schurr on behalf of Texas Republic Bank, N.A.. (Filer confirms contact info in ECF is current.) (Schurr, Patrick) (Entered: 08/22/2023) |
| 08/22/2023 | 303 | Certificate Regarding Judge-Specific Requirements. (Schurr, Patrick) (Entered: 08/22/2023) |
| 08/31/2023 | 304 | ORDER of USCA as to 66 Notice of Appeal filed by Timothy Barton. The Court VACATE the district court's order appointing a receiver effective 90 days from the issuance of this court's mandate and REMAND for further proceedings consistent with this opinion. We also GRANT in part Barton's motion for a partial stay pending appeal. (svc) (Entered: 08/31/2023) |
| 08/31/2023 | 305 | ELECTRONIC ORDER: The Court ORDERS the SEC to move for entry of a new receivership order by September 7, 2023, with a response due by September 28, 2023, and any reply due by October 5, 2023. Additionally, the Court ORDERS the Receiver to file by September 14, 2023 a declaration providing all information obtained since his |

RE-00045

| | | |
|---|---|---|
| | | appointment that he believes is relevant to the Courts consideration of a proposed new receivership order, or anything else he believes will assist the Court or help inform the Courts deliberation on this matter. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb) (Entered: 08/31/2023) |
| 08/31/2023 | 306 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE all pending motions in this case. Parties may refile all such motions after the Court resolves the SEC's motion for entry of a new receivership order. (Ordered by Judge Brantley Starr on 8/31/2023) (chmb) (Entered: 08/31/2023) |
| 09/05/2023 | 307 | NOTICE of Attorney Appearance by Russell W Mills on behalf of McCormick 101, LLC. (Filer confirms contact info in ECF is current.). Party McCormick 101, LLC added. (Mills, Russell) (Entered: 09/05/2023) |
| 09/05/2023 | 308 | DECLARATION AND INTERIM REPORT filed by Receiver. (Thomas, Cort) Modified title on 9/10/2023 (axm). (Entered: 09/05/2023) |
| 09/07/2023 | 309 | MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission with Brief/Memorandum in Support re 305 Order. (Attachments: # 1 Proposed Order For Appointment of A Receiver, # 2 Proposed Order Preliminary Injunction) (Bernstein, Keefe) (Entered: 09/07/2023) |
| 09/07/2023 | 310 | Appendix in Support filed by Securities and Exchange Commission re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. (Attachments: # 1 Declaration(s) Supp. App001-004, # 2 Exhibit(s) A Supp. App005-010, # 3 Exhibit(s) B Supp. App011-012) (Bernstein, Keefe) (Entered: 09/07/2023) |
| 09/12/2023 | 311 | MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief filed by McCormick 101, LLC (Attachments: # 1 Proposed Order Order Granting Motion for Lifting Stay) (Mills, Russell) (Entered: 09/12/2023) |
| 09/12/2023 | 312 | Appendix in Support filed by McCormick 101, LLC re 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Mills, Russell) (Entered: 09/12/2023) |
| 09/12/2023 | 313 | Certificate Regarding Judge-Specific Requirements. (Mills, Russell) (Entered: 09/12/2023) |
| 09/26/2023 | 314 | MOTION for Extension of Time to File Response/Reply to 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 09/26/2023) |
| 09/27/2023 | 315 | ELECTRONIC ORDER granting in part and denying in part 314 Motion to Extend Time to File Response/Reply. The Court ORDERS expedited briefing. The Court ORDERS that Defendant's Response is due by |

RE-00046

23-11237.46

| | | |
|---|---|---|
| | | October 2, 2023. Any Reply is due by October 9, 2023. The Court will hold a hearing on the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose on October 11, 2023 at 2:00 PM. Further details will be provided. (Ordered by Judge Brantley Starr on 9/27/2023) (chmb) (Entered: 09/27/2023) |
| 09/27/2023 | | Hearing/Deadline Modification: Deadlines/hearings terminated and reset per 315 Order on Motion to Extend Time to File Response/Reply. Responses due by 10/2/2023. Replies due by 10/9/2023. Motion Hearing set for 10/11/2023 02:00 PM before Judge Brantley Starr. (oyh) (Entered: 09/28/2023) |
| 09/28/2023 | 316 | RESPONSE AND OBJECTION filed by Receiver re: 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Koonce, Charlene) (Entered: 09/28/2023) |
| 09/28/2023 | 317 | Appendix in Support filed by Receiver re 316 Response/Objection (Koonce, Charlene) (Entered: 09/28/2023) |
| 09/28/2023 | 318 | NOTICE of Attorney Appearance by Ryan Eric Chapple on behalf of Serena Badgley. (Filer confirms contact info in ECF is current.). Party Serena Badgley added. (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 319 | Certificate Regarding Judge-Specific Requirements. (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 320 | OBJECTION filed by Serena Badgley re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Attachments: # 1 Exhibit(s) Exhibit A, # 2 Exhibit(s) Exhibit B, # 3 Exhibit(s) Exhibit C, # 4 Exhibit(s) Exhibit D, # 5 Exhibit(s) Exhibit E) (Chapple, Ryan) (Entered: 09/28/2023) |
| 09/28/2023 | 321 | MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Stay filed by McCormick 101, LLC with Brief/Memorandum in Support re 29 Order. (Walraven, Gwen) Modified text on 10/3/2023 (axm). (Entered: 09/28/2023) |
| 09/28/2023 | 322 | Appendix in Support filed by McCormick 101, LLC re 321 MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Stay. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Proposed Order) (Walraven, Gwen) (Entered: 09/28/2023) |
| 09/29/2023 | 323 | ELECTRONIC ORDER: The hearing for the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose will begin at 1:30 p.m. on October 11, 2023. The Court will allot 1.5 hours to the SEC and 1.5 hours to Barton for examining witnesses. Witness lists are due October 6, 2023. The Court will rely on the parties' papers for legal arguments. (Ordered by Judge Brantley Starr on 9/29/2023) (chmb) (Entered: 09/29/2023) |
| 09/29/2023 | 324 | |

| | | |
|---|---|---|
| | | RESPONSE filed by Securities and Exchange Commission re: 311 MOTION Lifting of Stay; Exception from Order Appointing Receiver; or Adequate Protection re 29 Order on Motion for Miscellaneous Relief (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 09/29/2023) |
| 09/29/2023 | 325 | RESPONSE filed by Securities and Exchange Commission re: 321 MOTION to Stay re 29 Order on Motion for Miscellaneous Relief *Motion of McCormick 101, LLC for (1) Clarification of the Scope of Order Appointing Receiver [Doc 29] Or (2) in the Alternative, Motion for Order Uplifting Stay* . (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 09/29/2023) |
| 10/02/2023 | 326 | RESPONSE filed by Maximilien Barton, Gillespie Villas LLC, MXBA LLC, TRTX Properties LLC, Titan Investments LLC, Venus59 LLC re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Cooke, Christopher) (Entered: 10/02/2023) |
| 10/02/2023 | 327 | MOTION to Intervene *and Request to Present Witness at Hearing on SEC's Motion, or, in the Alternative, Request to File Amicus Brief* filed by Southern Properties Capital Ltd with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Norman, Brian) Modified on 10/9/2023 (axm). (Entered: 10/02/2023) |
| 10/02/2023 | 328 | Unopposed MOTION for Extension of Page Limit filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/02/2023) |
| 10/02/2023 | 329 | RESPONSE filed by Southern Properties Capital Ltd re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 330 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 1* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 331 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 2* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 332 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 3* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 333 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 4* (Norman, Brian) (Entered: 10/02/2023) |
| 10/02/2023 | 334 | RESPONSE AND OBJECTION filed by Timothy Barton re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Edney, Michael) (Entered: 10/02/2023) |
| 10/02/2023 | 335 | Appendix in Support filed by Timothy Barton re 334 Response/Objection *Response to MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose* (Edney, Michael) (Entered: 10/02/2023) |

| 10/03/2023 | 336 | Appendix in Support filed by Southern Properties Capital Ltd re 329 Response/Objection *Volume 5* (Norman, Brian) (Entered: 10/03/2023) |
|---|---|---|
| 10/04/2023 | 337 | ELECTRONIC ORDER: The Court GRANTS 328 Defendant Barton's Unopposed Motion for Extension of Page Limit. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 10/4/2023) (chmb) (Entered: 10/04/2023) |
| 10/04/2023 | 338 | Appendix in Support filed by Serena Badgley re 320 Response/Objection, (Attachments: # 1 Exhibit(s), # 2 Exhibit(s), # 3 Exhibit(s), # 4 Exhibit(s), # 5 Exhibit(s)) (Chapple, Ryan) (Entered: 10/04/2023) |
| 10/04/2023 | 339 | (SUPPLEMENTAL) RESPONSE AND OBJECTION filed by Timothy Barton re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose *(with Tables and Appendix citations)*. (Edney, Michael) Modified text and linkage on 10/4/2023 (axm). (Entered: 10/04/2023) |
| 10/04/2023 | 340 | Appendix in Support filed by Timothy Barton re 339 (Supplemental) RESPONSE AND OBJECTION to Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. (Edney, Michael) Modified text and linkage on 10/4/2023 (axm). (Entered: 10/04/2023) |
| 10/05/2023 | 341 | MOTION to Exceed Page Limits in its Reply in Support of its Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 10/05/2023) |
| 10/05/2023 | 342 | ELECTRONIC ORDER: The Court GRANTS 341 Plaintiff SEC's Unopposed Motion for Extension of Page Limit. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/05/2023 | 343 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE 327 Southern Properties Capital, Ltd.'s Motion for Intervention, Request to Present a Witness at Hearing on SEC's Motion, and, in, the Alternative, Request to File Amicus Brief, and Brief in Support. As the Court previously held at 306 , SPC may refile its motion after the Court resolves the SEC's motion for entry of a new receivership order. Only the SEC and Barton will have time to present witnesses at the hearing. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/05/2023 | 344 | ELECTRONIC ORDER: The hearing for the 309 Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose will now begin at 1:00 PM on October 11, 2023. The SEC and Barton will still have the allotted 1.5 hours each for examining witnesses. (Ordered by Judge Brantley Starr on 10/5/2023) (chmb) (Entered: 10/05/2023) |
| 10/06/2023 | 345 | RESPONSE filed by Receiver re: 321 MOTION for Clarification of the Scope of Order Appointing Receiver or, in the Alternative, Motion for Order Lifting Sta (Koonce, Charlene) (Entered: 10/06/2023) |

| 10/06/2023 | 346 | Witness List by Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/06/2023) |
|---|---|---|
| 10/06/2023 | 347 | NOTICE of Attorney Appearance by Tina Quy Phi Nguyen on behalf of Pioneer Finance, Inc.. (Filer confirms contact info in ECF is current.) (Nguyen, Tina) (Entered: 10/06/2023) |
| 10/06/2023 | 348 | MOTION to Intervene filed by Pioneer Finance, Inc. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Proposed Order) (Nguyen, Tina) (Entered: 10/06/2023) |
| 10/06/2023 | 349 | MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief filed by Pioneer Finance, Inc. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C, # 4 Exhibit(s) D, # 5 Exhibit(s) E, # 6 Exhibit(s) F, # 7 Exhibit(s) G, # 8 Proposed Order) (Nguyen, Tina) (Entered: 10/06/2023) |
| 10/06/2023 | 350 | Witness List by Timothy Barton. (Edney, Michael) (Entered: 10/06/2023) |
| 10/09/2023 | 351 | MOTION to Quash *OR, IN THE ALTERNATIVE*, MOTION in Limine () filed by Timothy Barton with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 10/09/2023) |
| 10/09/2023 | 352 | REPLY filed by Securities and Exchange Commission re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Bernstein, Keefe) (Entered: 10/09/2023) |
| 10/10/2023 | 353 | MOTION FOR ORAL ARGUMENT filed by Timothy Barton (Edney, Michael) (Entered: 10/10/2023) |
| 10/10/2023 | 354 | ELECTRONIC ORDER granting Barton's Motion to Quash 351 . (Ordered by Judge Brantley Starr on 10/10/2023) (chmb) (Entered: 10/10/2023) |
| 10/11/2023 | 355 | NOTICE of *Status to the Court* re: 338 Appendix in Support, 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose, 320 Response/Objection, filed by Serena Badgley (Chapple, Ryan) (Entered: 10/11/2023) |
| 10/11/2023 | 356 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 10/11/2023. Re: 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney, Roger Gibson; Receivers - Cort Thomas, Charlene Koonce; Tim Wells (Court Reporter: Kelli Ann Willis) (Exhibits admitted - returned to party) Time in Court - 3:50. (chmb) (Entered: 10/11/2023) |
| 10/12/2023 | 357 | NOTICE of Attorney Appearance by Lindsay Lombard Buchanan on behalf of Pioneer Finance, Inc.. (Filer confirms contact info in ECF is |

| | | current.) (Buchanan, Lindsay) (Entered: 10/12/2023) |
|---|---|---|
| 10/12/2023 | 358 | MOTION for Hearing *Regarding Venus59 LLC* filed by Daniel Crow. (axm) (Entered: 10/12/2023) |
| 10/12/2023 | 360 | JUDGMENT/MANDATE of USCA as to 239 Notice of Appeal filed by Timothy Barton. The appellee's opposed motion to dismiss the appeal is GRANTED for the reason that the appeal is moot in light of the decision in No. 22-11132. Issued as Mandate: 10/12/2023. (axm) (Entered: 10/15/2023) |
| 10/13/2023 | 359 | Notice of Filing of Official Electronic Transcript of Motion for Appointment of Receiver Proceedings held on 10-11-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (215 pages) Redaction Request due 11/3/2023. Redacted Transcript Deadline set for 11/13/2023. Release of Transcript Restriction set for 1/11/2024. (kaw) (Entered: 10/13/2023) |
| 10/19/2023 | 361 | MOTION to Supplement the Record in Support of Its Motion for Appointment of A Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose filed by Securities and Exchange Commission with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order, # 2 Exhibit(s) A Part 1 of 4) (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 362 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 363 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 364 | ADDITIONAL ATTACHMENTS to 361 Motion for Miscellaneous Relief, by Plaintiff Securities and Exchange Commission. (Bernstein, Keefe) (Entered: 10/19/2023) |
| 10/19/2023 | 365 | RESPONSE *to Limited Objections to Motion for Appointment of Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose* filed by Receiver re: 320 Response/Objection, (Koonce, Charlene) Modified text on 10/22/2023 (axm). (Entered: 10/19/2023) |
| 10/20/2023 | 366 | MANDATE of USCA as to 240 Notice of Appeal, filed by Timothy Barton. The appellee's opposed motion to dismiss the appeal is |

RE-00051

| | | |
|---|---|---|
| | | GRANTED for the reason that the appeal is moot in light of the decision in No. 22-11132. Issued as Mandate: 10/20/2023. (axm) (Entered: 10/22/2023) |
| 10/24/2023 | 367 | Opinion of USCA in accordance with USCA judgment re 108 Notice of Appeal filed by Timothy Barton. We DISMISS this appeal as MOOT. (axm) (Entered: 10/25/2023) |
| 10/24/2023 | 368 | JUDGMENT/MANDATE of USCA as to 108 Notice of Appeal filed by Timothy Barton. The appeal is DISMISSED as moot. Issued as Mandate: 10/24/2023. (axm) (Entered: 10/25/2023) |
| 10/27/2023 | 369 | RESPONSE AND OBJECTION filed by Securities and Exchange Commission re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Attachments: # 1 Proposed Order) (Bernstein, Keefe) (Entered: 10/27/2023) |
| 10/27/2023 | 370 | RESPONSE filed by Receiver re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Koonce, Charlene) (Entered: 10/27/2023) |
| 10/27/2023 | 371 | Appendix in Support filed by Receiver re 370 Response/Objection (Koonce, Charlene) (Entered: 10/27/2023) |
| 10/27/2023 | 372 | Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* filed by Receiver. (Koonce, Charlene) Modified title on 11/9/2023 (axm). (Entered: 10/27/2023) |
| 10/30/2023 | 373 | STATUS REPORT *Fifth Quarterly Status Report of Receiver (3Q23)* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 10/30/2023) |
| 11/01/2023 | 374 | Expedited MOTION to Ratify Orders Appointing Appraisers, *Approving Appraisals and Approving Sale of Real Estate* filed by Receiver. (Attachments: # 1 Proposed Order) (Koonce, Charlene) Modified on 11/9/2023 (axm). (Entered: 11/01/2023) |
| 11/01/2023 | 375 | Appendix in Support filed by Receiver re 374 Expedited MOTION to Ratify Orders Appointing Appraisers, *Approving Appraisals and Approving Sale of Real Estate*. (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 376 | MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 377 | Appendix in Support filed by Receiver re 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 378 | MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay |

| | | |
|---|---|---|
| | | Accrual of Interest filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/01/2023 | 379 | Appendix in Support filed by Receiver re 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Koonce, Charlene) (Entered: 11/01/2023) |
| 11/02/2023 | 380 | RESPONSE AND OBJECTION filed by Receiver re: 358 MOTION for Hearing (Koonce, Charlene) (Entered: 11/02/2023) |
| 11/03/2023 | 381 | ELECTRONIC ORDER: The Court ORDERS an expedited response to the SEC's Motion to Supplement the Record [Doc. 361]. Any response must be filed by November 6, 2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) (Entered: 11/03/2023) |
| 11/03/2023 | 382 | ELECTRONIC ORDER: The Court ORDERS an expedited response to the Receiver's ratifying motions [Docs. 372 , 374 , 376 , and 378 . Any response must be filed by 11/10/2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) Docket text modified on 11/3/2023 (twd). (Entered: 11/03/2023) |
| 11/03/2023 | 383 | REPLY filed by Pioneer Finance, Inc. re: 349 MOTION to Lift Stay and for Exception from the Court's Order Appointing Receiver (Dkt. 29) re 29 Order on Motion for Miscellaneous Relief, 348 MOTION to Intervene (Attachments: # 1 Exhibit(s) A) (Nguyen, Tina) (Entered: 11/03/2023) |
| 11/03/2023 | 384 | MOTION for Extension of Time to File Fourth Quarterly Fee Application filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 11/03/2023) |
| 11/03/2023 | 385 | ELECTRONIC ORDER: Regarding the Southern Properties Capital, Ltd. testimony, the Court ADMITS the Erik Johnson Declaration [Doc. 330 at 4-25] into evidence as Defense Exhibit F. Any response must be filed by November 10, 2023. (Ordered by Judge Brantley Starr on 11/3/2023) (chmb) (Entered: 11/03/2023) |
| 11/06/2023 | 386 | RESPONSE AND OBJECTION filed by Timothy Barton re: 361 MOTION to Supplement the Record in Support of Its Motion for Appointment of A Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose re 309 MOTION for Appointment of a Receiver, for a Preliminary Injunctio (Edney, Michael) (Entered: 11/06/2023) |
| 11/08/2023 | 387 | MOTION for Extension of Time to File Response/Reply to 372 MOTION Ratify previous Actions of Receiver filed by Timothy Barton (Attachments: # 1 Proposed Order) (Edney, Michael) (Entered: 11/08/2023) |
| 11/09/2023 | 388 | ELECTRONIC ORDER: The Court DENIES Barton's extension motion to respond to the Receiver's ratifying motions. [Doc. 387] The Court has set an expedited briefing schedule for a reason. The Court is under a tight timeline to resolve the SEC's appointment of a receivership, and this schedule is warranted so the Court has time to decide the issues before it. And Barton objected to the Court ordering briefing before the |

RE-00053

<span style="color:red">23-11237.53</span>

| | | |
|---|---|---|
| | | mandate issued, so this timeline is a product of Barton. Accordingly, the Court will be sticking to its expedited briefing schedule. (Ordered by Judge Brantley Starr on 11/9/2023) (chmb) (Entered: 11/09/2023) |
| 11/09/2023 | 389 | ELECTRONIC ORDER: The Court must expeditiously resolve the questions of whether there is a receivership, the scope if there is one, and ratification of past actions. Any payment of receivership fees is a separate matter not falling under the Fifth Circuit's deadline. Accordingly, the Court GRANTS the Receiver's request for an extension to file the fourth quarterly report. [Doc. 384] (Ordered by Judge Brantley Starr on 11/9/2023) (chmb) (Entered: 11/09/2023) |
| 11/10/2023 | 390 | Proposed Findings of Fact *in Support of its Motion for Appointment of Receiver, for a Preliminary Injunction and Ancillary Relief and to Lift Stay for Limited Purpose* by Securities and Exchange Commission. (Bernstein, Keefe) Modified text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/10/2023 | 391 | Certificate Regarding Judge-Specific Requirements. (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 392 | Joint STIPULATION *and Agreed Order Regarding Receiver's Verified and Expedited Motion to (I) Ratify Order Appointing Appraisers, Approving Appraisals and Approving Sale of Real Estate as Required by 28 U.S.C. 2001 With Respect to the Rock Creek Property, (II) Authorize the Sale Free and Clear of All Liens, and (III) Stay Accrual of Post-Receivership Default Rate Interest* by Receiver. (Koonce, Charlene) (Entered: 11/10/2023) |
| 11/10/2023 | 393 | RESPONSE AND OBJECTION filed by Texas Republic Bank, N.A. re: 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Schurr, Patrick) (Entered: 11/10/2023) |
| 11/10/2023 | 394 | Certificate Regarding Judge-Specific Requirements. (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 395 | OBJECTION filed by McCormick 101, LLC re: 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Walraven, Gwen) (Entered: 11/10/2023) |
| 11/10/2023 | 396 | Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC filed by Receiver re: 29 Order, 62 Order. (Attachments: # 1 Proposed Order) (Koonce, Charlene) Modified text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/10/2023 | 397 | RESPONSE filed by Timothy Barton re: 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* (Edney, Michael) (Entered: 11/10/2023) |
| 11/10/2023 | 398 | Brief in Support of Proposed Findings of Fact and Conclusion of Law by Timothy Barton. (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/10/2023) |
| 11/11/2023 | 399 | |

| | | |
|---|---|---|
| | | Proposed Findings of Fact *and Conclusions of Law and Proposed Order* by Timothy Barton. (Edney, Michael) (Entered: 11/11/2023) |
| 11/11/2023 | 400 | Brief/Memorandum in Support filed by Timothy Barton re: 399 Proposed Findings of Fact. (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/11/2023) |
| 11/11/2023 | 401 | Brief/Memorandum in Support filed by Timothy Barton re 400 Proposed Findings of Fact (Edney, Michael) Modified event text on 12/3/2023 (axm). (Entered: 11/11/2023) |
| 11/11/2023 | 402 | MOTION for Leave to File Corrected Memorandum filed by Timothy Barton (Edney, Michael) (Entered: 11/11/2023) |
| 11/13/2023 | 403 | ELECTRONIC ORDER: Barton filed his proposed findings of fact and accompanying legal arguments late. The Court will GRANT Barton's motion for leave (Doc. 402) and will consider (Doc. 400) as Barton's proposed findings of fact and conclusions of law, though it seems to the Court that (Doc. 401) is identical to (Doc. 400). (Ordered by Judge Brantley Starr on 11/13/2023) (chmb) (Entered: 11/13/2023) |
| 11/14/2023 | 404 | AMENDED CERTIFICATE of Conference re 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* by Receiver. (Koonce, Charlene) Modified event text on 12/3/2023 (axm). (Entered: 11/14/2023) |
| 11/14/2023 | 405 | RESPONSE AND OBJECTION filed by Timothy Barton re: 396 Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC. (Edney, Michael) Modified text on 12/3/2023 (axm). (Entered: 11/14/2023) |
| 11/15/2023 | 406 | ORDER GRANTING SECS 361 MOTION TO SUPPLEMENT THE RECORD. (Ordered by Judge Brantley Starr on 11/15/2023) (oyh) (Entered: 11/15/2023) |
| 11/15/2023 | 407 | Corrected RESPONSE AND OBJECTIONS filed by Timothy Barton re: 396 Expedited MOTION to Amend Order Supplementing Receivership Order and notice of Supplemental Information Regarding Myra Park 635 LLC. (Edney, Michael) Modified event text and linkage on 12/3/2023 (axm). (Entered: 11/15/2023) |
| 11/16/2023 | 408 | REPLY filed by Receiver re: 372 Expedited MOTION to Approve, Ratify and Adopt *and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order* (Koonce, Charlene) (Entered: 11/16/2023) |
| 11/16/2023 | 409 | Joint STIPULATION by McCormick 101, LLC, Receiver. (Koonce, Charlene) (Entered: 11/16/2023) |
| 11/17/2023 | 410 | REPLY filed by Receiver re: 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Carrillo, C) (Entered: 11/17/2023) |
| 11/20/2023 | 411 | Sur-reply filed by Texas Republic Bank, N.A. re: 376 MOTION Ratify |

RE-00055

| | | |
|---|---|---|
| | | Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Attachments: # 1 Exhibit(s), # 2 Exhibit(s)) (Schurr, Patrick) (Entered: 11/20/2023) |
| 11/21/2023 | 412 | Unopposed MOTION for Leave to File Sur-Reply Nunc Pro Tunc filed by Texas Republic Bank, N.A. (Attachments: # 1 Proposed Order) (Schurr, Patrick) (Entered: 11/21/2023) |
| 11/22/2023 | 413 | Unopposed MOTION to Intervene *with regard to the sale of the Frisco Gate Property Only* filed by Texas Republic Bank, N.A. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Schurr, Patrick) (Entered: 11/22/2023) |
| 11/27/2023 | 414 | Unopposed MOTION to Intervene *On a Limited Basis Regarding the Sale of the Frisco Gate Property Only* filed by Palisades-TC, LLC with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Patton, Jonathan) (Entered: 11/27/2023) |
| 11/29/2023 | 415 | ORDER: The Court finds that Myra Park 635, LLC is exempted from any prior order based on the Receivers motion regarding Myra Park 635, LLC. (Doc. 396 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) Modified text on 11/29/2023 (ndt). (Entered: 11/29/2023) |
| 11/29/2023 | 416 | ORDER: The Court GRANTS IN PART the SEC's motion. (Doc. 309 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 417 | ORDER: The Court enters the attached Order Appointing Receiver. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 418 | ORDER: The Court GRANTS IN PART the SEC's motion for a preliminary injunction and ancillary relief and to lift the stay. (Doc. 309 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 419 | ORDER: The Court GRANTS IN PART the Receiver's blessing motion. (Doc. 372 ). (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 420 | ORDER: The Court CONSTRUES the Receiver's ratifying motions (Docs. 374 , 376 , and 378 ) as motions to appoint appraisers, approve appraisals, and set hearings for the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. The Court sets hearings on these three motions on December 11, 2023 at 1:30 p.m. The Court also ORDERS expedited briefing. Any response is due by December 6, 2023. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | 421 | ELECTRONIC ORDER: The Court DENIES WITHOUT PREJUDICE all pending motions in this case. Parties may refile all such motions now that the Court has resolved the SEC's motion for entry of a new receivership order. (Ordered by Judge Brantley Starr on 11/29/2023) (chmb) (Entered: 11/29/2023) |
| 11/29/2023 | | |

RE-00056

| | | |
|---|---|---|
| | | Hearing Modification: Hearing set per 420 Order. Motion Hearing set for 12/11/2023 01:30 PM before Judge Brantley Starr. (oyh) (Entered: 11/30/2023) |
| 12/01/2023 | 422 | Unopposed MOTION to Continue *Hearing* filed by Timothy Barton (Edney, Michael) (Entered: 12/01/2023) |
| 12/04/2023 | 423 | ELECTRONIC ORDER: The Court GRANTS Barton's unopposed Motion to Continue Hearing. (Doc. 422 ). The hearings on the Receiver's motions to appoint appraisers, approve appraisals, and set hearings for the sales of the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites will be held on December 14, 2023 at 1:30 p.m. (Ordered by Judge Brantley Starr on 12/4/2023) (chmb) (Entered: 12/04/2023) |
| 12/04/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:415,416,417,418,419,420. Mon Dec 4 18:08:04 CST 2023 (crt) (Entered: 12/04/2023) |
| 12/04/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:415,416,417,418,419,420. Mon Dec 4 18:08:14 CST 2023 (crt) (Entered: 12/04/2023) |
| 12/04/2023 | | Hearing/Deadline Modification: Motion Hearing reset for 12/14/2023 at 01:30 PM before Judge Brantley Starr. (Per 423 Electronic Order.) (twd) (Entered: 12/05/2023) |
| 12/05/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:421,423. Tue Dec 5 09:13:00 CST 2023 (crt) (Entered: 12/05/2023) |
| 12/05/2023 | 424 | Unopposed MOTION to Amend the Preliminary Injunction and Receivership Orders filed by Timothy Barton re: 417 Order, 418 Order. (Attachments: # 1 Proposed Order) (Edney, Michael) Modified on 12/26/2023 (axm). (Entered: 12/05/2023) |
| 12/06/2023 | 425 | RESPONSE AND OBJECTION *to Receiver's 110 Motion for Appointment of APpraisers, Approval of Appraisals and a Hearing Regarding Approval of Sale of Frisco Gate Property* filed by Texas Republic Bank NA re: 420 Order. (Schurr, Patrick) Modified text on 12/21/2023 (axm). (Entered: 12/06/2023) |
| 12/06/2023 | 426 | ***Duplicate Entry of # 425 *** RESPONSE AND OBJECTION filed by Texas Republic Bank NA re: 110 MOTION Receiver's Motion for Appointment of Appraisers, Approval of Appraisals of Frisco Gate Property and Setting Hearing Regarding Approval of Sale of Frisco Gate Property, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest (Schurr, Patrick) Modified on 12/21/2023 (axm). (Entered: 12/06/2023) |
| 12/06/2023 | 427 | ELECTRONIC ORDER: The Court GRANTS Barton's motion to amend deadlines (Doc. 424 ) in the Receivership Order and Preliminary Injunction Order. Accordingly, in the Receivership Order, the deadlines for the Receivership Entities to provide the Receiver a sworn statement (Doc. 417 at 12-13) and for Barton to serve on the Receiver a declaration (Doc. 417 at 15) are amended to forty-five days after the entry of the Receivership Order. In the Preliminary Injunction Order, the |

RE-00057

| | | |
|---|---|---|
| | | deadline for Barton to give a sworn accounting (Doc. 418 at 11) is amended to forty-five days after the entry of the Preliminary Injunction Order. (Ordered by Judge Brantley Starr on 12/6/2023) (chmb) (Entered: 12/06/2023) |
| 12/06/2023 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:427. Wed Dec 6 15:10:19 CST 2023 (crt) (Entered: 12/06/2023) |
| 12/06/2023 | 428 | OBJECTION filed by Timothy Barton re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers, *Approving Appraisals and Approving Sale of Real Estate*, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest (Edney, Michael) (Entered: 12/06/2023) |
| 12/07/2023 | 429 | NOTICE OF INTERLOCUTORY APPEAL as to 419 Order, 417 Order, 416 Order, 420 Order, 418 Order, 427 Order on Motion to Amend/Correct,, to the Fifth Circuit by Timothy Barton. Filing fee $605, receipt number ATXNDC-14227507. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/07/2023) |
| 12/12/2023 | 430 | Unopposed MOTION to Intervene *On a Limited Basis With Respect to the Frisco Gate Property* filed by Palisades-TC, LLC with Brief/Memorandum in Support. (Attachments: # 1 Proposed Order) (Patton, Jonathan) (Entered: 12/12/2023) |
| 12/12/2023 | 431 | MOTION for Leave to File to Exceed Page Limitation in Receiver's Reply to Consolidated Response filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Proposed Order) (Koonce, Charlene) (Entered: 12/12/2023) |
| 12/14/2023 | 432 | ELECTRONIC ORDER: Regarding the hearing on the Frisco Gate Property, the scope of the hearing is to determine if a sale of the Property is in the best interest of the Receivership, not to determine potential distribution of sale proceeds. The Court has received papers on Palisades's interest and Texas Republic Bank's default interest argument and will resolve those issues on the papers. (Ordered by Judge Brantley Starr on 12/14/2023) (chmb) (Entered: 12/14/2023) |
| 12/14/2023 | 433 | NOTICE of *Publication* re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers, *Approving Appraisals and Approving Sale of Real Estate*, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest filed by Receiver (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B) |

| | | |
|---|---:|---|
| | | (Thomas, Cort) (Entered: 12/14/2023) |
| 12/14/2023 | 434 | ELECTRONIC ORDER granting 431 Motion for Leave to File. (Unless the document has already been filed, clerk to enter the document as of the date of this order.) (Ordered by Judge Brantley Starr on 12/14/2023) (chmb) (Entered: 12/14/2023) |
| 12/14/2023 | 435 | REPLY to Defendant Timothy Barton's Consolidated Opposition to Receiver's Verified Motions for Authorization to Sell Three Receivership Properties filed by Receiver re: 374 Expedited MOTION to Ratify Orders Appointing Appraisers, 376 MOTION Ratify Frisco Gate Property Orders, Authorize Sale, and Stay Accrual of Interest, 378 MOTION Ratify the Amerigold Suites Orders, Authorize Sale, and Stay Accrual of Interest. (agc) (Entered: 12/14/2023) |
| 12/14/2023 | 439 | ELECTRONIC Minute Entry for proceedings held before Judge Brantley Starr: Motion Hearing held on 12/14/2023. Hearing on the Receiver's motions to appoint appraisers and approve appraisals sale of of the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. Attorney Appearances: Plaintiff - Keefe Bernstein; Defense - Michael Edney; Receiver - Cort Thomas, Charlene Koonce, Tim Wells; (Court Reporter: Kelli Ann Willis) (No exhibits) Time in Court - 1:15. (chmb) Modified filed date on 1/15/2024 (axm). (Entered: 12/18/2023) |
| 12/15/2023 | 436 | ORDER APPROVING SALE re: Amerigold Suites. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/15/2023 | 437 | ORDER APPROVING SALE re: Rock Creek Property. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/15/2023 | 438 | ORDER APPROVING SALE: The Court APPROVES the sale of the Frisco Gate Property. Before closing, the Court will address by subsequent ruling the interests of Texas Republic Bank, N.A. and Palisades-TC, LLC. (Ordered by Judge Brantley Starr on 12/15/2023) (axm) (Entered: 12/16/2023) |
| 12/17/2023 | | USCA Case Number 23-11237 in USCA5 for 429 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 12/17/2023) |
| 12/29/2023 | 440 | NOTICE OF INTERLOCUTORY APPEAL as to 438 Order on Motion to Intervene, 436 Order, 437 Order to the Fifth Circuit by Timothy Barton. Filing fee $605, receipt number ATXNDC-14277425. T.O. form to appellant electronically at Transcript Order Form or US Mail as appropriate. Copy of NOA to be sent US Mail to parties not electronically noticed. IMPORTANT ACTION REQUIRED: Provide an electronic copy of any exhibit you offered during a hearing or trial that was admitted into evidence to the clerk of the district court within 14 days of the date of this notice. Copies must be transmitted as PDF attachments through ECF by all ECF Users or delivered to the clerk on a CD by all non-ECF Users. See detailed instructions here. (Exception: This requirement does not apply to a pro se prisoner litigant.) Please note that if original exhibits are in your possession, you must maintain them through final disposition of the case. (Edney, Michael) (Entered: 12/29/2023) |

RE-00059

| 01/02/2024 | 441 | MOTION Permission to Abandon Certain Personal Property re 419 Order filed by Receiver with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s) A, # 2 Exhibit(s) B, # 3 Exhibit(s) C) (Koonce, Charlene) (Entered: 01/02/2024) |
|---|---|---|
| 01/02/2024 | 442 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 Exhibit(s) Part 1 of 5, # 2 Exhibit(s) Part 2 of 5) (Bernstein, Keefe) (Entered: 01/02/2024) |
| 01/02/2024 | 443 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Bernstein, Keefe) (Entered: 01/02/2024) |
| 01/02/2024 | 444 | Electronic Copy of Admitted Hearing or Trial Exhibit(s) re 429 Notice of Appeal filed by Securities and Exchange Commission. Exhibits are available for public inspection at the clerk's office. (Attachments: # 1 Exhibit(s) Part 5 of 5) (Bernstein, Keefe) (Entered: 01/02/2024) |
| 01/03/2024 | 445 | ELECTRONIC ORDER: The Court ORDERS expedited briefing on the Receiver's Motion for Permission to Abandon Certain Personal Property [Doc. 441]. Defendant's Response is due by January 4, 2024 at 12:00 p.m. (Ordered by Judge Brantley Starr on 1/3/2024) (chmb) (Entered: 01/03/2024) |
| 01/03/2024 | 446 | Unopposed MOTION to Withdraw as Attorney *Michael Dingman* filed by Timothy Barton (Attachments: # 1 Proposed Order) (Dingman, Michael) (Entered: 01/03/2024) |
| 01/03/2024 | 447 | NOTICE of *Withdrawal* re: 441 MOTION Permission to Abandon Certain Personal Property re 419 Order filed by Receiver (Koonce, Charlene) (Entered: 01/03/2024) |
| 01/04/2024 | 448 | ELECTRONIC ORDER: The Court MOOTS the Receiver's Motion for Permission to Abandon Certain Personal Property [Doc. 441] in light of the Receiver's Notice of Withdrawal [Doc. 447]. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/04/2024 | 449 | ELECTRONIC ORDER granting Motion to Withdraw as Attorney [Doc. 446]. Attorney Michael Dingman terminated. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/05/2024 | 450 | MOTION to Lift Litigation Stay of BM318 Bankruptcy Case re 417 Order filed by Receiver. (Carrillo, C) (Entered: 01/05/2024) |
| 01/05/2024 | | USCA Case Number 24-10004 in USCA5 for 440 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 01/05/2024) |
| 01/08/2024 | 451 | ORDER REGARDING THE FRISCO GATE PROPERTY. (Ordered by Judge Brantley Starr on 1/8/2024) (kaf) (Entered: 01/08/2024) |
| 01/08/2024 | 452 | Transcript Order Form: re 440 Notice of Appeal, transcript requested by Timothy Barton for Hearing 12/14/2023 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the |

RE-00060

| | | |
|---|---|---|
| | | estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/08/2024) |
| 01/12/2024 | 453 | NOTICE of Attorney Appearance by Deborah M Perry for Dennis L. Roossien, Jr. on behalf of The Dixon Water Foundation.. Party The Dixon Water Foundation added. (Perry, Deborah) (Entered: 01/12/2024) |
| 01/12/2024 | 454 | Certificate Regarding Judge-Specific Requirements. (Perry, Deborah) (Entered: 01/12/2024) |

# TAB 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § § | |
| CARNEGIE DEVELOPMENT, LLC | § | |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § § | |

### DEFENDANT TIMOTHY LYNCH BARTON'S NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendant Timothy Lynch Barton, by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit from the Court's five Orders entered on November 29, 2023, appointing a new receiver, setting the terms for that new receiver, and granting a preliminary injunction, among other things. (ECF Nos. 416, 417, 418, 419, and 420), as those Orders were amended by the Court on December 6, 2023 (ECF No. 427).

RE-00062

23-11237.15000

Dated: December 7, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On December 7, 2023 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

2

RE-00063

**23-11237.15001**

# TAB 3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants*, | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § | |

**MEMORANDUM OPINION AND ORDER**

The Securities and Exchange Commission ("SEC") accused Timothy Barton of committing securities fraud and sought a receivership. (Doc. 309). One year ago, the Court imposed one but used a standard for the receivership the Fifth Circuit later held to be incorrect (the *First Financial* standard). The Fifth Circuit held the correct standard to be the *Netsphere* standard. The Court now engages in the analysis it

1

RE-00064

23-11237.14768

should have done the first time, determines a receivership should exist, and determines its scope under the Fifth Circuit standard as set forth below. Accordingly, the Court **GRANTS IN PART** the SEC's motion.[1]

## I.   Background

The SEC alleges in its complaint that Timothy Barton, a Texas-based real-estate developer, defrauded over 100 Chinese investors of over $26 million through supposed real-estate investments in Texas.[2]   Barton worked with a Texas home builder, Stephen T. Wall, and a Chinese businessman, Haoqiang Fu, to offer investment loans to Chinese investors, through a series of "Wall Entities."[3]  The loan agreements promised to "purchase specific parcels of lands at specific prices" with the Wall Investor Funds.[4]   Instead, the land purchase prices were inflated, so Barton, Wall, and Fu could raise more money.[5]  And with those funds and the Wall Entities, which Barton controlled, Barton "misappropriated nearly all the investor funds, misusing them to, among other things, purchase properties in the name of other

---

[1]  The SEC seeks to include 82 entities in a new receivership.  Of the 82, the Court finds that the following 28 entities are excluded from this Receivership Order for insufficient evidence of having received or benefited from Wall Investor Funds: 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC; Broadview Holdings Trust; D4AVEG, LLC; D4OPM, LLC; Dallas Real Estate Investors, LLC; Dallas Real Estate Lenders, LLC (Delaware); Five Star MM, LLC (Delaware); Five Star MM, LLC (Texas); Five Star TC, LLC (Delaware); JMJ Residential, LLC; JMJD4, LLC (non-Delaware); MF Container, LLC (Delaware); Middlebury Trust; MXBA, LLC; One MF Residential, LLC; One MFD4, LLC; One Pass Investments, LLC (Delaware); One RL Trust; One SF Residential, LLC; The MXBA Trust; The Timothy L. Barton Irrevocable Life Insurance; TLB 2012 IRR Trust; TLB 2018 Trust; TLB 2019 Trust; TLB 2020 Trust; TRTX Properties, LLC; TRWF LODGE, LLC; and TRWF, LLC.

[2] Doc. 1 at 2.

[3] *Id.*

[4] *Id.*

[5] *Id.*

RE-00065

23-11237.14769

entities he controlled, pay undisclosed fees and commissions to Fu, pay expenses associated with unrelated real estate development projects, and fund his lifestyle."[6]

On September 23, 2022, the SEC sued Barton, Wall, Fu, the Wall Entities, Carnegie Development, LLC, and the Relief Defendants for violating securities law.[7] The SEC sought a permanent injunction, disgorgement order, and civil penalties.[8] Days later, the SEC moved to appoint a receiver.[9]   The SEC argued that a receivership was warranted, relying on the standard in *SEC v. First Financial Group of Texas* that allows for the appointment of a receiver on a prima facie showing of fraud and mismanagement.[10]

On October 18, 2022, the Court granted the SEC's motion and appointed Cortney C. Thomas as Receiver over twenty-nine entities and "any other entities that Defendant Timothy Barton directly or indirectly controls."[11]   The initial Order Appointing Receiver took "exclusive jurisdiction and possession" of all Barton-controlled entities.[12]  The Receiver then moved to supplement the Order Appointing

---

[6] *Id.* at 2–3.

[7] Doc. 1.

[8] *Id.* at 27–28.

[9] Doc. 6.

[10] *Id.* at 18 (discussing *First Fin.*, 645 F.2d 429, 438 (5th Cir. 1981)).

[11] Doc. 29 ¶ 1.  In that Order, the Court including the following entities in the receivership: Wall007, LLC; Wall009, LLC; Wall010, LLC; Wall011, LLC; Wall012, LLC; Wall016, LLC, Wall017, LLC; Wall018, LLC; Wall019, LLC; Carnegie Development, LLC; DJD Land Partners, LLC; LDG001, LLC, BM318 LLC; D4DS, LLC; D4FR, LLC; D4KL, LLC; Enoch Investments, LLC; FHC Acquisition, LLC; Goldmark Hospitality, LLC; JMJ Acquisitions, LLC; JMJ Development, LLC; JMJAV, LLC; JMR100, LLC; LaJolla Construction Management, LLC; Mansions Apartment Homes at Marine Creek, LLC; MO 2999TC, LLC; Orchard Farms Village, LLC; Villita Towers, LLC; and 126 Villita, LLC.

[12] *Id.*

RE-00066

23-11237.14770

Receiver to expressly identify over 130 newly discovered Barton-controlled entities.[13]

On November 16, 2022, the Court entered its first Supplemental Order Appointing

Receiver designating an additional 126 Receivership Entities, *nunc pro tunc*.[14]  The

Court noted that it needed more briefing to determine whether certain entities (the

"Max Barton Entities") should be identified in the Receivership as entities that

---

[13] Doc. 41.

[14] Doc. 62 at 3–6. In that Order, the Court identified the following entities in the receivership: AVEG WW, LLC (Delaware); AVG West, LLC fka JMJ Acquisitions, LLC (Texas); Barton Texas Water District, LLC; Barton Water District, LLC (Delaware); BC Acquisitions, LLC (Delaware); BEE2019, LLC; Broadview Holdings, LLC (Texas); Broadview Holdings Trust; BSJ Trading, LLC; BUILD VIOLET, LLC; Carnegie Development, Inc.; D4AT, LLC; D4AVEG, LLC; D4BM, LLC; D4BR, LLC (Texas); D4IN, LLC (Texas); D4MC, LLC (Texas); D4OP, LLC; D4OPM, LLC (Texas); D4SMC, LLC; D4WP, LLC; Dallas Real Estate Investors, LLC; Dallas Real Estate Lenders, LLC (Delaware); Dallas Real Estate Management, LLC; Five Star GM, LLC (Delaware); Five Star MM, LLC (Delaware); FIVE STAR MM, LLC (Texas); Five Star TC, LLC (Delaware); Glenwood (18340) Property, LLC (Delaware); HR Sterling, LLC; Illuminate Dallas, LLC (Texas); JB Special Asset, LLC; JMJ Acquisitions Mgmt, LLC; JMJ Aviation, LLC (Texas); JMJ BLUES TX, LLC; JMJ Centre, LLC; JMJ Development Brasil, LTDA; JMJ Development, Inc.; JMJ Development Fund; JMJ Development Fund, Inc.; JMJ EB5 Fund, LP (Delaware); JMJ EB5 Fund GP, LLC (Delaware); JMJ Holdings, LLC; JMJ Holdings US LLC; JMJ Holdings USA, Inc.; JMJ Home Building Inc (Nevada); JMJ Hospitality, LLC; JMJ Hospitality General Trading FZE; JMJ Hospitality UAE; JMJ Investments Limited; JMJ Land Acquisition, Inc (Nevada); JMJ Land Development, Inc (Nevada); JMJ Land Venture, LLC; JMJ MF Development, LLC; JMJ Mezzanine, Inc (Nevada); JMJ Multifamily, Inc (Nevada); JMJ Offshore, LTD; JMJ Regional Center, LLC (Delaware); JMJ Residential, LLC; JMJ Valley Center, LLC; JMJ VC Management, LLC; JMJ148, LLC (Texas); JMJAV, LLC; JMJD4, LLC (Delaware); JMJD4Allensville LLC; JMJDWG, LLC (Texas); JMJKH, LLC; LC Aledo TX, LLC; Lynco Ventures, LLC; Lynn Investments, LLC; Lynco Ventures, LLC; Mansion Apartment Homes at Marine Creek, LLC; MCFW, LLC; MCRS2019, LLC (Texas); Middlebury Trust (Texas); MMCYN, LLC; MXBA Managed, LLC; MXBA Services, LLC; Myra Park 635, LLC; Northstar 114, LLC (Delaware); Northstar PM, LLC (Delaware); One Agent, LLC (Delaware); One Agent Texas, LLC (Texas); ONE FHC, LLC (Texas); One MFD4, LLC; One Pass Investments, LLC (Delaware); One RL Trust; ONE SF Residential, LLC; Residential MF Assets, LLC (Delaware); Ridgeview Addition, LLC (Texas); Riverwalk Invesco, LLC (Delaware); Riverwalk Opportunity Management, LLC (Delaware); Riverwalk OZFM, LLC (Delaware); Riverwalk OZFV, LLV (Delaware); Riverwalk QOZBJ, LLC (Delaware); Riverwalk QOZBM, LLC (Delaware); Riverwalk QOZBV, LLC (Delaware); Seagoville Farms, LLC; SF Rock Creek, LLC; SK Carnegie, LLC; STL Park, LLC (Delaware); The MXBA Trust; The Timothy L. Barton Irrevocable Life Insurance Trust; TLB 2018 Trust; TLB 2019 Trust; TLB 2020 Trust; TRWF, LLC; TRWF LODGE, LLC; VenusBK195, LLC (Texas); VenusPark201, LLC (Delaware); WRL2019, LLC (Texas); 126 Villita Towers, LLC (Delaware); 2999 Acquisitions, LLC (Delaware); 2999 Middlebury, LLC (Delaware); 2999 Roxbury, LLC (Delaware); 2999TC Acquisitions, LLC fka 2999TC, LLC; 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC; 2999TC Founders, LLC (Delaware); 2999TC JMJ, LLC (Delaware); 2999TC JMJ, LLC (Texas); 2999TC JMJ CMGR, LLC (Delaware); 2999TC JMJ Equity, LLC; 2999TC LP, LLC (Delaware); 2999TC JMJ MGR, LLC (Delaware); 2999TC MM, LLC; 2999TC MZ, LLC (Delaware).

RE-00067

23-11237.14771

Barton controlled.[15]  The Receiver provided supplemental briefing,[16] and the Court, having carefully considered the Second Motion to Supplement the Order Appointing Receiver, identified nine entities in the Receivership, *nunc pro tunc*, including the Max Barton Entities.[17]

The Receivership was underway (and had been since October 18, 2022).  The Receiver was busy moving to sell real property to maximize assets for the defrauded investors, and Barton was busy appealing the Order Appointing Receiver and the Supplemental Orders.  The Receiver and Barton both had good cause for these acts, as explained below.

On appeal, the Fifth Circuit held that, because the SEC had not first obtained an injunction against Barton before moving for a receivership, the proper test for appointment of a receivership is the three-factor test in *Netsphere, Inc. v. Baron*, not the test in *First Financial*.[18]  *Netsphere* outlines that a receivership is justified when: (1) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (2) legal and less drastic equitable remedies are inadequate, and (3) the benefits of a receivership outweigh the burdens on the affected parties.[19]  The

---

[15] *Id.* at 2.

[16] Doc. 73.

[17] Doc. 88.  With each supplemental order, the Court did not add entities to the Receivership, rather it just "recognize[d] entities the Receivership already contain[ed]" under the general rule that the Receiver included entities Barton owned or controlled.  *Id.* at 5.  In this Supplemental Order Appointing Receiver, the Court identified the following identities in the receivership: Gillespie Villas, LLC; Venus59, LLC; TRTX Properties, LLC; MXBA, LLC; Titan Investments, LLC; TC Hall, LLC; Titan 2022 Investment, LLC; Marine Creek SP, LLC; Aledo TX, LLC.

[18] *SEC v. Barton*, 79 F.4th 573, 578–79 (5th Cir. 2023) (discussing *Netsphere, Inc. v. Baron*, 703 F.3d 296, 305 (5th Cir. 2012)).

[19] *Barton*, 79 F.4th at 578–79.

5

RE-00068

23-11237.14772

Fifth Circuit then vacated this Court's prior appointment of the Receiver, effective 90 days from its mandate on August 31, 2023, and remanded it.[20]

## II.      Basis for Receivership

With the Fifth Circuit's marching orders, the Court turns to the *Netsphere* test. The Court finds that the three *Netsphere* factors are met, and a receivership is justified for the following reasons.

### A.  Clear Necessity to Protect the Defrauded Investors' Interests

When the Receiver was previously appointed, the bank accounts for the initial receivership entities held less than a combined $75,000.[21]  All but one piece of real estate subject to the receivership had "sizeable debt" and multiple properties were facing foreclosures.[22]  The Receiver explained that "[b]ut for the initial Receivership Order's stay of foreclosures on these properties and my extensive efforts to mollify secured creditors' concerns . . . foreclosures would have eliminated millions of dollars in property value otherwise available for satisfaction of Investor claims."[23]  Such is *still* the case as many of the assets and entities with traceable Wall Investor Funds "continue to be mired in liens, lawsuits, and foreclosures that threaten to further diminish the value of the assets."[24]  A receivership is necessary now, as it was a year

---

[20] *Id.* at 581.

[21] Doc. 308 ¶ 191.  The Court relies on the Receiver's declaration, not on Mr. Cecil's testimony about the declaration during the October 11, 2023 hearing for the appointment of a receivership.

[22] *Id.*

[23] *Id.*

[24] Doc. 309 at 26.

6

RE-00069

23-11237.14773

ago, to stay third-party litigation and foreclosures, allowing for the assets to retain as much value as possible.[25]

The Court is also concerned about the real risk that Barton would conceal or dissipate assets if left in control. This is no imaginary threat. Last fall, *after* the SEC filed its complaint on September 23, 2022, Barton spent at least $225,000 of traceable Wall Investor Funds, paying lawyers and moving funds to other entities.[26] At other times, Barton used Wall Investor Funds to make payments on his personal credit card and spent Wall Investor Funds on "meals, car payments, educational expenses, airplane repair expenses, payments to Barton's ex-wife and children, and mortgage payments on the residence Barton lived in."[27] But wait, there's more! Barton even used Wall Investor Funds to purchase a plane.[28] Barton is alleged to have committed widespread fraud and misused Wall Investor Funds. But the Court must now look at those facts through the lens of the *Netsphere* factors. And so the Court finds here

---

[25] Approximately thirty-five lawsuits were stayed through the prior Receivership Order's litigation stay. Doc. 308 ¶ 216.

[26] *Id.* ¶ 200.

[27] *Id.* ¶ 202.

[28] *Id.* ¶ 204.

RE-00070

23-11237.14774

that a receivership is necessary to protect the defrauded investors' interests by staying litigation and foreclosures and preventing further dissipation of assets.

### B. Legal and Less Drastic Remedies are Inadequate

Barton claims that other remedies, such as a monitorship or temporary injunction freezing asset transfer, would be sufficient to preserve assets.[29] The Court disagrees.

Let's start with a monitorship. This is a bad idea. Barton claims that a monitor "must approve a class of the subject corporation's major business decisions, including asset transfers."[30] If the Court creates a monitorship, Barton is put back in charge. It would be up to Barton what a "major business decision" is and then hopefully the monitor would be looped in.[31] Such a gamble of a remedy is insufficient to protect investors' interests. The Court already found Barton in contempt for his violation of disclosure obligations under the prior Receivership Order.[32] Should Barton be placed in the primary management position (as he once was), the Court is concerned about mismanagement and misuse of Wall Investor Funds (as he once did). Worse yet, a monitor couldn't stay litigation or foreclosures or even investigate or trace assets.[33]

So, too, an asset freeze alone is inadequate. A number of the properties require active management, including an operating hotel, apartment complexes, and

---

[29] Doc. 400 at 6.

[30] *Id.*

[31] *See* Doc. 308 ¶¶ 218–220; Doc. 390 at 36.

[32] Doc. 235.

[33] *See* Doc. 308 ¶ 220; Doc. 390 at 39.

RE-00071

23-11237.14775

properties in development.[34]  A receiver has the power to sell properties and assets. But without a receivership, assets are abandoned, subject to liens with increasing accrued interest and property taxes.[35]  So while a temporary injunction alone would freeze the sale or transfer of any properties or assets, it wouldn't freeze the alive-and-well accruing interest rates or taxes.  Such a limited remedy would fail to preserve assets for defrauded investors.  The prior Receivership Entities have insufficient cash to pay the ongoing expenses.[36]  The Receiver pointed to examples of ongoing expenses related to the properties, such as "the cost certification of D4OP, insurance and management for Amerigold . . . property taxes. . . costs related to physical and electronic document and data storage and electronic document review and management, and fees for accountants and lawyers."[37]  Put simply, it's not enough to only enjoin Barton from transferring assets or funds or to freeze such  assets.

## C. Benefits of a Receivership Outweigh the Burdens on the Affected Parties

The benefits of a receivership are significant in a case like this.  At bottom, a receiver would be able to maximize, marshal, and preserve the assets in the receivership.[38]  A receivership would put an independent, proficient person in charge.

---

[34] Doc. 390 at 35.

[35] Every piece of real property but one in the initial receivership is encumbered by debt.  Doc. 308 ¶ 20.  Every month, an additional $165,000 in interest (at standard, non-default rates) accrues collectively on these loans, further eroding the value of the assets held in the receivership.  Doc. 359 at 83:20–25.

[36] Doc. 308 ¶ 231.

[37] *Id.*

[38] Doc. 309 at 27.

9

RE-00072

23-11237.14776

In addition, a receivership would stay third-party litigation and foreclosure, further protecting assets.

Barton makes arguments about the burdens of a receivership.[39]  The Court isn't persuaded by them.  For example, Barton claims there is a "cost" that the Receivership "does not appear equipped to advance the real estate development projects."[40]  The purpose of a receivership is to protect the interests of defrauded investors.  And the previous Receiver was doing so, netting over four million dollars in sales of properties (though the closings of those sales were stayed on numerous appeals by Barton).[41]  Barton also points to the "cost of violently wresting property rights from the companies' owners before discovery much less a trial proving wrongdoing and liability."[42]  The Court is mindful of this—which is exactly why the Court undertakes a thorough analysis below to ensure that only those entities that met the Fifth Circuit's standard for the jurisdiction of a receivership are included.[43] The Court finds that any burden Barton claims to be imposed by a receivership is outweighed by the benefits of a receivership.

Here, there is a clear necessity to protect defrauded investors' interests, no less drastic remedy is adequate, and the benefits of the receivership outweigh the burdens to affected parties.  The Court acknowledges that a receivership "is an extraordinary

---

[39] Doc. 334 at 28–31.

[40] *Id.* at 29.

[41] Doc. 308 ¶ 21.

[42] Doc. 334 at 29.

[43] *See infra* III.

RE-00073

23-11237.14777

remedy that should be employed with the utmost caution," but the Court also finds that the situation with Barton is an extraordinary one.[44]

## III.   Scope of Receivership

Now that the Court has found that a new receivership is justified under the *Netsphere* factors, it needs to determine the scope of the receivership.   The Court follows the Fifth Circuit's directive to extend the receivership to only "entities that received or benefit[]ed from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation."[45]    This standard adopts language Barton proposed.[46]   The Court's job is to ascertain whether and which entities received or benefited from ill-gotten Wall Investor Funds.   As such, the Court finds that the following entities meet the Fifth Circuit's standard and categorized the entities accordingly.[47]

### A. Entities that the Parties Agree Received or Benefited from Wall Investor Funds

First, both the SEC and Barton agree that eighteen entities received Wall Investor Funds.   As Barton puts it, "[t]here is no question that several companies received the subject loan proceeds."[48]   Consistent with Barton's statement, the Court

---

[44] *Netsphere*, 703 F.3d at 305.

[45] *Barton*, 79 F.4th at 580–81.

[46] *See id.* at 580 ("Barton next argues that the district court erred by placing multiple entities he controls in the receivership without any showing that they received or benefit[]ed from ill-gotten investor funds.").

[47] These categories are not mutually exclusive, and where there is overlap between categories, the Court notes it.

[48] Doc. 400 at 11–12; *see* Doc. 335 at 21.

11

RE-00074

finds that the following entities "received or benefited from"[49] assets traceable to

Barton's alleged fraudulent activities that are the subject of this litigation: WALL007,

LLC;[50] WALL009, LLC; WALL010, LLC; WALL011, LLC; WALL012, LLC;

WALL016, LLC; WALL017, LLC; WALL018, LLC; WALL019, LLC; Carnegie

Development, LLC;[51] Orchard Farms Village, LLC;[52] BM318, LLC;[53] Northstar PM,

---

[49] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

[50] For all ten of the collective "Wall Entities," each directly received Wall Investor Funds.  Doc. 310-1 ¶¶ 3–5; Doc. 308 ¶¶ 56–57.

[51] Carnegie Development, LLC ("Carnegie Development") received and transferred Wall Investor Funds on numerous occasions.  For example, in February 2019, Carnegie Development received $2.5 million from Wall017, LLC and then transferred over $2 million to multiple Barton-controlled entities.  Doc. 310-1 ¶¶ 3–5; Doc. 310-2 at 1–6; Doc. 308 ¶¶ 23–24 & Ex. 1.

[52] A Wall entity (Wall007, LLC) purchased a property with Wall Investor Funds and then transferred ownership of the property to Orchard Farms Village, LLC.  Doc. 310-2 at 6; Doc. 308 ¶ 146 & Ex. 17.

[53] BM318, LLC received Wall Investor Funds to purchase a property in Aledo, Texas known as the "Bear Creek Ranch."  Doc. 310-2 at 1; Doc. 308 ¶ 154 & Ex. 21.

RE-00075

23-11237.14779

LLC (Texas);[54] Lynco Ventures, LLC;[55] DJD Land Partners, LLC;[56] LDG001, LLC;[57]

Seagoville Farms, LLC;[58] Ridgeview Addition, LLC (Texas).[59]

### B. Entities Holding Properties Purchased with, or that Otherwise Benefited from Wall Investor Funds

The Courts finds that ten additional entities currently hold property purchased

with, or that otherwise benefited from Wall Investor Funds, and therefore "received

or benefited from"[60] assets traceable to Barton's alleged fraudulent activities that are

the subject of this litigation.  These entities are: FHC Acquisition, LLC;[61] Goldmark

---

[54] NorthStar PM, LLC received Wall Investor Funds to purchase the "NorthStar Property" in Venus, Texas.  Doc. 308 ¶ 121 & Ex. 10.

[55] Lynco Ventures, LLC ("Lynco Ventures") is the record owner of property in Venus, Texas, and it received Wall Investor Funds to purchase the property from a third-party and sell it to Wall009, LLC at an inflated price.  In August 2022, Lynco Ventures acquired the property again.  Doc. 310-2 at 5; Doc. 308 ¶ 122 & Ex. 11.

[56] DJD Land Partners, LLC is the record owner of property in Venus, Texas and received Wall Investor Funds toward the purchase of the property.  Doc. 308 ¶ 121 & Ex. 10.

[57] LDG001, LLC is the record owner of a property ("the Griffin Property") in Venus, Texas. Wall Investor Funds from Wall0016, LLC and Wall012, LLC were used to purchase the Griffin Property.  Doc. 310-2 at 4; Doc. 308 ¶ 123 & Ex. 12.

[58] Wall Investor Funds were used to purchase a property in Seagoville, Texas that Seagoville Farms, LLC once owned.  Doc. 310-2 at 6; Doc. 308 ¶ 158 & Ex. 23.

[59] Ridgeview Addition, LLC owns the "Ridgeview Property," and Wall Investor Funds have been traced both to the entity and the property.  Doc. 310-2 at 1; Doc 308 ¶ 126 & Ex. 14.

[60] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

[61] Wall Investor Funds were used to pay down FHC Acquisition, LLC's loan on a property in Frisco, Texas.  Doc. 310-2 at 3; Doc. 308 ¶ 71 & Ex. 4.

13

RE-00076

23-11237.14780

Hospitality, LLC;[62] SF Rock Creek, LLC;[63] Gillespie Villas, LLC;[64] TC Hall, LLC;[65]

Venus59, LLC;[66] and D4DS, LLC; D4FR, LLC; D4IN, LLC (Texas); D4OP, LLC

(collectively, the "D4 entities" and individually, "D4DS," "D4FR," "D4IN," and

"D4OP").

The Court turns to the D4 entities. The D4 entities are the record owners and

HUD borrowers of four separate apartment complexes[67]—Bellwether Ridge in DeSoto

Texas (owned by D4DS);[68] the Parc at Windmill Farms in Forney, Texas (owned by

D4FR);[69] the Parc at Ingleside in Ingleside, Texas (owned by D4IN),[70] and the Parc

---

[62] Goldmark Hospitality, LLC is the record owner of a 70-unit extended-stay hotel in Dallas, Texas (the "Amerigold Suites"). Wall Investor Funds were used to make improvements to the hotel, fund hotel operations, and pay the manager of the hotel. In addition, Goldmark Hospitality, LLC received $200,000 of Wall Investor Funds. Doc. 310-2 at 3; Doc. 308 ¶ 103 & Ex. 9.

[63] SF Rock Creek, LLC is the record owner of a home in Dallas, Texas. Wall Investor Funds were used to fund the purchase of the home. Doc. 308 ¶ 59 & Ex. 3.

[64] Gillespie Villas, LLC owns a residential multi-family property in Dallas, Texas. The property was purchased using the proceeds from the sale of two properties—the "Marine Creek Property" and the "Winter Haven Property"—both of which were purchased using Wall Investor Funds. Doc. 308 ¶ 164 & Ex. 25.

[65] TC Hall, LLC ("TC Hall") owns property (the "Hall Property") in Dallas, Texas. Wall Investor Funds have been traced to the purchase of the Hall Property. TC Hall also received at least $1.4 million from other entities Broadview Holdings, LLC and JMJ Development, LLC (discussed elsewhere), both of which also received commingled Wall Investor Funds. Doc. 308 ¶¶ 167, 169 & Ex. 26.

[66] Venus59, LLC ("Venus59") owns land in Venus, Texas. Before the initial receivership, several entities controlled by Barton "were in the process of developing single-family communities around Venus and were negotiating a development agreement with the City of Venus." Doc. 308 ¶ 117. Venus59 benefited from "extensive engineering and other-predevelopment expenses" used to turn the properties into a single development. *Id.* ¶¶ 170, 171 & Ex. 27. Venus59 also received $23,325.62 from Broadview Holdings, LLC which received Wall Investor Funds. *Id.* ¶ 171.

[67] Doc. 390 at 19; Doc. 308 ¶ 77.

[68] D4DS is the record owner of the Bellwether Ridge apartment complex in DeSoto, Texas. Doc. 310-2 at 1; Doc. 308 ¶ 84 & Ex. 5.

[69] D4FR is the record owner of the Parc at Windmill Farms apartment complex in Forney, Texas. Doc. 310-2 at 2; Doc. 308 ¶ 91 & Ex. 6.

[70] D4IN is the record owner of the Parc at Ingleside apartment complex in Ingleside, Texas. Doc. 308 ¶ 95 & Ex. 7

14

RE-00077

23-11237.14781

at Opelika in Opelika, Alabama (owned by D4OP).[71]   Each of these apartment complexes was in large part funded by a HUD loan and a secondary mezzanine loan from Southern Properties Capital, Ltd. ("SPC").[72]

Let's start with the primary benefit the D4 entities received from Wall Investor Funds.   The D4 entities were able to secure HUD loans for the four apartment complexes by relying on assets that were purchased with or received Wall Investor Funds.[73]   For example, the four loan packets submitted to the lender listed properties that received Wall Investor Funds.[74]   As the Receiver testified during the hearing for the underlying motion, "the primary reason these developments exist is because of the HUD loans.   And the only reason those HUD loans exist is because in the loan application, it was the properties purchased with Wall investor monies [that] were used to support that."[75]

The Court finds that each D4 entity benefited from Wall Investor Funds in this manner and such a benefit is sufficient for these entities to be included in the new receivership.   But since the inclusion of the D4 entities in the receivership is in

---

[71] D4OP is the record owner of the Parc at Opelika apartment complex in Opelika, Alabama. Doc. 308 ¶ 97 & Ex. 8.

[72] Doc. 390 at 20; Doc. 308 ¶ 78.

[73] Doc. 308 ¶ 81(d).

[74] To access HUD benefits, D4DS and D4FR relied on real property assets owned by Wall009, LLC and Seagoville Farms, LLC into which the Receiver's "accountants have traced substantial Wall Investor Funds." *Id.*   So, too, did D4IN and D4OP.   The applications for D4IN and D4OP relied on other assets with traced Wall Investor Funds to justify their HUD loans.   *Id.*

[75] Doc. 359 at 77: 5–14.   The Receiver further stated that to secure the HUD loan, "by far the biggest contributor to the development of these properties," Barton filed HUD applications in which he listed "properties that were purchased with Wall Investor Funds."   *Id.* at 28: 8–9, 15–16.

15

RE-00078

23-11237.14782

dispute, not just with Barton, but also SPC, the Court will provide further examples of the D4 entities receiving or benefiting from Wall Investor Funds.

SPC argues that these four apartment complexes shouldn't be included in the receivership.[76]  It relies on two arguments: (1) Wall Investor Funds cannot be traced to the four apartment complexes;[77] and (2) the SPC loans were convertible to equity in the parent companies of the D4 entities, and that SPC exercised that right and converted its loans into equity in D4DS, D4FR, and D4IN, and therefore owns the Bellwether Ridge, Windmill Farms, and Ingleside properties.[78]  The Court will address each entity and argument in turn.

First, D4DS received commingled funds from a loan secured, at least in part, by a property purchased with Wall Investor Funds.[79]  The SEC and the Receiver traced Wall Investor Funds into D4DS through two transactions from an entity that received Wall Investor Funds, JMJ Development, LLC ("JMJ Development"): $25,000 on August 1, 2019 and $30,000 on August 12, 2019.[80]  SPC claims that those examples don't tell the whole story.  Specifically, SPC claims that the $25,000 and $30,000 payments were "made in error" and were, in fact, "in-and-out/cancelled

---

[76] *See generally* Docs. 247, 329, and 330.

[77] Doc. 330 at 8–14.

[78] *Id*. at 15–17; Doc. 247 at 33–37.

[79] Doc. 308 ¶ 84 & Ex. 5; Doc. 310-2 at 1.

[80] *Id.*  Those in-and-out transactions are reminiscent of the 2017 incident in which D4DS received a $3,000,000 payment from SPC on May 5, 2017, and then just four days later the same amount was sent back to SPC, importantly just *days* after D4DS submitted documentation for a HUD deposit verification.  *See id.* ¶ 81(d).

RE-00079

23-11237.14783

transaction[s]."[81]  The Court's job on remand at this posture is to determine whether entities "received or benefited from"[82]  Wall Investor Funds, and that occurred here—even if the funds were later transferred out.  D4DS received the $25,000 payment on August 1, 2019 and did not transfer it out to JMJ Development until September 9, 2019; and the $30,000 payment was received on August 12, 2019 and not returned until September 11, 2019.[83]  In other words, D4DS received commingled Wall Investor Funds on at least two separate occasions for over a month.

Now to D4FR.  The SEC's tracing analysis and the Receiver's tracing analysis show that on July 17, 2019, D4FR, LLC received $106,097.70 from JMJ Development which received funds from Wall investors.[84]  SPC has a similar argument as above, that the $106,097.70 payment was made in error and ultimately returned to JMJ Development (albeit weeks later).[85]  Again, the Fifth Circuit has only instructed that the Court look to whether entities "received or benefited from" Wall Investor Funds.[86] For the same reasons as with D4DS, the Court finds that D4FR received, or at least

---

[81] Doc. 330 at 8–9.

[82] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).  The phase of the litigation can change the analysis.  At the end of the case, the Receiver would have custody of commingled funds (some attributable to Wall Investors Funds and some not).  Different methodologies like the lowest intermediate balance test might be used to apportion those funds, and those methodologies have their own rules for handling arguments like SPC's arguments on refunded transactions.  But for now, the Court's marching orders are to determine whether entities like D4DS received Wall Investor Funds, and it did.

[83] *Compare* Doc. 308 at Ex. 5, *with* Doc. 330 at 8–9.

[84] Doc. 310-2 at 2; Doc. 308 ¶ 91 & Ex. 6.

[85] Doc. 330 at 10.

[86] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

RE-00080

23-11237.14784

benefited from, Wall Investor Funds to construct the Windmill Farms apartment complex.

Third, D4IN also benefited from Wall Investor Funds.[87]  Wall Investor Funds benefited D4IN by paying the salaries of employees who worked on the development of the HUD apartments, as well as paying to maintain the D4IN office.[88]

Fourth, D4OP likewise received and benefited from Wall Investor Funds to build the Parc at Opelika.[89]  The Receiver found that D4OP received Wall Investor Funds through other entities that received investor funds in two separate transactions, $210,000 from Enoch Investments, LLC ("Enoch") on December 3, 2021, and $15,000 from JMJD4, LLC (Delaware) ("JMJD4") on June 23, 2021.[90]  SPC contends that those two payments were "in-and-out/cancelled transaction[s]" but for different reasons.[91]  SPC claims that the $210,000 payment from Enoch was actually a $210,000 payment in *return* that D4OP previously made in error *to* Enoch on November 10, 2021.[92]  And, as for the $15,000 payment, SPC further argues that it was of the same "in-and-out" vein as the transactions going towards the Bellwether Ridge and Windmill Farms properties.[93]  Regardless of SPC's grounds for refuting

---

[87] Doc. 308 ¶ 95 & Ex. 7.

[88] *See* Doc. 308 ¶ 81(a),(b); Doc. 390 at 20.  Notably, this benefit of Wall Investor Funds going towards paying employees' salaries and maintaining the offices likewise applies to D4DS, D4FR, and D4OP.  *Id.*

[89] Doc. 308 ¶ 97 & Ex. 8.

[90] *Id.* at Ex. 8.

[91] Doc. 330 at 13–14.

[92] Doc. 330 at 13.

[93] *See id.*

18

RE-00081

23-11237.14785

those transactions, the Receiver traced Wall Investor Funds into D4OP and, thus, D4OP received or benefited from those funds.

Finally, SPC claims that it owns the Bellwether Ridge, Windmill Farms, and Ingleside apartment complexes.[94]  This claim, largely contested, was the subject of a pending summary judgment proceeding between the Receiver and SPC until the Court denied without prejudice all previously pending motions while it resolved the motion at hand.[95]  As such, whether SPC had the right to convert its debt into equity and whether it did so for the Bellwether Ridge, Windmill Farms, and Ingleside properties is outside the scope of this motion.  Should the parties revisit this issue in a summary judgment motion after this ruling, the Court will address it then.

### C. Entities that Purchased Properties with Wall Investor Funds that Were then Sold Before the Prior Receivership Appointment

Next, the Court finds that eleven entities purchased property, in whole or in part, with Wall Investor Funds that have since been sold, and therefore "received or benefited from"[96] assets traceable to Barton's allegedly fraudulent activities that are the subject of this litigation.  Each of these entities currently holds contractual or legal rights related to those properties and the sales proceeds, including potential fraudulent transfer claims.  These entities include three of the uncontested entities

---

[94] SPC claims that, before the D4 entities were included in the previous receivership, it exercised its right to convert its debt into equity, did so for the Bellwether Ridge, Windmill Farms, and Ingleside properties, and therefore owns those properties.  SPC also claims that it reserves the right to convert its debt into equity in the Opelika property.  *See* Doc. 330 at 20.

[95] *See* Docs. 206, 207, 254 (Receiver's motion for summary judgment regarding SPC's claimed ownership interest in certain properties and SPC's response).

[96] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

RE-00082

23-11237.14786

discussed at (A) above—BM318, LLC;[97] Orchard Farms Village, LLC;[98] and Seagoville Farms, LLC[99]—and the following eight additional entities: 2999TC Acquisitions, LLC;[100] Mansion Apartment Homes at Marine Creek, LLC;[101] AVG West, LLC;[102] D4KL, LLC;[103] 126 Villita, LLC;[104] LC Aledo TX, LLC;[105] Villita Towers, LLC;[106] and JMR100, LLC.[107]

### D. Additional Entities that Received Wall Investor Funds

The Court finds that several additional entities "received or benefited from"[108] assets traceable to Barton's alleged fraudulent activities that are the subject of this

---

[97] Discussed *supra* note 53; Doc. 310-2 at 1; Doc. 308 ¶ 154 & Ex. 21 (received Wall Investor Funds to purchase a property in the name of BM318, LLC).

[98] Discussed *supra* note 52; Doc. 310-2 at 6; Doc. 308 ¶ 146 & Ex. 17 (Wall Investor Funds were used to purchase a property that was transferred to Orchard Farms Village, LLC).

[99] Discussed *supra* note 58; Doc. 310-2 at 5–6; Doc. 308 ¶ 158 & Ex. 23 (received Wall Investor Funds to purchase a property in the name of Seagoville Farms, LLC).

[100] Doc. 308 ¶ 131 & Ex. 15. (2999TC Acquisitions, LLC previously owned the 2999 Turtle Creek Boulevard office in Dallas, Texas that was purchased, at least in part, with Wall Investor Funds).

[101] Doc. 310-2 at 5; Doc. 308 ¶ 139 & Ex. 16 (Mansions Apartment Homes at Marine Creek, LLC received loan proceeds from a Wall Entity loan).

[102] Doc. 308 ¶ 148 & Ex. 18 (AVG West, LLC used to own property in Winter Haven, Florida (the "Winter Haven Property") and Wall Investor Funds have been traced to the purchase of the Winter Haven Property).

[103] Doc. 310-2 at 2; Doc. 308 ¶ 150 & Ex. 19 (Wall Investor Funds were used to purchase a property in Killeen, Texas that was transferred to D4KL, LLC).

[104] Doc. 310-2 at 6; Doc. 308 ¶ 152 & Ex. 20 (126 Villita, LLC used to own a property in San Antonio, Texas (the "Villita Property") that was purchased and developed with Wall Investor Funds).

[105] Doc. 308 ¶ 156 & Ex. 22 (Wall010, LLC assigned rights to LC Aledo TX, LLC and Wall Investor Funds were used to purchase a property in Aledo, Texas by providing earnest money payments and loans for the property).

[106] Doc. 310-2 at 6; Doc. 308 ¶ 152 & Ex. 20 (Villita Towers, LLC used to own a property in San Antonio, Texas (the "Villita Property") that was purchased and developed with Wall Investor Funds).

[107] Doc. 310-2 at 4; Doc. 308 ¶ 160 & Ex. 24 (JMR100, LLC received Wall Investor Funds, and investor funds were wired to a title company for the purchase of a property in Aledo, Texas).

[108] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

RE-00083

23-11237.14787

litigation.   These entities either received funds: from Wall investors or the Wall

Entities' bank accounts, from other Barton Entities that received Wall Investor

Funds, through proceeds of the sales of properties that were originally purchased

with or benefited by Wall Investor Funds, or through receiving Wall Loan Proceeds.

These entities are: 126 Villita, LLC (discussed elsewhere);[109]  2999TC JMJ CMGR,

LLC (Delaware);[110] BEE2019, LLC;[111] Broadview Holdings, LLC (Texas);[112] Carnegie

Development, LLC (discussed elsewhere);[113] D4MC, LLC (Texas);[114] Enoch

Investments, LLC;[115] HR Sterling, LLC;[116] JMJ Acquisitions, LLC;[117] JMJ

---

[109] Discussed *supra* note 104; Doc. 310-2 at 6; Doc. 308 ¶ 152 & Ex. 20 (126 Villita, LLC used to own a property in San Antonio, Texas (the "Villita Property") that was purchased and developed with Wall Investor Funds).

[110] Doc. 310-2 at 5 (2999TC JMJ CMGR, LLC (Delaware) benefited from receiving Wall Loan Proceeds).

[111] Doc. 310-2 at 1 (BEE2019, LLC benefited from receiving Wall Loan Proceeds).

[112] Doc. 308 ¶¶ 34, 142, 169 & Ex. 25 (Broadview Holdings, LLC (Texas) benefited by receiving proceeds of the sale of property owned by Mansions Apartment Homes at Marine Creek, LLC and other properties which were purchased with Wall Investor Funds).

[113] Discussed *supra* note 51; Doc. 310-2 at 1 (Carnegie Development, LLC ("Carnegie Development") directly benefited from the use of Wall Investor Funds to purchase a property previously owned by Carnegie Development, and loan proceeds from a loan secured by a Wall Entity helped pay off a loan of Carnegie Development).

[114] Doc. 310-2 at 5 (A signed agreement between Mansions Apartment at Marine Creek, LLC and D4MC, LLC stipulates that D4MC, LLC has ownership of the Marine Creek Property which benefited from Wall Entity Loan proceeds).

[115] Doc. 310-2 at 2 (Enoch received $250,000 through other entities that received Wall Investor Funds (Carnegie Development and JMJ Development)).

[116] Doc. 310-2 at 3; Doc. 308 ¶ 81(a) (HR Sterling, LLC received funds from JMJ Development and Carnegie Development that received Wall Investor Funds or Wall Entity Loan proceeds).

[117] Doc. 310-2 at 3 (JMJ Acquisitions, LLC benefited by receiving commingled Wall Investor Funds).

RE-00084

23-11237.14788

Development LLC (f/k/a JMJ Development, Inc.);[118] JMJ Hospitality, LLC;[119] JMJ

VC Management, LLC;[120] JMJAV, LLC;[121] JMJD4;[122] LaJolla Construction

Management, LLC;[123] MO 2999TC, LLC;[124] Titan Investments, LLC (a/k/a Titan

2022 Investments LLC);[125] and WRL2019, LLC (Texas).[126]

### E. Entities that Benefited from Wall Investor Funds by Receiving a Participation Interest in a Development that Received Wall Investor Funds

The Court finds that several additional entities received and are holding

participation interests in continuing development projects that received Wall

Investor Funds, therefore "benefit[ing] from"[127] assets traceable to Barton's

fraudulent activities that are the subject of this litigation.  Wall Investor Funds have

---

[118] *See* Doc. 308 at Exs. 3, 5, 6, 9, 13, 15, 16, 18, 19, 20, 24, 27; *see also* Doc. 7-1 at 16 (JMJ Development, LLC received extensive Wall Investor Funds through other entities, often from Carnegie Development).

[119] Doc. 310-2 ¶¶ 3–5; Doc. 7-1 at 5–6 (Wall Investor Funds were traced into JMJ Hospitality LLC's account).

[120] Doc. 308 at Ex. 7 (commingled Wall Investor Funds were transferred to JMJ VC Management, LLC).

[121] Doc. 310-2 at 4; Doc. 308 ¶¶ 29, 204 & Exs. 13, 18 (JMJAV, LLC received Wall Investor Funds through other entities that received Wall Investor Funds, such as Carnegie Development and JMJ Development).

[122] Doc. 308 ¶ 38 & Exs. 7, 8 (JMJD4 both received Wall Investor Funds through other entities, as well as passed on investor funds to D4OP).

[123] Doc. 310-2 at 4; Doc 308 at Exs. 8, 14 (LaJolla Construction Management, LLC directly received proceeds from a Wall Entity loan).

[124] Doc. 310-2 at 5 (MO 2999TC, LLC benefited by receiving Wall Loan Proceeds).

[125] Doc. 308 ¶¶ 176–77 (Titan Investments, LLC received funds from Broadview Holdings that were the sale proceeds of properties acquired with or benefited from Wall Investor Funds, and Titan Investments received earnest money from Broadview Holdings).

[126] Doc. 310-2 at 6 (loan proceeds from a loan secured by property purchased in part with Wall Investor Funds were put toward the purchase of a Dallas, Texas property in the name of WRL 2019, LLC).

[127] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

22

been traced to the Marine Creek, Orchard Farms, Killeen, and Villita properties.  The Barton Entity that owned each property sold its ownership interests in these developments for several million dollars prior to the Court's initial Order Appointing Receiver.[128]   In connection with the sales, several entities retained some form of participation interest in each of the projects, including two of the entities discussed above—Orchard Farms Village, LLC;[129] and Enoch Investments, LLC[130]—as well as Marine Creek SP, LLC,[131] and Villita Development, LLC.[132]

## IV.    Limits of the Scope of Receivership

The SEC seeks to include other entities in the receivership on the basis that those entities received certain types of benefits from Wall Investor Funds.  The Court finds these types of benefits are outside the current scope of the receivership.  The first type of benefit comes from owning or being a managing member of entities that received Wall Investor Funds.[133]  The SEC claims that these entities "through the chain of ownership" benefited from Wall Investor Funds since they could control the entities that held the assets that received the Wall Investor Funds.[134]  In short, the SEC thinks the chain of ownership is like a Russian nesting doll of corporate control.

---

[128] Doc. 308 ¶¶ 140–44.

[129] Discussed *supra* notes 52, 98; Doc. 310-2 at 6; Doc. 308 ¶ 158 & Ex. 17.

[130] Discussed *supra* note 115; Doc. 310-2 at 5–6; Doc. 308 ¶ 158 & Ex. 23.

[131] Doc. 308 ¶ 34 (Marine Creek SP, LLC held a participation interest in the sale of the Marine Creek Property which was purchased, in part, with Wall Investor Funds).

[132] *Id.* ¶ 152 (Villita Property was purchased, in part, with Wall Investor Funds); ¶ 180 (Barton sold Villita Property but retained participation interest in the name of a wholly separate entity, Villita Development, LLC).

[133] Doc. 390 at 27.

[134] *Id.*

RE-00086

23-11237.14790

The Court finds that there is insufficient evidence in the present record to extend the receivership this far.  The Court is mindful of the *Netsphere* analysis, which includes discussion of whether a less restrictive tool will preserve assets.  Here, an asset freeze is a less restrictive tool that still preserves these particular assets in question.  Thus, the entities that are justified in the receivership solely under the owning/managing theory are not included in the Receivership.

The second type of benefit is for trusts that hold the ultimate beneficial interest in entities that hold property connected to Wall Investor Funds.[135]  The Court likewise sees no legally sufficient justification to extend the receivership this far, when an asset freeze will offer the needed protection to investors.  As such, the trusts justified solely on the ultimate-beneficial-interest theory will not be included in the receivership.[136]

## V.    Conclusion

The Court finds that a receivership is justified here because there is a clear necessity to protect defrauded investors' interests, legal and less drastic remedies are inadequate, and the benefits of the receivership outweigh the burdens to affected parties.[137]  The Court further finds the following 54 entities "received or benefited from"[138] Wall Investor Funds and, as detailed in the Court's separate Order

---

[135] Doc. 390 at 27.

[136] *Id.*

[137] *See Netsphere*, 703 F.3d at 305.

[138] *See Barton*, 79 F.4th at 580–81 (relying on language from Barton, *id.* at 580).

24

RE-00087

23-11237.14791

Appointing Receiver, appoints Cortney C. Thomas as Receiver without bond for the

estates of the following Receivership Entities:

- 126 Villita, LLC
- 2999TC Acquisitions LLC
- 2999TC JMJ CMGR, LLC (Delaware)
- AVG West, LLC
- BEE2019, LLC
- BM318, LLC
- Broadview Holdings, LLC (Texas)
- Carnegie Development, LLC
- D4DS, LLC
- D4FR LLC
- D4IN, LLC (Texas)
- D4KL, LLC
- D4MC, LLC (Texas)
- D4OP, LLC
- DJD Land Partners, LLC
- Enoch Investments, LLC
- FHC Acquisition, LLC
- Gillespie Villas, LLC
- Goldmark Hospitality, LLC
- HR Sterling, LLC
- JMJ Acquisitions, LLC
- JMJ Development LLC (f/k/a JMJ Development, Inc.)
- JMJ Hospitality, LLC
- JMJ VC Management, LLC
- JMJAV, LLC
- JMJD4, LLC (Delaware)
- JMR100, LLC
- LaJolla Construction Management, LLC
- LC Aledo TX, LLC
- LDG001, LLC
- Lynco Ventures, LLC
- Mansions Apartment Homes at Marine Creek, LLC
- Marine Creek SP, LLC
- MO 2999TC, LLC
- Northstar PM, LLC (Texas)
- Orchard Farms Village, LLC
- Ridgeview Addition, LLC (Texas)
- Seagoville Farms, LLC
- SF Rock Creek, LLC
- TC Hall, LLC

25

RE-00088

23-11237.14792

- Titan Investments, LLC a/k/a Titan 2022 Investments, LLC
- Venus59, LLC
- Villita Development, LLC
- Villita Towers, LLC
- WALL007, LLC
- WALL009, LLC
- WALL010, LLC
- WALL011, LLC
- WALL012, LLC
- WALL016, LLC
- WALL017, LLC
- WALL018, LLC
- WALL019, LLC
- WRL2019, LLC (Texas)

It is **SO ORDERED**, this 29th day of November, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

26

RE-00089

# TAB 4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     *Plaintiff,*

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (a/k/a MICHAEL FU),
STEPHEN T. WALL,

     *Defendants,*

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

     *Relief Defendants.*

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:22-CV-2118-X

## ORDER APPOINTING RECEIVER

For the reasons set out in a memorandum opinion and order filed today, the Court enters the following order.

**WHEREAS** this matter has come before this Court upon motion of Plaintiff Securities and Exchange Commission ("SEC") to appoint a receiver in the above-captioned action; and,

1

RE-00090

**WHEREAS** the Court finds that, based on the record in these proceedings, the appointment of a receiver in this action is necessary and appropriate for the purposes of marshaling and preserving all assets of the Receivership Entities (defined below);

**WHEREAS** the Court finds that: (a) there is a clear necessity for the receivership to protect defrauded investors' interest in property; (b) legal and less drastic equitable remedies are inadequate; and (c) the benefits of a receivership outweigh the burdens on the affected parties.

**WHEREAS** the Court finds that: (a) a receiver is necessary to manage the Receivership Entities' properties to preserve and protect the value of such properties; (b) Defendant Timothy Barton ("Barton") has misused and mismanaged the Receivership Entities' properties and has, and is likely to continue to, misuse, dissipate and/or conceal investor funds and assets obtained with, or that otherwise benefited from, investor funds; (c) certain Receivership Entities and their assets are subject to liens, lawsuits, and foreclosures that threaten to further diminish their value without the protection of a receiver that would have the power to stay litigation and foreclosures, among other powers; (d) there is a substantial risk that Barton, the Receivership Entities, and other entities that Barton directly or indirectly controls do not hold assets sufficient to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors; (e) absent a receiver to manage, maximize, and protect the value of the Receivership Entities' assets, the investors' interest in these properties is at substantial risk; and (f) these benefits outweigh the burden on Barton.

**WHEREAS** the Court finds that each of the Receivership Entities received or

RE-00091

benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

**WHEREAS** this Court has subject matter jurisdiction over this action and personal jurisdiction over the Receivership Entities, and venue properly lies in this district.

**WHEREAS**, the Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's police and regulatory powers, and the relief sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct, penalizing past unlawful conduct and deterring future wrongdoing, and is not in furtherance of a pecuniary purpose, and therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. §362(b)(4).

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1.      The Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of the following entities, each of which received or benefited from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation (collectively, "Receivership Entities"):

2.      126 Villita, LLC

3.      2999TC Acquisitions LLC

4.      2999TC JMJ CMGR, LLC (Delaware)

5.      AVG West, LLC

6.      BEE2019, LLC

3

RE-00092

23-11237.14796

7.    BM318, LLC

8.    Broadview Holdings Trust

9.    Carnegie Development, LLC

10.    D4DS LLC

11.    D4FR LLC

12.    D4IN, LLC (Texas)

13.    D4KL, LLC

14.    D4MC, LLC (Texas)

15.    D4OP, LLC

16.    DJD Land Partners, LLC

17.    Enoch Investments, LLC

18.    FHC Acquisition, LLC

19.    Gillespie Villas, LLC

20.    Goldmark Hospitality, LLC

21.    HR Sterling, LLC

22.    JMJ Acquisitions, LLC

23.    JMJ Development LLC (f/k/a JMJ Development, Inc.)

24.    JMJ Hospitality, LLC

25.    JMJ VC Management, LLC

26.    JMJAV, LLC

27.    JMJD4, LLC (Delaware)

28.    JMR100, LLC

29.    LaJolla Construction Management, LLC

RE-00093

30.   LC Aledo TX, LLC

31.   LDG001, LLC

32.   Lynco Ventures, LLC

33.   Mansions Apartment Homes at Marine Creek, LLC

34.   Marine Creek SP, LLC

35.   MO 2999TC, LLC

36.   Northstar PM, LLC (Texas)

37.   Orchard Farms Village, LLC

38.   Ridgeview Addition, LLC (Texas)

39.   Seagoville Farms, LLC

40.   SF Rock Creek, LLC

41.   TC Hall, LLC

42.   Titan Investments, LLC a/k/a Titan 2022 Investments, LLC

43.   Venus59, LLC

44.   Villita Development, LLC

45.   Villita Towers, LLC

46.   WALL007, LLC

47.   WALL009, LLC

48.   WALL010, LLC

49.   WALL011, LLC

50.   WALL012, LLC

51.   WALL016, LLC

52.   WALL017, LLC

RE-00094

23-11237.14798

53.     WALL018, LLC

54.     WALL019, LLC

55.     WRL2019, LLC (Texas)

2.     Until further Order of this Court, Cortney C. Thomas is hereby appointed to serve without bond as receiver (the "Receiver") of the Receivership Entities.

3.     The Receiver shall have all powers, authorities, rights, and privileges heretofore possessed by the officers, directors, trustees, managers and general and limited partners of the entity Receivership Entities under applicable state and federal law, by the governing charters, by-laws, articles and/or agreements in addition to all powers and authority of a receiver at equity, and all powers conferred upon a receiver by the provisions of 28 U.S.C. §§ 754, 959 and 1692, and Rule 66 of the Federal Rules of Civil Procedure.

## I.     GENERAL POWERS AND DUTIES OF RECEIVER

4.     The trustees, directors, officers, managers, employees, investment advisers, accountants, attorneys and other agents of the Receivership Entities are hereby dismissed and the powers of any general partners, directors and/or managers are hereby suspended. Such persons and entities shall have no authority with respect to the Receivership Entities' operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operations of the Receivership Entities and shall pursue and preserve all of their claims.

RE-00095

23-11237.14799

5.      No person holding or claiming any position of any sort with any of the

Receivership Entities shall possess any authority to act by or on behalf of any of the

Receivership Entities.

6.      Subject to the specific provisions in Sections II through XII below, the

Receiver shall have the following general powers and duties:

A.      To use reasonable efforts to determine the nature, location, and value of all property interests of the Receivership Entities, including, but not limited to, monies, funds, securities, credits, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which the Receivership Entities own, possess, have a beneficial interest in, or control directly or indirectly ("Receivership Property" or, collectively, the "Receivership Estates");

B.      To take custody, control, and possession of all Receivership Property and records relevant thereto from the Receivership Entities; to sue for and collect, recover, receive, and take into possession from third parties all Receivership Property and records relevant thereto;

C.      To manage, control, operate, and maintain the Receivership Estates and hold in his possession, custody, and control all Receivership Property, pending further Order of this Court;

D.      To use Receivership Property for the benefit of the Receivership Estates, making payments and disbursements and incurring expenses as may be necessary or advisable in the ordinary course of business in discharging his duties as Receiver;

E.      To take any action which, prior to the entry of this Order, could have been taken by the officers, directors, partners, managers, trustees, and agents of the Receivership Entities;

F.      To engage and employ persons in his discretion to assist him in carrying out his duties and responsibilities hereunder, including, but not limited to, accountants, attorneys, securities traders, registered representatives, financial or business advisers, liquidating agents, real estate agents, forensic experts, brokers, traders, or auctioneers;

RE-00096

23-11237.14800

G. To take such action as necessary and appropriate for the preservation of Receivership Property or to prevent the dissipation, concealment, or inequitable distribution of Receivership Property;

H. Enter into and cancel contracts and purchase insurance as the Receiver deems necessary or advisable;

G. The Receiver is authorized to issue subpoenas for documents and testimony consistent with the Federal Rules of Civil Procedure;

I. To bring such legal actions based in law or equity in any state, federal, or foreign court as the Receiver deems necessary or appropriate in discharging his duties as Receiver;

J. To pursue, resist, defend, compromise or otherwise dispose of all suits, actions, claims, and demands which may now be pending or which may be brought by or asserted against the Receivership Entities; and,

K. To take such other action as may be approved by this Court.

## II.   ACCESS TO INFORMATION

7. The individual Receivership Entities and the past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of the entity Receivership Entities, as well as those acting in their place, are hereby ordered and directed to preserve and turn over to the Receiver forthwith all paper and electronic information of, and/or relating to, the Receivership Entities and/or all Receivership Property; such information shall include but not be limited to books, records, documents, accounts, and all other instruments and papers.

8. Within ten (10) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement, listing: (a) the identity, location, and estimated value of all Receivership Property; (b) all employees (and job titles thereof), other personnel, attorneys, accountants, and

RE-00097

23-11237.14801

any other agents or contractors of the Receivership Entities; and, (c) the names, addresses, and amounts of claims of all known creditors of the Receivership Entities.

9. Within twenty (20) days of the entry of this Order, the Receivership Entities shall file with the Court and serve upon the Receiver and the SEC a sworn statement and accounting, with complete documentation, covering the period from January 1, 2017 to the present:

A. Of all Receivership Property, wherever located, held by or in the name of the Receivership Entities, or in which any of them, directly or indirectly, has or had any beneficial interest, or over which any of them maintained or maintains and/or exercised or exercises control, including, but not limited to: (a) all securities, investments, funds, real estate, automobiles, jewelry, and other assets, stating the location of each; and (b) any and all accounts, including all funds held in such accounts, with any bank, brokerage, or other financial institution held by, in the name of, or for the benefit of any of them, directly or indirectly, or over which any of them maintained or maintains and/or exercised or exercises any direct or indirect control, or in which any of them had or has a direct or indirect beneficial interest, including the account statements from each bank, brokerage, or other financial institution;

B. Identifying every account at every bank, brokerage, or other financial institution: (a) over which Receivership Entities have signatory authority; and (b) opened by, in the name of, or for the benefit of, or used by, the Receivership Entities;

C. Identifying all credit, bank, charge, debit, or other deferred payment card issued to or used by each Receivership Defendant, including but not limited to the issuing institution, the card or account number(s), all persons or entities to which a card was issued and/or with authority to use a card, the balance of each account and/or card as of the most recent billing statement, and all statements for the last twelve (12) months;

D. Of all assets received by any of them from any person or entity, including the value, location, and disposition of any assets so received;

E. Of all funds received by the Receivership Entities, and each of them, in any way related, directly or indirectly, to the conduct alleged in the SEC's Complaint. The submission must clearly identify, among other things,

RE-00098

23-11237.14802

all investors, the securities they purchased, the date and amount of their investments, and the current location of such funds;

F.     Of all expenditures exceeding $1,000 made by any of them, including those made on their behalf by any person or entity; and

G.     Of all transfers of assets made by any of them.

10.     Within thirty (30) days of the entry of this Order, the Receivership Entities shall provide to the Receiver and the SEC copies of the Receivership Entities' federal income tax returns for the years 2017 through 2021 with all relevant and necessary underlying documentation.

11.     The Receivership Entities and the Receivership Entities' past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners, and other appropriate persons or entities shall answer under oath to the Receiver all questions which the Receiver may put to them and produce all documents as required by the Receiver regarding the business of the Receivership Entities, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to the Receivership Entities.

12.     The Receivership Entities are required to assist the Receiver in fulfilling his duties and obligations. As such, they must respond promptly and truthfully to all requests for information and documents from the Receiver.

### III.     ACCESS TO BOOKS, RECORDS, AND ACCOUNTS

13.     The Receiver is authorized to take immediate possession of all assets, bank accounts or other financial accounts, books and records, and all other documents or instruments relating to the Receivership Entities. All persons and entities having

10

RE-00099

23-11237.14803

control, custody, or possession of any Receivership Property are hereby directed to turn such property over to the Receiver.

14.     The Receivership Entities, as well as their agents, servants, employees, attorneys, any persons acting for or on behalf of the Receivership Entities, and any persons receiving notice of this Order by personal service, email, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, or assets of the Receivership Entities are hereby directed to deliver the same to the Receiver, his agents, and/or employees.

15.     All banks, brokerage firms, financial institutions, and other persons or entities which have possession, custody, or control of any assets or funds held by, in the name of, or for the benefit of, directly or indirectly, any of the Receivership Entities that receive actual notice of this Order by personal service, email, facsimile transmission, or otherwise shall:

A.     Not liquidate, transfer, sell, convey, or otherwise transfer any assets, securities, funds, or accounts in the name of or for the benefit of the Receivership Entities except upon instructions from the Receiver;

B.     Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any funds or assets to the Receiver's control without the permission of this Court;

C.     Within five (5) business days of receipt of that notice, file with the Court and serve on the Receiver and counsel for the SEC a certified statement setting forth, with respect to each such account or other asset, the balance in the account or description of the assets as of the close of business on the date of receipt of the notice; and,

D.     Cooperate expeditiously in providing information and transferring funds, assets, and accounts to the Receiver or at the direction of the Receiver.

RE-00100

23-11237.14804

## IV.   ACCESS TO REAL AND PERSONAL PROPERTY

16.     The Receiver is authorized to take immediate possession of all personal property of the Receivership Entities, wherever located, including but not limited to electronically stored information, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, savings records and accounts, brokerage records and accounts, certificates of deposit, stocks, bonds, debentures, and other securities and investments, contracts, mortgages, furniture, office supplies, and equipment.

17.     The Receiver is authorized to take immediate possession of all real property of the Receivership Entities, wherever located, including but not limited to all ownership and leasehold interests and fixtures. Upon receiving actual notice of this Order by personal service, email, facsimile transmission or otherwise, all persons other than law enforcement officials acting within the course and scope of their official duties, are (without the express written permission of the Receiver) prohibited from: (a) entering such premises; (b) removing anything from such premises; or, (c) destroying, concealing, or erasing anything on such premises.

18.     The Receivership Entities, all persons acting on behalf of any Receivership Defendant, and any person who receives actual or constructive notice of this Order who has or had possession or control over any Receivership Assets, is directed to:

> A.     Hold and retain any such Receivership Assets that are within his or her control and prohibit any person or entity from assigning, concealing, converting, disbursing, dissipating, encumbering, liquidating, loaning,

RE-00101

23-11237.14805

pledging, selling, spending, transferring, or withdrawing any such Asset except:

> 1.      As directed by further order of the Court; or

> 2.      As directed in writing by the Receiver.

B.      Within five (5) business days after being served a copy of this Order, provide the Receiver a sworn statement setting forth:

> 1.      The account number and other identifying information for any such Receivership Asset belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Defendant;

> 2.      The balance of each such account, or a description of the nature and value of such Asset as of the close of business on the day on which this Order is received, and, if the account or other Asset has been closed or removed, or more than $5,000 withdrawn or transferred from it, on or after March 1, 2021, the date of the closure or removal of the funds, the total funds removed or transferred, and the name of the person or entity to whom such account or other Asset was remitted;

> 3.      All keys, codes, and passwords, entry codes, combinations to locks, and information or devices required to open or gain access to any Asset or Document, including, but not limited to, access to the business premises, computer servers, networks, or databases, or telecommunications systems or devices;

> 4.      The identification and location of any safe deposit box, commercial mailbox, or storage facility belonging to, for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity, and if the safe deposit box, storage facility, commercial mailbox, or storage facility has been closed or removed, the date closed or removed;

> 5.      Within five (5) business days of a written request from the Receiver, provide the Receiver copies of all Documents relating to each Receivership Asset, including, but not limited to account applications, statements, corporate resolutions, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

RE-00102

23-11237.14806

19.     In order to execute the express and implied terms of this Order, the Receiver is authorized to change door locks to the premises described above. The Receiver shall have exclusive control of the keys. The Receivership Entities, or any other person acting or purporting to act on their behalf, are ordered not to change the locks in any manner, nor to have duplicate keys made, nor shall they have keys in their possession during the term of the receivership.

20.     The Receiver is authorized to open all mail directed to or received by or at the offices or post office boxes of the Receivership Entities, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

21.     Upon the request of the Receiver, the United States Marshal Service, in any judicial district, is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, and control of, or identify the location of, any assets, records, or other materials belonging to the Receivership Estate.

## V.     REPATRIATION OF ASSETS AND DOCUMENTS

22.     Immediately upon service of this Order, any person or entity with possession or control over any Receivership Assets shall:

A.     Take such steps as are necessary to transfer to the United States all Documents and Assets that are located outside the United States and belong to, are for the use or benefit of, under the control of, or subject to access by any Defendant or Receivership Entity; and

B.     Hold and retain all repatriated Assets and prevent the disposition, transfer, or dissipation of such Assets except as required by this Order.

14

RE-00103

23. Receivership Entities, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are preliminarily restrained and enjoined from taking any action that may result in the encumbrance or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order, including:

A. Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all Assets have been fully repatriated according to Section VIII of this Order; or

B. Notifying any trustee, protector, or other agent of any Defendant or Receivership Entity of the existence of this Order, or of the fact that repatriation is required under a court Order, until such time as all Assets have been fully repatriated according to Section VIII of this Order.

## VI.     NOTICE TO THIRD PARTIES

24. Defendants and the Receivership Entities shall immediately provide a copy of this Order to each affiliate, sales entity, successor, assign, member, officer, director, employee, agent, independent contractor, client, servant, attorney, subsidiary, division, and representative of any Defendant or Receivership Defendant. Within ten (10) business days following service of this Order, Defendants and Receivership Entities shall serve on the Receiver a declaration identifying the name, title, address, telephone number, date of service, and manner of service of each person Defendants or Receivership Entities served with a copy of this Order in compliance with this provision.

15

RE-00104

25.     Copies of this Order may be served by the Receiver by any means, including U.S. first class mail, overnight delivery, facsimile, electronic mail, or personally by agents or employees of the Receiver, by any law enforcement agency, or by process server, upon any person, including financial institutions, that may have possession, custody, or control over any Asset or Document belonging to, for the use or benefit of, under the control of, or subject to access by any Receivership Defendant, or that may otherwise be subject to any provision of this Order. Service upon any branch or office of any financial institution shall constitute service upon the entire financial institution.

26.     The Receiver shall promptly give notice of his appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers, and general and limited partners of the Receivership Entities, as the Receiver deems necessary or advisable to effectuate the operation of the receivership.

27.     All persons and entities owing any obligation, debt, or distribution with respect to an ownership interest to any Receivership Defendant shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if the Receivership Defendant had received such payment.

28.     In furtherance of his responsibilities in this matter, the Receiver is authorized to communicate with, and/or serve this Order upon, any person, entity, or government office that he deems appropriate to inform them of the status of this matter and/or the financial condition of the Receivership Estates. All government

16

RE-00105

23-11237.14809

offices which maintain public files of security interests in real and personal property shall, consistent with such office's applicable procedures, record this Order upon the request of the Receiver or the SEC.

29.    The Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations, or activities of any of the Receivership Entities (the "Receiver's Mail"), including all mail addressed to, or for the benefit of, the Receivership Entities.

30.    The Postmaster shall not comply with, and shall immediately report to the Receiver, any change of address or other instruction given by anyone other than the Receiver concerning the Receiver's Mail. The Receivership Entities shall not open any of the Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Receiver. All personal mail of any individual Receivership Entities, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Receiver, shall be released to the named addressee by the Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented, or used by the Receivership Entities. The Receivership Entities shall not open a new mailbox, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. mail, a private mail depository, or courier service.

31.    Subject to payment for services provided, any entity furnishing water, electric, telephone, sewage, garbage, or trash removal services to the Receivership

17

RE-00106

23-11237.14810

Entities shall maintain such service and transfer any such accounts to the Receiver unless instructed to the contrary by the Receiver.

## VII.    INJUNCTION AGAINST INTERFERENCE WITH RECEIVER

32.    The Receivership Entities and all persons receiving notice of this Order by personal service, email, facsimile or otherwise, are hereby restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Receiver, which would:

A.    Interfere with the Receiver's efforts to take control, possession, or management of any Receivership Property; such prohibited actions include but are not limited to using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any Receivership Property;

B.    Hinder, obstruct, or otherwise interfere with the Receiver in the performance of his duties; such prohibited actions include but are not limited to concealing, destroying, or altering records or information;

C.    Dissipate or otherwise diminish the value of any Receivership Property; such prohibited actions include but are not limited to releasing claims or disposing, transferring, exchanging, assigning, or in any way conveying any Receivership Property, enforcing judgments, assessments, or claims against any Receivership Property or any Receivership Defendant, attempting to modify, cancel, terminate, call, extinguish, revoke, or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement, or other agreement executed by any Receivership Defendant or which otherwise affects any Receivership Property;

D.    Create, operate, or exercise any control over any new business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship or corporation, without first providing the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the address, telephone number, e-mail address, and website address of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities; or,

18

RE-00107

E.      Interfere with or harass the Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estates.

## VIII.  COOPERATION WITH THE RECEIVER

33.     Defendants and Receivership Entities, and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, whether acting directly or indirectly and all persons who receive actual notice of this Order, shall fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities. This cooperation and assistance shall include, but is not limited to:

A.      Providing information to the Receiver as directed above or that the Receiver deems necessary to exercise the authority and discharge the responsibilities delegated to the Receiver under this Order;

B.      Advising all persons who owe money to the Receivership Entities that all debts should be paid directly to the Receiver; and

C.      Transferring funds at the Receiver's direction and producing Documents related to the Assets and sales of the Receivership Entities. The entities obligated to cooperate with the Receiver under this provision include financial institutions and persons that have transacted business with the Receivership Entities. The Receiver shall promptly notify the Court and SEC counsel of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

## IX.     STAY OF LITIGATION

34.     As set forth in detail below, the following proceedings, excluding the instant proceeding and all police or regulatory actions and actions of the SEC related to the above-captioned enforcement action, are stayed until further Order of this Court:

19

RE-00108

23-11237.14812

All civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Receiver, in his capacity as Receiver; (b) any Receivership Property, wherever located; (c) any of the Receivership Entities, including subsidiaries and partnerships; or, (d) any of the Receivership Entities' past or present officers, directors, managers, agents, parent or affiliated entities, or general or limited partners sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

35.     The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

36.     All Ancillary Proceedings are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of one or more of the Receivership Entities against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

## X.     MANAGING ASSETS

37.     For each of the Receivership Estates, the Receiver shall establish one or more custodial accounts at a federally insured bank to receive and hold all cash equivalent Receivership Property (the "Receivership Funds").

38.     The Receiver's deposit account shall be entitled "Receiver's Account, Estate of Barton Companies" together with the name of the action.

RE-00109

23-11237.14813

39.     The Receiver may, without further Order of this Court, transfer, compromise, or otherwise dispose of any Receivership Property, other than real estate, in the ordinary course of business, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such Receivership Property.

40.     Subject to Paragraph 42 immediately below, the Receiver is authorized to locate, list for sale or lease, engage a broker for sale or lease, cause the sale or lease, and take all necessary and reasonable actions to cause the sale or lease of all real property in the Receivership Estates, either at public or private sale, on terms and in the manner the Receiver deems most beneficial to the Receivership Estate, and with due regard to the realization of the true and proper value of such real property.

41.     Upon further Order of this Court, pursuant to such procedures as may be required by this Court and additional authority such as 28 U.S.C. §§ 2001 and 2004, the Receiver will be authorized to sell, and transfer clear title to, all real property in the Receivership Estates.

42.     The Receiver is authorized to take all actions to manage, maintain, and/or wind-down business operations of the Receivership Estates, including making legally required payments to creditors, employees, and agents of the Receivership Estates and communicating with vendors, investors, governmental and regulatory authorities, and others, as appropriate.

RE-00110

23-11237.14814

43.     The Receiver shall take all necessary steps to enable the Receivership Funds to obtain and maintain the status of a taxable "Settlement Fund," within the meaning of Section 468B of the Internal Revenue Code and of the regulations.

## XI.     INVESTIGATE AND PROSECUTE CLAIMS

44.     The Receiver is authorized, empowered, and directed to investigate, prosecute, defend, intervene in or otherwise participate in, compromise, and/or adjust actions in any state, federal, or foreign court or proceeding of any kind as may in his discretion, and in consultation with SEC counsel, be advisable or proper to recover and/or conserve Receivership Property.

45.     Subject to his obligation to expend receivership funds in a reasonable and cost-effective manner, the Receiver is authorized, empowered, and directed to investigate the manner in which the financial and business affairs of the Receivership Entities were conducted and (after obtaining leave of this Court) to institute such actions and legal proceedings, for the benefit and on behalf of the Receivership Estate, as the Receiver deems necessary and appropriate; the Receiver may seek, among other legal and equitable relief, the imposition of constructive trusts, disgorgement of profits, asset turnover, avoidance of fraudulent transfers, rescission and restitution, collection of debts, and such other relief from this Court as may be necessary to enforce this Order. Where appropriate, the Receiver should provide prior notice to Counsel for the SEC before commencing investigations and/or actions.

46.     The Receiver hereby holds, and is therefore empowered to waive, all privileges, including the attorney-client privilege, held by all entity Receivership Entities.

22

47.     The Receiver has a continuing duty to ensure that there are no conflicts of interest between the Receiver, his Retained Personnel (as that term is defined below), and the Receivership Estate.

## XII.     BANKRUPTCY FILING

48.     Effective immediately, the Receiver, as sole and exclusive officer, director and managing member of Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, and Wall019, LLC (collectively, "Wall Entities"), shall possess sole and exclusive authority and control over the Wall Entities, as debtors-in-possession, in their respective Chapter 11 cases titled *In re WALL007 LLC, et al.*, No. 22-41049 (Bankr. E.D. Tex.) (the "Bankruptcy Cases") pending in the U.S. Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). The employment of any and all other officers, directors, managers or other employees of the Wall Entities is and are hereby terminated by the Court. All such persons shall comply with the applicable provisions of this Order.

49.     Within thirty (30) days of the entry of this Order, the Receiver shall report to this Court as to whether the Bankruptcy Cases should continue in Chapter 11, or be converted to Chapter 7, dismissed or suspended during the course of the receivership. The Receiver shall file the appropriate pleadings with the Court and the Bankruptcy Court effectuating this Order.

50.     The Receiver may seek authorization of this Court to file voluntary petitions for relief under Title 11 of the United States Code (the "Bankruptcy Code") for other Receivership Entities. If a Receivership Defendant is (or has been) placed in

23

23-11237.14816

bankruptcy proceedings, the Receiver may become, and may be empowered to operate each of the Receivership Estates as, a debtor in possession. In such a situation, the Receiver shall have all of the powers and duties as provided a debtor in possession under the Bankruptcy Code to the exclusion of any other person or entity. Pursuant to Paragraph 3 above, the Receiver is vested with management authority for all entity Receivership Entities and may therefore file and manage a Chapter 11 petition.

51.    All persons and entities, other than the Receiver, are barred from commencing any bankruptcy proceedings against any of the Receivership Entities.

## XIII.  LIABILITY OF RECEIVER

52.    Until further Order of this Court, the Receiver shall not be required to post bond or give an undertaking of any type in connection with his fiduciary obligations in this matter.

53.    The Receiver and his agents, acting within scope of such agency ("Retained Personnel"), are entitled to rely on all rules of law and Orders of this Court and shall not be liable to anyone for their own good faith compliance with any order, rule, law, judgment, or decree. In no event shall the Receiver or Retained Personnel be liable to anyone for their good faith compliance with their duties and responsibilities as Receiver or Retained Personnel.

54.    This Court shall retain jurisdiction over any action filed against the Receiver or Retained Personnel based upon acts or omissions committed in their representative capacities.

55.    In the event the Receiver decides to resign, the Receiver shall first give written notice to the SEC's counsel of record and the Court of its intention, and the

RE-00113

23-11237.14817

resignation shall not be effective until the Court appoints a successor. The Receiver shall then follow such instructions as the Court may provide.

## XIV.   RECOMMENDATIONS AND REPORTS

56.     The Receiver is authorized, empowered, and directed to develop a plan for the fair, reasonable, and efficient recovery and liquidation of all remaining, recovered, and recoverable Receivership Property (the "Liquidation Plan").

57.     Within ninety (90) days of the entry date of this Order, the Receiver shall file the Liquidation Plan in the above-captioned action, with service copies to counsel of record.

58.     Within thirty (30) days after the end of each subsequent calendar quarter following the date on which the Receiver files his Liquidation Plan, the Receiver shall file and serve a full report and accounting of each Receivership Estate (the "Quarterly Status Report"), reflecting (to the best of the Receiver's knowledge as of the period covered by the report) the existence, value, and location of all Receivership Property, and of the extent of liabilities, both those claimed to exist by others and those the Receiver believes to be legal obligations of the Receivership Estates.

59.     The Quarterly Status Report shall contain the following:

A.     A summary of the operations of the Receiver;

B.     The amount of cash on hand, the amount and nature of accrued administrative expenses, and the amount of unencumbered funds in the estate;

C.     A schedule of all the Receiver's receipts and disbursements (attached as Exhibit A to the Quarterly Status Report), with one column for the quarterly period covered and a second column for the entire duration of the receivership;

RE-00114

23-11237.14818

D.      A description of all known Receivership Property, including approximate or actual valuations, anticipated or proposed dispositions, and reasons for retaining assets where no disposition is intended;

E.      A description of liquidated and unliquidated claims held by the Receivership Estate, including the need for forensic and/or investigatory resources; approximate valuations of claims; and anticipated or proposed methods of enforcing such claims (including likelihood of success in: (i) reducing the claims to judgment; and, (ii) collecting such judgments);

F.      A list of all known creditors with their addresses and the amounts of their claims;

G.      The status of Creditor Claims Proceedings, after such proceedings have been commenced; and,

H.      The Receiver's recommendations for a continuation or discontinuation of the receivership and the reasons for the recommendations.

60.      On the request of the SEC, the Receiver shall provide the SEC with any documentation that the SEC deems necessary to meet its reporting requirements, that is mandated by statute or Congress, or that is otherwise necessary to further the SEC's mission.

## XV.    FEES, EXPENSES, AND ACCOUNTINGS

61.      Subject to the paragraphs below, the Receiver need not obtain Court approval prior to the disbursement of Receivership Funds for expenses in the ordinary course of the administration and operation of the receivership. Further, prior Court approval is not required for payments of applicable federal, state, or local taxes.

62.      Subject to the paragraph immediately below, the Receiver is authorized to solicit persons and entities ("Retained Personnel") to assist him in carrying out the duties and responsibilities described in this Order. The Receiver shall not engage any

RE-00115

23-11237.14819

Retained Personnel without first obtaining an Order of the Court authorizing such engagement.

63.    The Receiver and Retained Personnel are entitled to reasonable compensation and expense reimbursement from the Receivership Estates. Such compensation shall require the prior approval of the Court.

64.    Within forty-five (45) days after the end of each calendar quarter, the Receiver and Retained Personnel shall apply to the Court for compensation and expense reimbursement from the Receivership Estates (the "Quarterly Fee Applications"). At least thirty (30) days prior to filing each Quarterly Fee Application with the Court, the Receiver will serve upon counsel for the SEC a complete copy of the proposed Application, together with all exhibits and relevant billing information in a format to be provided by SEC staff.

65.    All Quarterly Fee Applications will be interim and will be subject to cost benefit and final reviews at the close of the receivership. At the close of the receivership, the Receiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the Receiver during the course of the receivership.

66.    Quarterly Fee Applications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership.

RE-00116

23-11237.14820

67.     Each Quarterly Fee Application shall:

A.      Contain representations that: (i) the fees and expenses included therein were incurred in the best interests of the Receivership Estate; and, (ii) unless previously disclosed to and approved by the Court, the Receiver has not entered into any agreement, written or oral, express or implied, with any person or entity concerning the amount of compensation paid or to be paid from the Receivership Estate, or any sharing thereof.

68.     At the close of the Receivership, the Receiver shall submit a Final Accounting, in a format to be provided by SEC staff, as well as the Receiver's final application for compensation and expense reimbursement.

**IT IS SO ORDERED**, this 29th day of November, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

28

RE-00117

# TAB 5

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     *Plaintiff*,

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (a/k/a MICHAEL FU),
STEPHEN T. WALL,

     *Defendants*,

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

     *Relief Defendants*.

§ § § § § § § § § § § § § § § § § § § § § § § § § § § §

Civil Action No. 3:22-CV-2118-X

**PRELIMINARY INJUNCTION ORDER**

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Appointment of a Receiver, for a Preliminary Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose (Doc. 309, the "Motion"). Having carefully considered the Motion, the Court **GRANTS IN PART** the SEC's request for a preliminary injunction and ancillary relief and to lift the stay.

1

RE-00118

23-11237.14822

The SEC here has multiple requests, including for: an asset freeze; a sworn accounting; and preservation order.[1]

There is "explicit statutory authorization" that allows a preliminary injunction in an SEC civil enforcement action.[2]  The Court is "empowered" to freeze assets "to preserve the status quo and prevent dissipation of ill-gotten gains so that they remain available."[3]  If the SEC can make a "proper showing" that there is a "reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws," it can receive injunctive relief.[4]  This showing is "usually made with proof of past substantive violations that indicate a reasonable likelihood of future substantive violations."[5]  And the standard of proof is preponderance of the evidence.[6]

---

[1] Doc. 309 at 28–31.

[2] *SEC v. Faulkner*, No. 3:16-CV-1735-D, 2017 WL 4238705, at *2 (N.D. Tex. Sept. 25, 2017) (Fitzwater, J.) (discussing § 20(b) of the 1933 Act, 15 U.S.C. § 77t(b), and § 21(d) of the 1934 Act, 15 U.S.C. § 77u(d)).

[3] *Id.* at *3.

[4] *SEC v. First Fin. Grp. of Tex.*, 645 F.2d 429, 434 (5th Cir. 1981) (citing to *Aaron v. SEC*, 446 U.S. 680, 699 (1980)).  In the case at hand, the Fifth Circuit instructed this Court that the *First Financial* receivership test did not control since the SEC had not previously obtained an injunction. *See SEC v. Barton*, 79 F.4th 573, 578 (5th Cir. 2023).  Here, the Court relies on *First Financial* only for the standard the Fifth Circuit said it applied to: a preliminary injunction in a SEC civil enforcement action, not for the receivership test.  The Court believes this is the standard it should follow, though the Court also finds that a preliminary injunction is warranted because the SEC has established that there is a substantial likelihood of success on the merits that Barton violated the federal securities laws, there will be irreparable harm without the preliminary injunction,  the balance of equities favors an injunction, and it is in the public interest to issue a preliminary injunction.  *See* Doc. 309 at 22–24; Doc. 390 ¶¶ 4–30, 47–55.  Without an injunction, there is a clear likelihood of irreparable harm to the defrauded investors of further dissipation of assets.  Such dissipation of assets will preclude recovery for the investors—this important interest outweighs any harm that Barton may suffer if he is enjoined from transferring assets.  And seeking to protect the interests of defrauded investors and uphold federal securities law is in the public interest.

[5] *First Fin.*, 645 F.2d at 434.

[6] *Id.*

2

RE-00119

23-11237.14823

Here, there is significant record evidence of Barton's "past substantive violations" of federal securities law.[7]  The SEC alleges the following facts.  Timothy Barton, Stephen T. Wall, and Haoqiang Fu (collectively "Barton Defendants") raised over $26 million from Chinese investors for real estate investments in Texas.[8]  But instead of using those investor funds for the specific land parcels as the Barton Defendants had told the investors, the money was misappropriated and spent on numerous improper purposes.[9]  The misuse of funds included purchasing properties in the name of other entities that Barton controlled, paying other unrelated real estate expenses, and paying Barton's personal and family expenses, "including exorbitant credit card bills, rent, and to buy a plane."[10]  The Barton Defendants also falsely told the investors that the investments were fully guaranteed, but left out that the guaranteeing company had no assets.[11]   In addition, the Barton Defendants inflated the land purchase prices in communications with  the investors, allowing the Barton Defendants to raise more money.[12]  The Court thus finds that that the SEC has made a "proper showing" that, based on proof of "past substantial violations," there is a reasonable likelihood that the defendant[s] [are] engaged or about to engage in practices that violate the federal securities laws."[13]

---

[7] *See* Doc. 1 at 5–23; *see also* Doc. 309 at 9–17; Doc. 390 ¶¶ 22–25.

[8] Doc. 309 at 7 note 1, 9–11.

[9] *Id.* at 11–14.

[10] *Id.* at 12.

[11] *Id.* at 16–17.

[12] *Id.* at 14–16.

[13] *First Fin.*, 645 F.2d at 434.

RE-00120

23-11237.14824

And not only is an injunction expressly authorized by law,[14] it's a good idea in this case.  Barton's commingling is extensive.[15] And because of Barton's "commingling of funds, transferring of properties, and interference with tracing efforts,"[16] the SEC and the Receiver haven't been able to trace all entities that have "received or benefited from"[17] Wall Investor Funds.  An asset freeze would enable both the SEC and the Receiver to investigate and trace assets to other entities that are subject to the freeze.[18]  Preserving assets also protects this Court's ability to provide a  recovery for the defrauded investors.  It seems unlikely that the entire value of the assets within the Receivership will meet the approximate $26 million that investors lost due to Barton's fraud.[19]  Every piece of real property but one in the initial receivership is encumbered by debt, and many of Barton's assets are constrained by liens and claims.[20]  Given Barton's prior conduct, without an injunction, it's likely that Barton would further dissipate or conceal assets, limiting recovery for the defrauded investors.

Having considered the pleadings and submissions in this case, including the Motion and the supporting declarations and exhibits, and the other evidence and

---

[14] *See Faulkner*, 2017 WL 4238705, at *2.

[15] Doc. 308 ¶¶ 23–32.

[16] Doc. 390 ¶ 52.

[17] *Barton*, 79 F.4th at 580.

[18] Just one example of Barton's commingling is using loan proceeds obtained by one entity for the benefit of another.  *See* Doc. 308 ¶¶ 29, 184.

[19] Doc. 390 ¶ 54; Doc. 308 ¶ 101.

[20] *See* Doc. 308 ¶ 20.

RE-00121

23-11237.14825

argument presented to the Court,[21] the Court finds, by a preponderance of the evidence, that the loan agreements are securities because they are investment contracts and notes, and there is a reasonable likelihood that defendants, acting with scienter, obtained money from Wall Investors by making false statements about the use of the investments, misappropriating the money, misstating land purchase prices, and making false statements about whether the investments were fully guaranteed, in violation of § 17(a) of the 1933 Act and § 10(b) of the 1934 Act and Rule 10bn-5.   The Court thus enters the order below granting the requested injunctive relief.

The Court finds that:

1.      This Court has jurisdiction over the parties to, and the subject matter of, this action, and the SEC is a proper party to bring this action seeking the relief sought in its Complaint, and its Motion.

2.      The SEC has established that, by a preponderance of the evidence, based on proof of past substantive violations, there is a reasonable likelihood that Defendants Timothy Barton ("Barton"), Wall007, LLC, Wall009, LLC, Wall010, LLC, Wall011, LLC, Wall012, LLC, Wall016, LLC, Wall017, LLC, Wall018, LLC, Wall019, LLC, and Carnegie Development, LLC are engaged or about to engage in practices that violate the federal securities laws, including Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934, 15

---

[21] *See* Docs. 309 at 22–24; 390 ¶¶ 4–30, 47–55.  The Court also considers all of the argument, testimony, and unobjected to evidence presented at the evidentiary hearing for this motion on October 11, 2023.  *See* Doc. 359.

RE-00122

23-11237.14826

U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

3.      Good cause exists to believe that Barton used improper and unlawful means to obtain investor funds and that investor funds and assets obtained with investor funds have been misappropriated and misapplied, as described in the SEC's Complaint and in the Motion.  Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton will dissipate, conceal, or transfer assets, including investor funds and assets obtained with, or that otherwise benefited from, investor funds.

4.      There is good cause to believe that Barton and the entities that Barton directly or indirectly controls do not have sufficient funds or assets to satisfy the potential disgorgement of ill-gotten gains for the benefit of investors.

5.      Good cause exists to believe that an accounting of assets held by Barton and the entities that Barton directly or indirectly controls is necessary to determine the disposition of investor funds and assets obtained with, or that otherwise benefited from, investor funds, and to determine which entities that Barton directly or indirectly controls received or benefited from investor funds.

6.      Good cause exists to believe that, unless restrained and enjoined by order of this Court, Barton may alter or destroy documents relevant to this action, and it is necessary to preserve and maintain the business records of Barton and his controlled entities from destruction.

7.      The Court finds that the SEC has brought this action to enforce the federal securities laws, in furtherance of the SEC's regulatory powers, and the relief

RE-00123

23-11237.14827

sought by the SEC and provided in this Order is in the public interest by preserving the illicit proceeds of fraudulent conduct and is not in furtherance of a pecuniary purpose, and, therefore, the Court concludes that the entry of this Order is excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

8.      Good cause exists to lift the Court-imposed stay for the limited purpose of adjudicating the Motion.

The Court therefore grants the following relief without prejudice to any of the remaining relief requested by the SEC in its Motion.

**IT IS THEREFORE ORDERED** that the stay is lifted for the limited purpose of adjudicating the Motion and **IT IS FURTHER ORDERED:**

### I.      Preliminary Injunction Order

All funds, property, or other assets (the "Freeze Assets") of any entity that Barton directly or indirectly controls that is not placed in receivership are hereby frozen until further order of this Court.  Barton and any other person or entity with direct or indirect control over any Freeze Assets are preliminarily enjoined from transferring, selling, dissipating, assigning, concealing, pledging, withdrawing, alienating, encumbering, incurring debt upon, disposing of, or diminishing the value of any Freeze Asset.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees,

RE-00124

23-11237.14828

and attorneys; and (b) other persons who are in active concert or participation with

Barton or with anyone described in (a).

Entities that Barton directly or indirectly controls that have not been placed

in receivership include, but are not limited to:

1.   2999 Acquisitions, LLC (Delaware)
2.   2999 Middlebury, LLC (Delaware)
3.   2999 Roxbury, LLC (Delaware)
4.   2999TC Founders, LLC (Delaware)
5.   2999TC JMJ Equity, LLC
6.   2999TC JMJ MGR, LLC (Delaware)
7.   2999TC JMJ, LLC (Delaware)
8.   2999TC JMJ, LLC (Texas)
9.   2999TC LP, LLC (Delaware)
10.  2999TC MM, LLC
11.  2999TC MZ, LLC (Delaware)
12.  AVEG WW, LLC (Delaware)
13.  Barton Texas Water District, LLC
14.  Barton Water District, LLC (Delaware)
15.  BC Acquisitions, LLC (Delaware)
16.  BSJ Trading, LLC
17.  BUILD VIOLET, LLC
18.  Carnegie Finance, LLC
19.  Condo Towers GP, LLC
20.  CYNKFP, LLC
21.  D4AT, LLC
22.  D4BM, LLC
23.  D4BR, LLC (Texas)
24.  D4SMC, LLC
25.  D4WP, LLC
26.  Dallas Real Estate Management, LLC
27.  Five Star GM, LLC (Delaware)
28.  Food & Leverage Real Estate, LLC (Delaware)
29.  Glenwood (18340) Property, LLC (Delaware)
30.  Illuminate Dallas, LLC (Texas)
31.  JB Special Asset, LLC
32.  JMJ Acquisitions Mgmt, LLC
33.  JMJ Aviation, LLC (Texas)
34.  JMJ BLUES TX, LLC

8

RE-00125

23-11237.14829

35. JMJ Blues, LLC
36. JMJ Centre, LLC
37. JMJ Development Brasil, LTDA
38. JMJ Development Fund
39. JMJ Development Fund, Inc.
40. JMJ EB5 Fund GP, LLC (Delaware)
41. JMJ EB5 Fund, LP (Delaware)
42. JMJ Holdings, LLC
43. JMJ Holdings US, LLC
44. JMJ Holdings USA, Inc.
45. JMJ Home Building Inc. (Nevada)
46. JMJ Hospitality General Trading FZE
47. JMJ Hospitality UAE
48. JMJ Investments Limited
49. JMJ Land Acquisition, Inc (Nevada)
50. JMJ Land Development, Inc (Nevada)
51. JMJ Land Venture, LLC
52. JMJ Mezzanine, Inc (Nevada)
53. JMJ MF Development, LLC
54. JMJ Multifamily, Inc (Nevada)
55. JMJ Offshore, LTD
56. JMJ Regional Center, LLC (Delaware)
57. JMJ Valley Center, LLC
58. JMJ148, LLC (Texas)
59. JMJD4Allensville, LLC
60. JMJDWG, LLC (Texas)
61. JMJKH, LLC
62. Lynn Investments, LLC
63. MCFW, LLC
64. MCRS2019, LLC (Texas)
65. MMCYN, LLC
66. MV9490 Land Lot, LLC
67. MV9490 Management, LLC
68. MV9490, LLC
69. MXBA Managed, LLC
70. MXBA Services, LLC
71. Northstar 114, LLC (Delaware)
72. Northstar PM, LLC (Delaware)
73. One Agent Texas, LLC (Texas)
74. One Agent, LLC (Delaware)
75. ONE FHC, LLC (Texas)

RE-00126

76.  Residential MF Assets, LLC (Delaware)

77.  Rhino Stainless US, LLC

78.  Riverwalk Invesco, LLC (Delaware)

79.  Riverwalk Opportunity Management, LLC (Delaware)

80.  Riverwalk OZFM, LLC (Delaware)

81.  Riverwalk OZFV, LLC (Delaware)

82.  Riverwalk QOZBJ, LLC (Delaware)

83.  Riverwalk QOZBM, LLC (Delaware)

84.  Riverwalk QOZBV, LLC (Delaware)

85.  SK Carnegie, LLC

86.  STL Park, LLC (Delaware)

87.  Tarm Carnegie Management, LLC (Delaware)

88.  Tarm Carnegie, LLC (Texas)

89.  The Towers Condominium Partners Ltd.

90.  VenusBK195, LLC (Texas)

91.  VenusPark201, LLC (Delaware)

92.  2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC

93.  Broadview Holdings Trust

94.  D4AVEG, LLC

95.  D4OPM, LLC

96.  Dallas Real Estate Investors, LLC

97.  Dallas Real Estate Lenders, LLC (Delaware)

98.  Five Star MM, LLC (Delaware)

99.  Five Star MM, LLC (Texas)

100.  Five Star TC, LLC (Delaware)

101.  JMJ Residential, LLC

102.  JMJD4, LLC

103.  MF Container, LLC (Delaware)

104.  Middlebury Trust

105.  MXBA, LLC

106.  One MF Residential, LLC

107.  One MFD4, LLC

108.  One Pass Investments, LLC (Delaware)

109.  One RL Trust

110.  One SF Residential, LLC

111.  The MXBA Trust

112.  The Timothy L. Barton Irrevocable Life Insurance

113.  TLB 2012 IRR Trust

114.  TLB 2018 Trust

115.  TLB 2019 Trust

116.  TLB 2020 Trust

10

RE-00127

23-11237.14831

117. TRTX Properties, LLC
118. TRWF LODGE, LLC
119. TRWF, LLC

The SEC may cause a copy of this Order to be served on any bank, trust company, broker-dealer, depository institution, third-party payment processor, title company, any other holder or custodian of any digital assets, or on any entity or individual either by United States mail, email, or facsimile as if such service were personal service, to restrain and enjoin any such institution, entity, or individual from disbursing assets, directly or indirectly, to or on behalf of Barton, or any persons or entities under his control.

## II.    Sworn Accounting

Barton shall provide an ex parte sworn accounting, under seal and under oath, within ten (10) days of the issuance of this Order.  The accounting shall be made available only to the Receiver.  The accounting shall detail by amount, date, method and location of transfer, payee and payor, purpose of payment or transfer:  (a) all investor monies and other benefits received, directly and indirectly, from or as a result of the activities alleged in the Complaint or thereafter transferred; (b) all monies and other assets received, directly or indirectly, from investors; (c) all current assets and liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present wherever the assets and liabilities may be located and by whomever they are being held; and (d) all accounts with any bank, credit union, trust company, title company, financial or brokerage institution maintained for Barton or any entity he directly or indirectly

11

RE-00128

23-11237.14832

controls or controlled at any point during the period from January 1, 2017 to the present. The accounting must be sufficiently detailed to permit a full understanding of the flow of investor funds from the investor to its present location to the extent known by Barton or within his power to learn.

### III.   Document Preservation Order

Except as otherwise ordered by this Court, Barton is hereby temporarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any (1) documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, emails, correspondence, memoranda, brochures, or any other documents of any kind his possession, custody, or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise) relevant to this lawsuit or the assets or liabilities of Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017, and (2) accounts, account passwords, computer passwords, device PINs and passwords, cryptographic keys, or digital wallets, pertaining in any manner to Barton or any entity he directly or indirectly controls or controlled any point during the period from January 1, 2017 to the present.

As provided in Rule 65(d)(2) of the Federal Rules of Civil Procedure, the foregoing paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) Barton's officers, agents, servants, employees,

RE-00129

23-11237.14833

and attorneys; and (b) other persons who are in active concert or participation with Barton or with anyone described in (a).

## IV.      Retention of Jurisdiction

This Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

**IT IS SO ORDERED**, this 29th day of November, 2023.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

RE-00130

23-11237.14834

# TAB 6

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § § | |
| TIMOTHY BARTON, CARNEGIE DEVELOPMENT, LLC, WALL007, LLC, WALL009, LLC, WALL010, LLC, WALL011, LLC, WALL012, LLC, WALL016, LLC, WALL017, LLC, WALL018, LLC, WALL019, LLC, HAOQIANG FU (a/k/a MICHAEL FU), STEPHEN T. WALL, | § § § § § § § § § § § § § § § § | Civil Action No. 3:22-CV-2118-X |
| *Defendants*, | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

## ORDER GRANTING IN PART RECEIVER'S BLESSING MOTION

Before the Court is the Receiver's Expedited Motion to Approve, Ratify, Adopt, and Otherwise "Bless" Previous Actions of Receiver and Orders Issued Prior to Effective Date of Vacatur of Initial Receivership Order (the "Motion"). (Doc. 372). In this motion, the Receiver asks for the following: (1) ratification of all activities undertaken by the Receiver and his retained professionals in good faith;

1

RE-00131

23-11237.14835

(2) ratification of nine prior orders by the Court; (3) approval of carryover of accrued fees and expenses and authorization to file one Final Accounting; (4) continuation of litigation stay; (5) order requiring Barton file a Notice of Compliance with each relevant paragraph of the new Receivership Order; and (6) immunity for the Receiver and his Retained Professionals for activities taken in good faith under the prior receivership.[1]

Having carefully considered the Motion, the Court concludes that the Motion should be and hereby is **GRANTED IN PART.**

The Court will address each of the Receiver's requests in turn.

First, the Receiver asks the Court ratify all activities undertaken, in good faith, by the Receiver and his Retained Professionals in reliance on and in performance of the Initial Receivership Order.[2]  Such activities include, "his present possession of any documents, data, assets, properties, access credentials, or materials; use of the tax ID number obtained and the bank account opened for the receivership created by the Initial Receivership Order; preparation and filing of tax returns for Receivership Entities; and all contracts and agreements entered into in his capacity as Receiver."[3] Barton argues that because the prior receivership was vacated, the vacated orders "are entitled to no legal effect," and thus cannot be ratified.[4]  Barton would like us to believe that the Fifth Circuit's order in this case "evaporate[d]" the last year of

---

[1] Doc. 372.

[2] *Id.* at 12–13.

[3] *Id.*

[4] Doc. 397 at 3.

RE-00132

23-11237.14836

receivership history "as if it never existed."[5]  The Court agrees with the Receiver that

"each order, each activity" under the prior receivership "did factually occur."[6]  Since

his appointment, the Receiver has had thirteen months of receivership activity.  Tax

returns were filed.  A bank account was opened.  Contracts were signed.  As such, the

Court **GRANTS** this request because these activities are administrative, consistent

with the Court's "broad powers and wide discretion to determine the appropriate

relief in an equity receivership."[7]

Second, the Receiver asks the Court to adopt nine orders, *nunc pro tunc*, it

previously issued as to the administration of the prior Receivership Estate.[8]  These

orders are: Order Ratifying or Approving Agreements with DLP Capital and HNGH

Turtle Creek;[9] Order Ratifying Agreement with Lumar Land and Cattle;[10] Order

Granting Motion for Order Governing Administration of the Receivership Estate;[11]

Order Declaring Lis Pendens Void (as included in the Order Approving the Sale of

the Rock Creek Property);[12] Order Granting Motion to Compel and Establishing

Privilege Protocol;[13]  Orders  Granting  Fee  Petitions;[14]  and  Order  Approving

---

[5] *Id.*

[6] Doc. 408 at 4.

[7] *SEC v. Safety Fin. Serv., Inc.*, 674 F.2d 368, 372–73 (5th Cir. 1982).

[8] Doc. 372 at 13–14.

[9] Docs. 109, 236.

[10] Doc. 163.

[11] Doc. 63.

[12] Doc. 104.

[13] Doc. 235.

[14] Docs. 195, 287.

RE-00133

23-11237.14837

Engagement Agreements.[15]  Barton's objects to this request on the same grounds as the Receiver's first request.[16]  Like the Court said above, the fact that these orders were issued is a reality.  Four of these orders are purely administrative.[17]  Three of these orders involve the Court approving settlement agreements relating to the Receivership Estate[18]—orders, the Court notes, it did not have to issue since 28 U.S.C. § 2001, which governs the sale of real property by a receiver, does not apply to settlement agreements or contractual compromises.[19]  The order finding Barton in civil contempt and compelling him to comply with the Court's orders,  also establishes a privilege protocol—again, an administrative function.[20]  Though that ruling is in an order that also holds Barton in contempt, the Court is only ratifying the privilege protocol.  The last order the Receiver seeks to ratify is one in which the Court found that Barton's Notice of Lis Pendens on a property was void.[21]  Though that ruling is in an order that also approves the sale of a property, the Receiver does not ask to, and the Court does not here ratify the sale of that property, only the ruling that the lis

---

[15] Doc. 38.

[16] *See* Doc. 397 at 2–7.

[17] *See* Doc. 63 (order governing administration of the Receivership Estate); Doc. 195 (order granting the Receiver's first quarterly fee application); Doc. 287 (order granting the Receiver's second quarterly fee application); and Doc. 38 (approving the Receiver's engagements of professionals).

[18] *See* Doc. 109 (order granting Receiver's motion to ratify a settlement agreement); Doc. 236 (order granting Receiver's motion to ratify a settlement agreement); and Doc. 163 (order granting Receiver's motion to ratify a partial settlement agreement).

[19] *See* Doc. 163 at 1 (quoting 28 U.S.C. § 2001 (detailing procedures for sale of "[a]ny realty or interest therein sold under decree of any court of the United States" as well as "[p]roperty in the possession of a receiver").

[20] Doc. 235 at 8–11.

[21] Doc. 104.

RE-00134

23-11237.14838

pendens was void.  Accordingly, the Court will adopt these nine orders and **GRANTS** this request.

Third, the Receiver requests that the Court approve carryover of accrued fees and expenses and authorize the Receiver to file one Final Accounting.[22]  Barton is concerned that he would lack the opportunity to object to fee applications if the Court grants the Receiver's request.[23]  The Court isn't worried about this.  As for the previously approved fees and expenses, the Court's already considered Barton's objections.  And for any remaining fee application the Receiver may need to file, Barton will have the opportunity to object once the application is filed.  The Court **GRANTS** this request.

Fourth, the Receiver requests the Court continue the prior litigation stay.[24] Barton objects because the Court can order a litigation stay with a new receivership.[25] The Court did just that with the new Receivership Order.  And since notices of stay have already been filed, the Court finds that pending litigation has been stayed and now remains stayed under the new receivership.  The Court **DENIES** this request.

Fifth, the Receiver asks the Court to order Barton to file a Notice of Compliance preemptively with the new Receivership Order.[26]  The Court does not find it

---

[22] Doc. 372 at 14–15.

[23] Doc. 397 at 7–8.

[24] Doc. 372 at 15–16.

[25] Doc. 397 at 8.

[26] Doc. 372 at 16.

RE-00135

23-11237.14839

necessary to do so.  Rather, with the Court's new Receivership Order, Barton is already ordered to comply.  The Court **DENIES** this request.

And finally, the Receiver asks for immunity for all prior acts of the Receiver, made in good faith, under the previous receivership.[27]  Barton objects, opposing to "blanket immunity"[28] and claiming that the Receiver analogize[d] himself to the Court.[29]  But Mr. Thomas _is_ an agent of the Court.  As the Supreme Court and Fifth Circuit explained, "The receiver is not an agent of the parties . . . [h]e is an officer or arm of the court . . . appointed to assist the court in protecting and preserving, for the benefit of all parties concerned, the properties in the court's custody."[30]  Therefore, the Court will release the Receiver, his Retained Professionals, and all agents from any liability for any action undertaken in performance of the prior Receivership Order.  The Court will also expressly retain jurisdiction over any and all matters relating to the Receiver and the Receivership based on performance of the prior Receivership Order.  The Court is being consistent.  In the new Receivership Order, the Court released the Receiver and his agents from liability for any actions undertaken in performance of the new receivership, and retained jurisdiction over

---

[27] _Id._ at 16–19.

[28] Doc. 397 at 8–10.

[29] _Id._ at 8.  In fact, what Barton said was, "[w]e must have missed his appointment by the President and confirmation by the Senate."  _Id._

[30] _See Zacarias v. Stanford Int'l Bank, Ltd._, 945 F.3d 883, 896 (5th Cir. 2019) (quoting _Crites, Inc. v. Prudential Ins. Co. of Am._, 322 U.S. 408, 414 (1944)).

RE-00136

23-11237.14840

any matters relating to the Receiver and his agents.   The Court **GRANTS** this request.

Accordingly, in reliance on the Order Appointing Receiver entered on November 29, 2023, (the "New Receivership Order") as well as the Court's discretion in administering a receivership, it is hereby ORDERED that:

1.    All activities undertaken by the Receiver and his Retained Professionals in good faith and in reliance on and in performing the Initial Receivership Order, including, but not limited to his present possession of any documents, data, assets, properties, access credentials, or materials; use of the tax ID number obtained and the bank account opened for the receivership created by the Initial Receivership Order; preparation and filing of tax returns for Receivership Entities; and all contracts and agreements entered into in his capacity as Receiver, are **HEREBY RATIFIED**.

2.    The Receiver's possession or control over **any and all** materials and information obtained pursuant to the Initial Receivership Order is **HEREBY RATIFIED.**

3.    The Court **HEREBY RATIFIES and APPROVES** the Receiver's continued use of the tax ID number obtained in connection with the Initial Receivership Order, as well as use of the bank account opened in compliance with the Initial Receivership Order.

4. The Court **HEREBY RATIFIES and ADOPTS,** *nunc pro tunc* the following orders:

RE-00137

23-11237.14841

- Orders Ratifying or Approving Agreements with DLP Capital and HNGH Turtle Creek;[31]

- Order Ratifying Agreement with Lumar Land and Cattle;[32]

- Order Granting Motion for Order Governing Administration of the Receivership Estate;[33]

- Order Declaring Lis Pendens Void (as included in the Order Approving the Sale of the Rock Creek Property);[34]

- Order Granting Motion to Compel and Establishing Privilege Protocol;[35]

- Orders Granting Fee Petitions;[36]

- Order Approving Engagement Agreements;[37]

5.      The Court **HEREBY RATIFIES and APPROVES** carryover and assumption of any accrued but unpaid expenses, costs, or fees, incurred in connection with the Initial Receivership Order for consideration pursuant to the terms of the New Receivership Order, and when properly presented by the Receiver in a motion to approve and authorize payment of such expenses and fees.  Thus, any unpaid fee or expense incurred in performing the Initial Receivership Order are deemed, *nunc pro tunc*, a fee or expense incurred by the Receivership Estate in the course of administration based on a new Receivership Order.

---

[31] Docs. 109, 236.

[32] Doc. 163.

[33] Doc. 63.

[34] Doc. 104.

[35] Doc. 235.

[36] Docs. 195, 287.

[37] Doc. 38.

RE-00138

23-11237.14842

6. The Receiver is **EXCUSED** from submitting a Final Accounting "at the close of the Receivership," in connection with vacatur of the Initial Receivership Order. Instead, the Receiver is **AUTHORIZED** to file one final accounting at the close of the receivership created or continued by the New Receivership Order, following performance of all duties assigned in the New Receivership Order. All fees and expenses incurred during the administration of the Estate, whether premised on the Initial or a new Receivership Order shall be included in the same Final Accounting.

7. The Court **HEREBY RELEASES** the Receiver, his Retained Professionals, and all agents from any liability for any activity undertaken in performing the Initial Receivership Order. The Court also expressly retains jurisdiction over any and all matters relating to the Receiver, the Receivership and the Receivership Estate, *nunc pro tunc*, based on performance of the Initial Receivership Order.

It is **SO ORDERED**, this 29th day of November, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

9

RE-00139

23-11237.14843

# TAB 7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

     *Plaintiff*,

v.

TIMOTHY BARTON,
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (a/k/a MICHAEL FU),
STEPHEN T. WALL,

     *Defendants*,

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

     *Relief Defendants*.

§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§
§

Civil Action No. 3:22-CV-2118-X

## ORDER REGARDING APPRAISALS AND HEARINGS FOR THE SALE OF REAL PROPERTY

Before the Court are the Receiver's three motions to ratify the orders appointing appraisers, approving appraisals, and approving the sales of three properties. (Docs. 374, 376, 378). The three properties that are the subject of these

1

RE-00140

23-11237.14844

motions are the "Rock Creek Property,"[1] the "Frisco Gate Property,"[2] and the "Amerigold Suites."[3]

The Court previously approved the Receiver's motions to appoint appraisers, approve appraisals, and set hearings on these three properties.[4] The Court then held hearings for each of those motions.[5] After the hearings, the Court approved the sales of each of the properties.[6] The Receiver has yet to close these sales, because the Fifth Circuit's Order in this case stayed property dispositions.[7]

Now, the Receiver asks the Court to ratify the prior orders that appointed appraisers, approved the appraisals, and approved the sale of the properties.

The Court **CONSTRUES** the Receiver's ratifying motions as motions to appoint appraisers, approve appraisals, and set hearings for the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites. The Court relies on the same information as to appraisers and appraisals the Receiver provided the Court

---

[1] Doc. 374. This property is owned by prior (and new) Receivership Entity SF Rock Creek, LLC.

[2] Doc. 376. This property is owned by prior (and new) Receivership Entity FHC Acquisition, LLC.

[3] Doc. 378. This property is owned by prior (and new) Receivership Entity Goldmark Hospitality, LLC.

[4] *See* Doc. 99 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Rock Creek Property); Doc. 128 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Frisco Gate Property), and Doc. 197 (appointing appraisers, approving appraisals, and setting hearing for the approval of sale of the Amerigold Suites).

[5] *See* Doc. 103 (December 19, 2022 hearing for the approval of sale of the Rock Creek Property); Doc. 140 (January 31, 2023 hearing for the approval of sale of the Frisco Gate Property); Doc. 198 (March 20, 2023 hearing for the approval of sale of the Amerigold Suites).

[6] *See* Doc. 104 (approving the sale of the Rock Creek Property); Doc. 142 (approving the sale of the Frisco Gate Property); Doc. 202 (approving the sale of the Amerigold Suites).

[7] *SEC v. Barton*, 79 F.4th 573, 581–82 (5th Cir. 2023).

RE-00141

23-11237.14845

in its prior motions to this end.[8]  Having carefully considered the motions, the Court

concludes that the motions should be and hereby are **GRANTED.**  The Court will

hold hearings on these three motions on December 11, 2023, starting at 1:30 p.m.

As such, the Court **ORDERS** expedited briefing.  Any response is due by

December 6, 2023.[9]

It is **SO ORDERED**, this 29th day of November, 2023.

`

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[8] Docs. 76, 110, 167.

[9] Any response should respond to the argument and information in the Receiver's initial motions to appoint appraisers, approve appraisals, and set hearings. *See* Docs. 76, 110, 167.

3

RE-00142

**23-11237.14846**

# TAB 8

# U.S. District Court
## Northern District of Texas (Dallas)
## CIVIL DOCKET FOR CASE #: 3:22-cv-02118-X

| | |
|---|---|
| Securities and Exchange Commission v. Barton et al | Date Filed: 09/23/2022 |
| Assigned to: Judge Brantley Starr | Jury Demand: Plaintiff |
| Case in other court:  USCA5, 22-11132 | Nature of Suit: 850 Other Statutes: |
|                        USCA5, 22-11242 | Securities/Commodities/Exchange |
|                        USCA5, 23-10046 | Jurisdiction: Federal Question |
|                        USCA5, 23-10515 | |
|                        USCA5, 23-10516 | |
|                        USCA5, 23-11237 | |
|                        USCA5, 24-10004 | |

Cause: 15:78m(a) Securities Exchange Act

**Plaintiff**

**Securities and Exchange Commission**          represented by          **Keefe M Bernstein**
Securities and Exchange Commission
801 Cherry Street
Suite 1900
Fort Worth, TX 76102
817-900-2607
Fax: 817-978-4927
Email: bernsteink@sec.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

**David B Reece**
US Securities & Exchange Commission
Burnett Plaza Suite 1900
801 Cherry St Unit # 18
Fort Worth, TX 76102-6882
817-978-6476
Fax: 817-978-4927
Email: reeced@sec.gov
*TERMINATED: 07/20/2023*
*Bar Status: Admitted/In Good Standing*

**James E Etri**
Securities and Exchange Commission
801 Cherry Street
Fort Worth, TX 76102
817-978-1406
Email: etrij@sec.gov
*ATTORNEY TO BE NOTICED*
*Bar Status: Admitted/In Good Standing*

RE-00143

<span style="color:red">24-10004.1</span>

| | | |
|---|---|---|
| 01/04/2024 | 448 | ELECTRONIC ORDER: The Court MOOTS the Receiver's Motion for Permission to Abandon Certain Personal Property [Doc. 441] in light of the Receiver's Notice of Withdrawal [Doc. 447]. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/04/2024 | 449 | ELECTRONIC ORDER granting Motion to Withdraw as Attorney [Doc. 446]. Attorney Michael Dingman terminated. (Ordered by Judge Brantley Starr on 1/4/2024) (chmb) (Entered: 01/04/2024) |
| 01/05/2024 | 450 | MOTION to Lift Litigation Stay of BM318 Bankruptcy Case re 417 Order filed by Receiver. (Carrillo, C) (Entered: 01/05/2024) |
| 01/05/2024 | | USCA Case Number 24-10004 in USCA5 for 440 Notice of Appeal filed by Timothy Barton. (axm) (Entered: 01/05/2024) |
| 01/08/2024 | 451 | ORDER REGARDING THE FRISCO GATE PROPERTY. (Ordered by Judge Brantley Starr on 1/8/2024) (kaf) (Entered: 01/08/2024) |
| 01/08/2024 | 452 | Transcript Order Form: re 440 Notice of Appeal, transcript requested by Timothy Barton for Hearing 12/14/2023 (Court Reporter: Kelli Ann Willis.) Payment method: Private funds - Requester has obtained the estimate from the reporter and has paid or will pay the cost as directed. Reminder: If the transcript is ordered for an appeal, Appellant must also file a copy of the order form with the appeals court. (Edney, Michael) (Entered: 01/08/2024) |
| 01/12/2024 | 453 | NOTICE of Attorney Appearance by Deborah M Perry for Dennis L. Roossien, Jr. on behalf of The Dixon Water Foundation.. Party The Dixon Water Foundation added. (Perry, Deborah) (Entered: 01/12/2024) |
| 01/12/2024 | 454 | Certificate Regarding Judge-Specific Requirements. (Perry, Deborah) (Entered: 01/12/2024) |
| 01/25/2024 | | Record on Appeal for USCA5 23-11237 (related to 429 appeal): Record consisting of: 1 ECF electronic record on appeal (eROA) is certified, 4 Volume(s) electronic transcript. **PLEASE NOTE THE FOLLOWING:** Licensed attorneys must have filed an appearance in the USCA5 case and be registered for electronic filing in the USCA5 to access the paginated eROA in the USCA5 ECF system. (Take these steps immediately if you have not already done so. Once you have filed the notice of appearance and/or USCA5 ECF registration, it may take up to 3 business days for the circuit to notify the district clerk that we may grant you access to the eROA in the USCA5 ECF system.) To access the paginated record, log in to the USCA5 ECF system, and under the Utilities menu, select Electronic Record on Appeal. Pro se litigants may request a copy of the record by contacting the appeals deputy in advance to arrange delivery. (axm) (Entered: 01/25/2024) |
| 01/26/2024 | 455 | RESPONSE AND OBJECTION filed by Timothy Barton re: 450 MOTION to Lift Litigation Stay of BM318 Bankruptcy Case (Edney, Michael) (Entered: 01/26/2024) |
| 01/30/2024 | 456 | STATUS REPORT *Sixth Quarterly Report of Receiver* filed by Receiver. (Attachments: # 1 Exhibit(s) A - SFAR) (Thomas, Cort) (Entered: 01/30/2024) |

24-10004.61

| 02/03/2024 | 457 | MOTION for Reconsideration re 451 Order filed by Texas Republic Bank NA with Brief/Memorandum in Support. (Attachments: # 1 Exhibit(s), # 2 Proposed Order) (Schurr, Patrick) (Entered: 02/03/2024) |
|---|---|---|
| 02/09/2024 | 458 | REPLY filed by Receiver re: 450 MOTION to Lift Litigation Stay of BM318 Bankruptcy Case (Carrillo, C) (Entered: 02/09/2024) |
| 02/12/2024 | 459 | NOTICE of *Intended Auction of Art and Antiques* filed by Receiver (Attachments: # 1 Exhibit(s) A) (Koonce, Charlene) (Entered: 02/12/2024) |
| 02/14/2024 | 460 | MOTION for Extension of Time to File Third, Fourth, and Fifth Quarterly Fee Applications filed by Receiver (Attachments: # 1 Proposed Order) (Thomas, Cort) (Entered: 02/14/2024) |
| 02/14/2024 | 461 | MOTION to Withdraw as Attorney *and Substitute Counsel of Record* filed by McCormick 101, LLC (Attachments: # 1 Proposed Order) (Mills, Russell) (Entered: 02/14/2024) |
| 02/16/2024 | 462 | OBJECTION filed by Timothy Barton re: 459 Notice (Other) (Edney, Michael) (Entered: 02/16/2024) |
| 02/16/2024 | 463 | MOTION Modify Stay Provision Set Forth in Receiver Order filed by McCormick 101, LLC (Attachments: # 1 Proposed Order) (Mills, Russell) (Entered: 02/16/2024) |
| 02/20/2024 | 466 | USCA Letter Invoking Transcript Discount. Court Reporter: Kelli Ann Willis. Discount of 10 percent invoked. (axm) (Entered: 02/23/2024) |
| 02/21/2024 | 464 | ELECTRONIC ORDER granting 460 the Receiver's unopposed motion for extension of time to file the Third, Fourth, and Fifth Quarterly Fee Applications. The deadline to file those fee applications is extended to May 14, 2024. (Ordered by Judge Brantley Starr on 2/21/2024) (chmb) (Entered: 02/21/2024) |
| 02/21/2024 | 465 | Notice of Filing of Official Electronic Transcript of Motion to Approve Sale Proceedings held on 12-14-23 before Judge Brantley Starr. Court Reporter/Transcriber Kelli Ann Willis, Telephone number 214-753-2654. Parties are notified of their duty to review the transcript. A copy may be purchased from the court reporter or viewed at the clerk's office. If the transcript contains personal identifiers that must be redacted under MO 61, Fed.R.Civ.P. 5.2 or Fed.R.Crim.P. 49.1, or if the transcript contains the name of a minor child victim or a minor child witness that must be redacted under 18 U.S.C. § 3509, file a Redaction Request - Transcript within 21 days. If no action is taken, the entire transcript will be made available through PACER without redaction after 90 calendar days. The clerk will mail a copy of this notice to parties not electronically noticed. (83 pages) Redaction Request due 3/13/2024. Redacted Transcript Deadline set for 3/25/2024. Release of Transcript Restriction set for 5/21/2024. (kaw) (Entered: 02/21/2024) |
| 02/23/2024 | 467 | RESPONSE filed by Receiver re: 457 MOTION for Reconsideration re 451 Order (Carrillo, C) (Entered: 02/23/2024) |
| 02/23/2024 | 468 | RESPONSE filed by Palisades-TC, LLC re: 457 MOTION for Reconsideration re 451 Order (Patton, Jonathan) (Entered: 02/23/2024) |

| | | |
|---|---|---|
| 02/26/2024 | 469 | ELECTRONIC ORDER granting 461 Motion to Withdraw and Substitute Attorney. Attorneys Russell W. Mills, Gwen I. Walraven, and Lewis F. Collins, III terminated. (Ordered by Judge Brantley Starr on 2/26/2024) (chmb) (Entered: 02/26/2024) |
| 02/26/2024 | 474 | Opinion of USCA in accordance with USCA judgment re 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. The appeal is DISMISSED AS MOOT. (axm) (Entered: 03/03/2024) |
| 02/26/2024 | 475 | JUDGMENT/MANDATE of USCA as to 130 Notice of Appeal filed by Gillespie Villas LLC, Titan Investments LLC, TRTX Properties LLC, Venus59 LLC, Maximilien Barton. The appeal is DISMISSED as moot. Issued as Mandate: 2/26/2024. (axm) (Entered: 03/03/2024) |
| 02/27/2024 | | ***Clerk's Notice of delivery: (see NEF for details) Docket No:469. Tue Feb 27 11:41:11 CST 2024 (crt) (Entered: 02/27/2024) |
| 02/27/2024 | 470 | RESPONSE filed by Receiver re: 462 Response/Objection (Attachments: # 1 Exhibit(s) 1) (Koonce, Charlene) (Entered: 02/27/2024) |
| 03/01/2024 | 471 | *** **Please Disregard per Attorney**\*** MOTION Lift Litigation Stay for Limited Purpose filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) Modified on 3/1/2024 (kcr). (Entered: 03/01/2024) |
| 03/01/2024 | 472 | MOTION for Leave to File Complaints Against Third Parties filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 03/01/2024) |
| 03/01/2024 | 473 | ***Duplicate Entry of # 472 *** MOTION for Leave to File Complaint against Third Parties filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) Modified text and inkage on 3/3/2024 (axm). (Entered: 03/01/2024) |
| 03/04/2024 | 476 | MOTION Lift Litigation Stay for Limited Purpose filed by Receiver with Brief/Memorandum in Support. (Koonce, Charlene) (Entered: 03/04/2024) |

# TAB 9

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | No. 3:22-CV-2118-X |
| TIMOTHY LYNCH BARTON | § | |
| CARNEGIE DEVELOPMENT, LLC | § | |
| WALL007, LLC | § | |
| WALL009, LLC | § | |
| WALL010, LLC | § | |
| WALL011, LLC | § | |
| WALL012, LLC | § | |
| WALL016, LLC | § | |
| WALL017, LLC | § | |
| WALL019, LLC | § | |
| HAOQIANG FU (a/k/a MICHAEL FU) | § | |
| STEPHEN T. WALL | § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC | § | |
| LDG001, LLC | § § | |
| *Relief Defendants.* | § | |

### DEFENDANT TIMOTHY LYNCH BARTON'S NOTICE OF APPEAL

PLEASE TAKE NOTICE that Defendant Timothy Lynch Barton, by counsel, hereby appeals to the United States Court of Appeals for the Fifth Circuit the Court's orders filed on December 15, 2023 and entered on December 16, 2023 (ECF Nos. 436, 437, and 438) approving the sales of the Rock Creek Property, the Frisco Gate Property, and the Amerigold Suites.

RE-00147

Dated: December 29, 2023

Respectfully submitted,

By: */s/ Michael J. Edney*
Michael J. Edney
Virginia Bar No. 48253
DC Bar No. 492024 (*admitted to N.D. Tex.)*
medney@huntonak.com
**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue NW
Washington, DC 20037
Phone: (202) 955-1500
Facsimile: (202) 778-2201

**COUNSEL FOR TIMOTHY LYNCH BARTON**

## CERTIFICATE OF SERVICE

On December 29, 2023 I filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5(b)(2).

*/s/ Michael J. Edney*
Michael J. Edney

2

RE-00148

24-10004.15105

# TAB 10

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>*Plaintiff,*<br><br>v.<br><br>TIMOTHY BARTON, et al.<br><br>*Defendants,*<br><br>DJD LAND PARTNERS, LLC, and LDG001, LLC,<br><br>*Relief Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:22-CV-2118-X |

## ORDER APPROVING SALE

Before the initial Receivership Order was vacated, the Receiver filed a motion to ratify the Court's prior orders appointing appraisers, approving appraisals, and approving the sale of the Amerigold Suites.[1]  The Court construed that motion as a motion to appoint appraisers, approve appraisals, and set hearings for the Amerigold Suites.[2]  The Court granted the Motion.[3]

At the conclusion of the hearing before the Court on December 14, 2023, and for the reasons stated at the hearing, the Court made the following findings.  First, the proposed sale satisfies all statutory requirements: the Receiver published notice

---

[1] Doc. 378.

[2] Doc. 420.

[3] *Id.*

1

RE-00149

of the sale, the Receiver obtained three independent appraisals on the property, which were accepted by the Court pursuant to 28 U.S.C. § 2001(b), the proposed sale price exceeds two-thirds of the appraised value, and the Receiver received no competing offers.[4]   Second, the proposed sale is in the best interest of the Receivership.

In light of these findings, the Court **APPROVES** the sale of the Property.  The Court additionally **AUTHORIZES** the Receiver to sell and to convey title to the Amerigold Suites free and clear of mortgages, liens, claims and encumbrances, after paying all secured lienholders in accordance with contractual terms and the Joint Stipulation between the Receiver and McCormick 101, LLC.[5]

**IT IS SO ORDERED,** this 15th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2001(b).

[5] Doc. 409.

2

RE-00150

**24-10004.15099**

# TAB 11

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants,* | § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § § | |
| *Relief Defendants.* | § § | |

## ORDER APPROVING SALE

Before the initial Receivership Order was vacated, the Receiver filed a motion to ratify the Court's prior orders appointing appraisers, approving appraisals, and approving the sale of the Rock Creek Property.[1] The Court construed that motion as a motion to appoint appraisers, approve appraisals, and set hearings for the Rock Creek Property.[2] The Court granted the Motion.[3]

At the conclusion of the hearing before the Court on December 14, 2023, and for the reasons stated at the hearing, the Court made the following findings. First, the proposed sale satisfies all statutory requirements: the Receiver published notice

---

[1] Doc. 374.

[2] Doc. 420.

[3] *Id.*

1

RE-00151

24-10004.15100

of the sale, the Receiver obtained three independent appraisals on the property, which were accepted by the Court pursuant to 28 U.S.C. § 2001(b), the proposed sale price exceeds two-thirds of the appraised value, and the Receiver received no competing offers.[4]   Second, the proposed sale is in the best interest of the Receivership.

In light of these findings, the Court **APPROVES** the sale of the Property.  The Court additionally **AUTHORIZES** the Receiver to sell and to convey title to the Rock Creek Property free and clear of mortgages, liens, claims and encumbrances, after paying all secured lienholders in accordance with contractual terms and the Joint Stipulation between the Receiver and The Rama Fund, LLC.[5]

**IT IS SO ORDERED,** this 15th day of December, 2023.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2001(b).

[5] Doc. 392.

2

RE-00152

**24-10004.15101**

# TAB 12

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:22-CV-2118-X |
| TIMOTHY BARTON, et al. | § § § | |
| *Defendants*, | § § § | |
| DJD LAND PARTNERS, LLC, and LDG001, LLC, | § § § | |
| *Relief Defendants*. | § § | |

**ORDER APPROVING SALE**

Before the initial Receivership Order was vacated, the Receiver filed a motion to ratify the Court's prior orders appointing appraisers, approving appraisals, and approving the sale of the Frisco Gate Property.[1] The Court construed that motion as a motion to appoint appraisers, approve appraisals, and set hearings for the Frisco Gate Property.[2] The Court granted the Motion.[3]

At the conclusion of the hearing before the Court on December 14, 2023, and for the reasons stated at the hearing, the Court made the following findings. First, the proposed sale satisfies all statutory requirements: the Receiver published notice

---

[1] Doc. 376.

[2] Doc. 420.

[3] *Id.*

1

RE-00153

24-10004.15102

of the sale, the Receiver obtained three independent appraisals on the property, which were accepted by the Court pursuant to 28 U.S.C. § 2001(b), the proposed sale price exceeds two-thirds of the appraised value, and the Receiver received no competing offers.[4]   Second, the proposed sale is in the best interest of the Receivership.

In light of these findings, the Court **APPROVES** the sale of the Frisco Gate Property.  Before closing, the Court will address by subsequent ruling the interests of Texas Republic Bank, N.A. and Palisades-TC, LLC.

**IT IS SO ORDERED,** this 15th day of December, 2023.

_____

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 2001(b).

2

RE-00154

24-10004.15103

# TAB 13

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

v.

TIMOTHY BARTON,                                         C.A. No.: 3:22-cv-2118-X
CARNEGIE DEVELOPMENT, LLC,
WALL007, LLC,
WALL009, LLC,                                              Jury Trial Demanded
WALL010, LLC,
WALL011, LLC,
WALL012, LLC,
WALL016, LLC,
WALL017, LLC,
WALL018, LLC,
WALL019, LLC,
HAOQIANG FU (A/K/A MICHAEL FU),
STEPHEN T. WALL,

                      Defendants,

DJD LAND PARTNERS, LLC, and
LDG001, LLC,

                      Relief Defendants.

**DECLARATION OF CAROL HAHN IN SUPPORT OF**
**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S**
**EXPEDITED MOTION FOR APPOINTMENT OF RECEIVER**

HEARING

EXHIBIT 1

exhibitsticker.com

**APP001**

RE-00155

I, Carol Hahn, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct, and that I am competent to testify to the matters stated herein:

1.     I am currently employed as a Staff Accountant with the United States Securities and Exchange Commission (the "Commission") in its Fort Worth Regional Office in Fort Worth, Texas.  I have been employed by the Commission since April 2005.  I hold a Bachelor of Science in Economics from Texas A&M University.  I am a Certified Fraud Examiner.  The facts set forth herein are based upon my personal knowledge or upon information contained in the files of the Commission.

2.     As a Staff Accountant with the Commission, my responsibilities include, but are not limited to, analyzing financial records of non-public corporations, partnerships, limited liability companies, other entities, and individuals.  During the course of these responsibilities, I routinely trace financial transactions to determine how they occurred and their ultimate disposition, summarize that information and data into various schedules and charts, and testify to such at hearings and trials.

3.     As part of my official duties, I have been involved in a Commission investigation related to Defendants Timothy Barton ("Barton"), Carnegie Development, LLC ("Carnegie Development"), Wall007, LLC ("Wall 7"), Wall009, LLC ("Wall 9"), Wall010, LLC ("Wall 10"), Wall011, LLC ("Wall 11"), Wall012, LLC ("Wall 12"), Wall016, LLC ("Wall 16"), Wall017, LLC ("Wall 17"), Wall018, LLC ("Wall 18"), and Wall019, LLC ("Wall 19"), Haoqiang Fu (a/k/a Michael Fu) ("Fu"), and Stephen T. Wall ("Wall") (collectively, "Defendants") and DJD Land Partners, LLC ("DJD") and LDG001, LLC ("LDG001") (collectively, "Relief Defendants"), to determine whether there have been violations of the federal securities laws.

**APP002**

RE-00156

4.      In connection with this investigation, and pursuant to subpoenas and standard documents requests, I, and other members of the Commission staff, reviewed various documents related to the Defendants, including but not limited to, various offering materials, bank account records, title company records, public records, and records produced to the Commission by other third-parties.

**Bank Records Analysis**

5.      As part of my official duties in this case, I have reviewed and analyzed bank records and other documents to determine the sources and uses of funds in connection with the Defendants' efforts to raise money from investors through investment loans issued by nine special-purpose entities formed to purchase specific pieces of land.   The nine special-purpose entities are Defendants Wall 7, Wall 9, Wall 10, Wall 11, Wall 12, Wall 16, Wall 17, Wall 18, and Wall 19 (each a "Wall Entity" or collectively, the "Wall Entities").

6.      From this review, I learned that Barton received investor funds directly into Wall Entity bank accounts in addition to bank accounts held in the name of entities controlled (directly or indirectly) by Barton, including JMJ Development, LLC ("JMJ Development") (investor funds were kept in that account), JMJ Hospitality, LLC ("JMJ Hospitality"), JMJAV LLC ("JMJAV"), and into his personal account.

7.      Wall received Wall Entity investor funds into his personal accounts and into accounts in the name of Carnegie Homes LLC, an entity Wall owns and controls, which were then deposited into a Wall Entity account.

3

**APP003**

8.      Fu received Wall Entity investor funds through one of his companies which were either wired to a Wall Entity account or were kept by Fu to offset fees and commissions purportedly owed to him.[1]

9.      The chart below identifies the 15 bank accounts in the names of the Wall Entities (together, the "Wall Entity Bank Accounts") that received Wall Entity investor funds or loan proceeds secured by a Wall Entity property:

| Bank Name | Account Name | Account Number (Last 4 Digits) |
|---|---|---|
| Capital One Bank N.A. | Wall007, LLC | -5436 |
| Capital One Bank N.A. | Wall007, LLC | -1714 |
| J.P. Morgan Chase Bank N.A. | Wall007, LLC | -3096 |
| Capital One Bank N.A. | Wall009, LLC | -6246 |
| J.P. Morgan Chase Bank N.A. | Wall009, LLC | -0075 |
| Capital One Bank N.A. | Wall010, LLC | -3851 |
| J.P. Morgan Chase Bank N.A. | Wall010, LLC | -0861 |
| Capital One Bank N.A. | Wall011, LLC | -1846 |
| J.P. Morgan Chase Bank N.A. | Wall011, LLC | -9823 |
| J.P. Morgan Chase Bank N.A. | Wall012, LLC | -0510 |
| J.P. Morgan Chase Bank N.A. | Wall016, LLC | -1761 |
| J.P. Morgan Chase Bank N.A. | Wall017, LLC | -2529 |
| J.P. Morgan Chase Bank N.A. | Wall017, LLC | -2081 |
| J.P. Morgan Chase Bank N.A. | Wall018, LLC | -6910 |
| J.P. Morgan Chase Bank N.A. | Wall019, LLC | -6359 |

---

[1] As discussed below, Barton also paid out additional investor funds to Fu as purported fees and commissions from various entity accounts he controlled.

**APP004**

RE-00158

10.     In addition to the Wall Entity Bank Accounts, there were investor funds received into the following additional accounts controlled, directly or indirectly, by Barton (together, the "Additional Barton Controlled Accounts"):

| Bank Name | Account Name | Account Number (Last 4 Digits) |
|---|---|---|
| Wells Fargo Bank N.A. | Timothy Barton | -2748 |
| Capital One Bank N.A. | Carnegie Development LLC | -1331 |
| J.P. Morgan Chase Bank N.A. | Carnegie Development LLC | -7036 |
| J.P. Morgan Chase Bank N.A. | JMJ Development LLC | -5193 |
| Capital One Bank N.A. | JMJ Development LLC | -1622 |
| Capital One Bank N.A. | JMJ Hospitality LLC | -0660 |
| Capital One Bank N.A. | JMJAV LLC | -5459 |

11.     Although bank statements were originally obtained for the time period January 1, 2015 to June 30, 2021, my review focused on the time period starting from January 1, 2017 through July 2019 (the "relevant period"), the last date that Wall Entity investor funds were obtained from investors based on the currently available evidence.[2]  For each account, when available, I reviewed account opening documents and signature cards[3], monthly account statements, transaction data files, deposit and withdrawal supporting documentation, and any correspondence.

12.     From my review of the bank records, I determined that Barton was a signatory, along with his administrative assistant, on the vast majority of the Wall Entity Bank Accounts and the Additional Barton Controlled Accounts.  His administrative assistant was the sole signatory on

---

[2] There are bank accounts for the Wall Entities and Additional Barton Controlled Accounts that are not listed in the charts above primarily because the dates of those accounts fall outside the relevant period.

[3] The bank did not produce a signature card for the Wall 17 (-2529) account.

APP005

RE-00159

the following accounts: Wall 10 (-3851) and JMJ Hospitality, LLC (-0660).  Barton was the sole signatory on his personal account (-2748), JMJ Development (-1662), and JMJAV (-5459).

13.    As part of my analysis, I classified financial transactions based on several factors, including the name of the payee or payor, annotations or memo notations associated with deposits or disbursements, and information gathered during the course of the Commission staff's investigation in this case.

14.    Based on this review, I determined that from approximately March 2017 through June 2019, the Wall Entities raised over $26.3 million from over 100 investors as shown in the chart below.

| Offering | Offering Dates[4] | Total Funds Raised[5] |
|---|---|---|
| Wall  7 | March - April 2017 | $       2,759,293 |
| Wall  9 | May - July 2017 | $       2,320,091 |
| Wall 10 | September - November 2017 | $       2,279,897 |
| Wall 11 | December 2017 - February 2018 | $       2,024,723 |
| Wall 12 | April - July 2018 | $       3,986,062 |
| Wall 16 | July - November 2018 | $       1,879,804 |
| Wall 17 | October 2018 - February 2019 | $       7,798,471 |
| Wall 18 | March - June 2019 | $       2,363,286 |
| Wall 19 | May 2019 | $          900,000 |
| | | $     26,311,627 |

15.    Investors were primarily located in China; however, there were at least two investors located in the United States at the time of their investments.  Investments consisted primarily of wire transfers but there were also Fedwire credits, book transfers, other types of credits, and deposits.  Investor funds were pooled and commingled within the Wall Entity Bank

---

[4] These dates are based on receipt of investor funds in the bank accounts.

[5] These amounts include investor funds that were received and kept by Fu to offset commissions (approximately $1,051,400) and never deposited into a Wall Entity or related bank account. These amounts do not include funds from any investors whose interests in a prior Wall Entity were rolled over to a later Wall Entity, nor do they include a $2 million investment from a Chinese investor in a prior unrelated offering who entered into an arrangement to be given credit in a Wall Entity for this prior investment.

APP006

6

Accounts and further transferred and commingled among the Wall Entity Bank Accounts and the Additional Barton Controlled Accounts multiple times through the relevant period.

### Misuse of Investor Funds

16. Barton misappropriated investor funds from the outset. From March 10, 2017 to April 28, 2017, a total of $2,073,869.28 was raised from Wall 7 investors and of this, $572,000 was transferred to JMJ Development, commingled with other funds, and used for a variety of purposes not related to the purchase of a Wall Entity property, including funds that were transferred or paid to related entities and individuals, used for the purchase of other non-Wall Entity properties, and used to make credit card payments. In addition, $115,600 from these investor funds was paid to Fu as commissions.

17. In fact, of the approximately $26.3 million raised, only two Wall Entities -- Wall 7 and Wall 9 -- actually purchased the property described in their agreements for a total purchase price of approximately $2.6 million (or approximately 10% of investor funds raised). However, even in those two limited instances, Wall 7 and Wall 9 purchased their respective properties not with their own investor funds, but with each other's commingled investor funds in a series of roundtrip transactions meant to support the false, inflated purchase price for each property.

18. More specifically, on May 1, 2017, Wall 7 transferred $1,300,000 to Carnegie Development and then to a bank account for an unrelated, non-Wall Entity offering Barton was involved in where the Wall 7 investor funds were commingled with investor funds from that unrelated offering and then sent to a title company to purchase that unrelated offering's property. The seller of that property, ASCO Land, LLC (a company formed by Michael Matthews, an individual associated with Barton), then sent these sales proceeds, consisting primarily of Wall 7 investor funds, to JMJ Development. JMJ Development transferred $1,100,000 of this money

RE-00161

through Carnegie Development to Wall 9 and from Wall 9 to a title company as earnest money to purchase Wall 9's property from LYNCO Ventures, LLC ("LYNCO Ventures") (also a Michael Matthews company).  LYNCO Ventures received this earnest money on May 4, 2017 and, on the same day, Michael Matthews wired $1,015,190.46 to a different title company to purchase the Wall 9 property from a third party for $1,014,900.[6]

19.     In July 2017, $200,000 of investor funds was transferred from Wall 7 through Carnegie Development to Wall 9 and combined with $1,600,470.53 of Wall 9 investor funds that were then wired ($1,800,470.53) to a title company, supposedly as additional funds to purchase Wall 9's property from LYNCO Ventures.  However, LYNCO Ventures received these funds and sent them (combined with funds remaining from the $1,100,000 referenced above) to JMJ Development, of which $1,600,000 was transferred to Carnegie Development.  Then on September 5, 2017, a majority of these primarily Wall 9 investor funds were transferred from Carnegie Development to Wall 7 and then sent to a title company as earnest money for Wall 7's property purchase from Manlyn Land Partners, LLC ("Manlyn") (a Michael Matthews company).  Manlyn received these funds and sent $1,500,000 to JMJ Development on September 7, 2017, which was then transferred through Carnegie Development to Wall 7.  From Wall 7, it was sent to a title company on September 8, 2017 as additional funds to purchase Wall 7's property from Manlyn. The title company wired the $1,500,000 to Manlyn on September 11, 2017.  On September 19, 2017, Manlyn wired $1,565,300.25 to a different title company, and it is believed that this is the approximate amount and date when Wall 7's property was actually purchased from a third party.

20.     In addition, on November 3, 2017, $375,000 of Wall 10 investor funds were transferred through Carnegie Development to Wall 7.  From Wall 7, these funds were then wired

---

[6] The original sales contract states a sales price of $1,006,800 but title company documentation shows a contract sales price of $1,014,900 at closing.

**APP008**

RE-00162

to the title company on November 6, 2017 as the final funds to purchase Wall 7's property from Manlyn. Manlyn received $356,645.87 of these funds on November 7, 2017 and sent the same amount to JMJ Development on November 13, 2017.

21. Thereafter, there was a partial sale in June 2018 of Wall 7's property to a third party for $2,200,000. The net proceeds of $1,991,059.92 that were paid at the time of the sale included $1,095,528.92 wired to Wall 7 and $895,531 wired to JMJ Development. JMJ Development further transferred the proceeds it received to Wall 7 a few days later in June 2018. The majority of these Wall 7 sale proceeds were then transferred from Wall 7 through Carnegie Development to Wall 11 to purchase Wall 11's property in the name of a non-Wall entity.

22. The remaining $23.7 million, or approximately 90%, of investor funds raised were misused by Barton as described below. In fact, the only other properties identified in the loan agreements that were purchased during the relevant period were the properties identified in the Wall 11, Wall 18, and Wall 19 loan agreements. However, these properties were not acquired by a Wall Entity, much less the correct Wall Entity.

23. Wall 11's property was acquired by Relief Defendant DJD in June 2018 after $1,609,000 was transferred from Wall 7 (from sale proceeds) to Carnegie Development and then to Wall 11 where two wires totaling $1,608,059.97 were wired to a title company and credited to DJD for DJD to purchase the property.

24. Wall 18's property was acquired by Relief Defendant LDG001 in August 2018 after $1,660,000 of investor funds from Wall 12 and $220,000 of investor funds from Wall 16 were transferred to Carnegie Development. Carnegie Development then wired $1,878,179.37 to LDG001 who wired the funds ($1,878,579.27) to a title company to purchase the property[7].

---

[7] Previous to this wire, Carnegie Development had sent funds totaling $106,170.25 to the title company as earnest money/other funds toward this purchase.

APP009

RE-00163

25.     Finally, Wall 19's property was acquired by BM318 LLC, a Barton controlled entity, in November 2018 after investor funds from Wall 16 ($60,000) and Wall 17 ($1,440,000) were transferred to Carnegie Development, combined with funds from JMJAV ($500,000), and then wired to a title company to purchase Wall 19's property.

26.     Barton continued this pattern of commingling funds from all Wall Entity offerings by transferring investor funds from the Wall Entity Bank Accounts to JMJ Development and Carnegie Development bank accounts, and from those accounts to other accounts and entities controlled by Barton, and vice versa.  There was also Wall Entity investor funds transferred from one Wall Entity account through Carnegie Development or JMJ Development to a different Wall Entity account and used for various purposes, including to pay Fu commissions/fees and to make Ponzi payments.  In addition, Wall Entity investor funds were commingled with loan proceeds, title company proceeds, and non-Wall Entity investor funds, among other unknown deposits or transfers.  For an example of the commingling of investor funds, see the chart at Exhibit A.

27.     Commingled investor funds not spent to acquire a Wall Entity property were used by Barton to:

- Acquire, develop, or for the benefit of different unrelated properties for other direct or indirect Barton-controlled entities, including but not limited to: Villita Towers LLC, Mansions Apartment Homes at Marine Creek LLC, MO 2999TC LLC, JMR 100 LLC, JMJ Acquisitions LLC, FHC Acquisition LLC, D4DS LLC, D4FR LLC, and D4KL LLC;

- transfer funds to other Barton-controlled entities, including but not limited to: Lajolla Construction Management LLC, Goldmark Hospitality LLC, Enoch Investments LLC, and JMJAV;

APP010

RE-00164

- pay for professional services (such as engineering, surveying, land development, and consulting) related to the acquisition, development, and build out of multiple real estate properties, the majority of which are believed to be for non-Wall Entity properties;

- pay credit card payments (over $2.5 million), including for Barton and his family members;

- pay other personal expenses of Barton and his family, including to purchase vehicles or make car payments, pay rent, make retail purchases, and purchase an airplane;

- to make political contributions;

- pay principal and interest payments on multiple loans that Barton obtained, including loans for other non-Wall Entity properties;

- make payments to Fu for purported commissions and fees (at least approximately $3.76 million);[8]

- make payments to Wall, Carnegie Homes LLC, or a Wall related entity (at least approximately $535,000);[9] and

- make interest payments to investors, some of which were Ponzi payments.

**Ponzi/Interest Payments to Investors**

28. The Wall Entity loan agreements promised a fixed rate annual return to investors after the first and second years, and a return of principal after the second year. Barton did make the first-year interest payments to some of the Wall Entity investors. However, some of these payments were Ponzi payments, whereby Barton used later Wall Entity investors to pay interest payments to earlier investors. Specifically, Barton used $201,333 of Wall 17 investor funds to

---

[8] This includes payments that were wired to an offshore account at the direction of Fu.

[9] This does not include $500,000 paid to Carnegie Homes LLC from proceeds of the sale of a prior unrelated offering's property.

11

APP011

RE-00165

make Ponzi payments to Wall 11 investors, and he used $196,500 of Wall 12 investor funds to make Ponzi payments to Wall 9 investors.  Barton used an additional $609,614 of commingled investor funds to make interest payments to Wall Entity investors.  In total, of the approximately $6.3 million in interest payments owed to investors over two years, Barton only paid $1,007,447 (or 16%) to investors.   And Barton didn't return any of the investors' principal during the relevant period.[10]

**Loans Secured by Wall Entity Properties**

29.     Barton also took out loans secured by certain Wall Entity properties, but he did not use the majority of the loan proceeds to develop the corresponding Wall Entity property.  For example, Barton used Wall 7 to obtain a short-term bridge loan of $1,854,000 in May 2018 secured by part of Wall 7's property.  Barton, however, only used approximately $40,000 of the loan proceeds to pay an engineering firm for plans related to Wall 7's property.  Instead, in June 2018, Barton sent $1,036,763.69 of the loan proceeds to a title company to be used in the purchase of a property referred to as Marine Creek Apartments in Fort Worth, Texas by Mansions Apartment Homes at Marine Creek LLC, a Barton entity.  Barton also wired $160,000 in June 2018 from Wall 7 to an account that he controlled in the name of Mansions Apartment Homes at Marine Creek LLC C/O JMJ Holdings LLC.

30.     Most of the remaining Wall 7 loan proceeds were transferred from Wall 7 to JMJ Development or Carnegie Development and used in part to pay legal fees, credit card bills, make car payments, and transferred or paid to related entities and individuals.  When the note became due a year later, Barton had Wall 7 enter into another loan agreement for $2,800,000 from a different lender to pay off the first loan plus interest.  Barton defaulted on this second loan, caused

---

[10] Except for one investor that received a refund of their investment.

12

APP012

RE-00166

Wall 7 to change ownership of Wall 7's property to Orchard Farms Village LLC, a Barton entity, and then entered into a loan agreement with a third lender to assume Wall 7's note, owing the original principal ($2,800,000) plus over $440,000 in interest and fees.

### Defendants Inflated the Purchase Prices of Properties

31.     The Defendants inflated the purchase prices of the Wall Entity properties in the Wall Entity loan agreements and other offering/marketing materials.  Wall 7's loan agreement represents that Wall and Fu would contribute funds (equal to 20%) toward the purchase price of the properties but this never occurred.  Subsequent Wall Entity loan agreements represented that the Wall Entity who was borrowing the funds would contribute funds (equal to 10% to 20%) toward the purchase prices of the properties; this also never occurred.  Further, marketing materials for all of the Wall Entities represented that Wall, Barton (or in some instances the Wall Entities), and one of Fu's companies would contribute funds (equal to 20%) toward the purchase prices of the properties; this likewise did not occur.

32.     The staff's investigation revealed that the property purchase prices were inflated in part to cover this 10% to 20% contribution by the Defendants.  The chart below shows the represented purchase prices versus the actual purchase prices for the Wall Entity properties:

| Offering | Represented Purchase Price[11] | Actual Purchase Price[12] | Difference |
|---|---|---|---|
| Wall  7 | $3,450,000.00 | $1,565,300.00 | $1,884,700.00 |
| Wall  9 | $2,900,000.00 | $1,014,900.00 | $1,885,100.00 |
| Wall 10 | $4,400,000.00 | $2,200,000.00 | $2,200,000.00 |

[11] The loan agreements for Wall 18 and Wall 19 use the term transactional cost versus purchase price.

[12] For certain of the Wall Entities, the actual purchase price is an estimate based on funds wired to title companies or calculated based on a price per acre versus a stated purchase price.  For Wall 17, the purchase price is based on email correspondence.

**APP013**

13

RE-00167

| | | | |
|---|---|---|---|
| Wall 11 | $2,950,000.00 | $1,577,125.00 | $1,372,875.00 |
| Wall 12 | $5,250,000.00 | $3,626,448.00 | $1,623,552.00 |
| Wall 16 | $4,850,000.00 | $3,373,440.00 | $1,476,560.00 |
| Wall 17 | $11,000,000.00 | $10,000,000.00 | $1,000,000.00 |
| Wall 18 | $6,250,000.00 | $1,984,749.52 | $4,265,250.48 |
| Wall 19 | $4,189,650.00 | $1,440,070.00[13] | $2,749,580.00 |

**Property Ownership and Assets**

33.     Based on the most recent available information, Commission staff believes that the following Barton-controlled entities still own property acquired, at least in part, with Wall Entity investor funds: DJD, LDG001, and Carnegie Development.

34.     In addition, Commission staff believes the following Barton controlled entities received Wall Entity investor funds that were used for the benefit of properties they still own (for development, mortgage payments, etc.): D4DS LLC, D4FR, LLC, and FHC Acquisition LLC.

35.     Attached as Exhibit B is a chart showing the properties that, based on available information, were purchased in whole or in part with investor funds or benefited from the use of investor funds, including an estimate of their value determined from public records.     These valuations do not reflect any outstanding liens on the properties.

36.     There were also numerous other properties acquired, at least in part, with Wall Entity investor funds, or where investor funds used in connection with the properties, that were

---

[13] For Wall 19, the addendum to the purchase and sales contract for this property states a price per acre of $17,000. Barton through BM318 LLC purchased 118 acres not 84.71 acres as represented in the Wall 19 loan agreements.  The 84.71 acres at $17,000 an acre should have cost $1,440,070.

RE-00168

sold, some within the last year, but Commission staff has not traced the disposition of the proceeds from those sales. These sold properties are also included on Exhibit B.

37.     Attached as Exhibit C is a list, based on currently available information, of the Barton-controlled entities that received investor funds, real property interests purchased, at least in part, with investor funds, or own property interests that were improved with or otherwise have benefited from the use of investor funds. In addition, Barton controls multiple other entities that may have also received or benefited from investor funds, including the sales proceeds from the recent property sales. Without full access to Barton's records, and as a result of his extensive comingling and transferring of properties and funds, the Commission staff has been unable confirm all of the entities Barton controls and their assets.

38.     Based on updated account records for the Wall Entity Bank Accounts and the Additional Barton Controlled Accounts, it appears that there is a total of $187.46 remaining in those accounts as of July 29, 2022.[14]

I state under penalty of perjury that the foregoing is true and correct.


Dated: September 23, 2022                    _____
                                                                        Carol Hahn

---

[14] This is the total based on the last statement dates obtained by the Commission and for some accounts this date is prior to July 29, 2022.

**APP015**

RE-00169

**APPENDIX
"B"**

| **Account Name: Carnegie Development, LLC** | | | | | |
|---|---|---|---|---|---|
| Time Period: 2/11/2019 - 2/13/2019 | | | | | |
| | | | | | |
| **Beginning Account Balance @ 02/11/2019** | $ 4,596.43 | | | | |
| | | | | | |
| Transferred from Wall017 (Wall017 investor funds) | $ 1,085,000.00 | | | | |
| | | | | | |
| **Total Deposits** | $ 1,085,000.00 | | | | |
| | | | | | |
| **Use of Funds:** | | | **JMJ Development** | | |
| Transferred to JMJ Development | $ (955,000.00) → | 2/12/2019 | $ 955,000.00 | | |
| | | 2/12/2019 | $ (259,000.00) | Wired to JMR 100, LLC (affiliated entity) | |
| | | 2/12/2019 | $ (650,937.94) | Wired to Reunion Title to purchase 99.963 acres in Aledo, TX[1] | |
| | | | **Wall011** | | |
| Transferred to Wall011 | $ (127,000.00) → | 2/13/2019 | $ 127,000.00 | | |
| | | 2/13-2/28 | $ (110,000.00) | Wall011 Investor Interest Payments | |
| | | 2/13/2019 | $ (6,710.00) | Loan Payment to Southern Star Capital | |
| | | 2/25/2019 | $ (10,000.00) | Transferred to JMJAV, LLC (affiliated entity) | |
| Check Paid to an individual | $ (135.67) | | | | |
| **Total Withdrawals** | $ (1,082,135.67) | | | | |
| | | | | | |
| **Ending Account Balance @ 02/13/2019** | $ 7,460.76 | | | | |

**HEARING**

**EXHIBIT 2**

exhibitsticker.com

---

[1] Wall017's property is 200 acres in Forney, TX.

**APP016**

RE-00170

**EXHIBIT B**

EXHIBIT 3

**Properties Owned**

| Current Owning Entity | Approximate Address and/or Description | County | State | Valuation / Total Market Value (2022) |
|---|---|---|---|---|
| DJD Land Partners LLC | 11417 CR 501 Venus, TX (Abst 857, TR 7, A Williams) | Johnson | TX | $ 71,271.00 |
| DJD Land Partners LLC | 11417 CR 501 Venus, TX | Johnson | TX | $ 5,000.00 |
| DJD Land Partners LLC | 11417 CR 501 Venus, TX | Johnson | TX | $ 554,933.00 |
| DJD Land Partners LLC | 1025 N FM 157 (Abst 857, TR 8, A Williams) | Johnson | TX | $ 53,883.00 |
| LDG001 LLC | 980 CR 110 Venus, TX | Johnson | TX | $ 767,276.00 |
| LDG001 LLC | 324 W CR 109 Venus, TX | Johnson | TX | $ 597,963.00 |
| LDG001 LLC | 940 CR 110 Venus, TX | Johnson | TX | $ 182,224.00 |
| Carnegie Development LLC | 10901 CR 507 (Abst 261, Tr 3 Pt, 4, J N Ely) Venus, TX | Johnson | TX | $ 523,801.00 |
| Carnegie Development LLC | 11129 CR 506 (Abst 261, Tr 3 Pt, 4, J N Ely) Venus, TX | Johnson | TX | $ 5,000.00 |
| Carnegie Development LLC | 11101 CR 506 (Abst 261, Tr 3 Pt, 4, J N Ely) Venus, TX | Johnson | TX | $ 150,000.00 |
| Carnegie Development LLC | 11129 N FM 157 (Abst 261, Tr 3, 4, J N Ely) Venus, TX | Johnson | TX | $ 150,000.00 |
| Carnegie Development LLC | 11129 N FM 157 (Abst 261, Tr 3, 4, J N Ely) Venus, TX | Johnson | TX | $ 150,000.00 |
| D4DS LLC | 841 S Polk St Desoto, TX | Dallas | TX | $ 27,508,160.00 |
| D4DS LLC | 841 S Polk St Desoto, TX | Dallas | TX | $ 216,840.00 |
| D4FR LLC | Parc at Windmill Farms Add, Block A, Lot 1 Forney, TX | Kaufman | TX | $ 35,000,000.00 |
| FHC Acquisition LLC | Syria Gate Way (Gate The, Blk A, Lot 13) Frisco, TX | Collin | TX | $ 6,425,154.00 |

**Properties Sold**

| Current Owning Entity | Prior Owning Entity (Barton or Related Entity) | Approximate Address and/or Description | County | State | Valuation / Total Market Value (2022) |
|---|---|---|---|---|---|
| NMP - Killeen LP | D4KL LLC / JMJ Acquisitions LLC | 3701 Rosewood Dr, Killeen | Bell | TX | $ 701,094.00 |
| NS MF Partners-SAT LLC | Villita Towers LLC | 112-120 Villita St, San Antonio | Bexar | TX | $ 2,500,000.00 |
| NS MF Partners-SAT LLC | 126 Villita LLC | 126 Villita St, San Antonio | Bexar | TX | $ 2,500,000.00 |
| HNGH Turtle Creek LLC | MO 2999TC, LLC | 2999 Turtle Creek Blvd, Dallas | Dallas | TX | $ 14,500,000.00 |
| Chen Haining, Chen Feiling, Zhou Jie, Zhao Lianfang | JMJAV LLC | 24923 Alberti Sonata Drive Katy, TX; 24915 Alberti Sonata Drive, Katy, TX; 24903 Alberti Sonata Drive, Katy, TX; 24715 Alberti Sonata Drive, Katy, TX. (Camillo Lakes Section 1) | Harris | TX | $ 1,378,589.00 |
| Ronrush Investment Inc. | JMR 100 LLC | 99.963 acres White Settlement Rd, Aledo | Parker | TX | $ 2,499,080.00 |
| The Dixon Water Foundation | BM318 LLC | Bradley James Survey | Parker | TX | $ 1,862,440.00 |
| DLP Winter Haven Ventures LLC | JMJ Acquisitions LLC | 3800 Avenue J NW Winter Haven (42nd St Warehouse Center) | Polk | FL | $ 1,700,172.00 |
| Marine Creek Ventures LLC | Mansions Apartment Homes at Marine Creek LLC | Marine Creek Apartments, Fort Worth (4600 Shadydell Cir, 5201 Shadydell Dr, 5224 Shadydell Dr, 5325 Shadydell Dr) | Tarrant | TX | $ 1,749,570.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | 2850 Shelby Rd, Fort Worth | Tarrant | TX | $ 972,840.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | 2800 Shelby Rd, Fort Worth | Tarrant | TX | $ 19,910.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | 9400 Rendon Rd, Fort Worth | Tarrant | TX | $ 447,380.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | 3000 Shelby Rd, Fort Worth | Tarrant | TX | $ 40,000.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | 3000 Shelby Rd, Fort Worth | Tarrant | TX | $ 144,400.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | Shelby Rd, Fort Worth | Tarrant | TX | $ 350,000.00 |
| Orchard Farms Ventures LLC | Orchard Farms Village LLC | Shelby Rd, Fort Worth | Tarrant | TX | $ 420.00 |

RE-00171

# EXHIBIT C

**List of Entities:**

- BM318 LLC
- Carnegie Development LLC
- D4DS LLC
- D4FR LLC
- D4KL LLC
- DJD Land Partners LLC
- Enoch Investments LLC
- FHC Acquisition LLC
- Goldmark Hospitality LLC
- JMJ Acquisitions LLC
- JMJ Development LLC
- JMJAV LLC
- JMR100 LLC
- Lajolla Construction Management LLC
- LDG001 LLC
- Mansions Apartment Homes at Marine Creek LLC
- MO 2999TC LLC
- Orchard Farms Village LLC
- Villita Towers LLC
- 126 Villita LLC
- Wall007 LLC
- Wall009 LLC
- Wall010 LLC
- Wall011 LLC
- Wall012 LLC
- Wall016 LLC
- Wall017 LLC
- Wall018 LLC
- Wall019 LLC

HEARING

EXHIBIT 4

exhibitsticker.com

**APP018**

RE-00172

# TAB 14

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | |
| TIMOTHY BARTON, | C.A. No.: 3:22-cv-2118-X |
| CARNEGIE DEVELOPMENT, LLC, | |
| WALL007, LLC, | |
| WALL009, LLC, | Jury Trial Demanded |
| WALL010, LLC, | |
| WALL011, LLC, | |
| WALL012, LLC, | |
| WALL016, LLC, | |
| WALL017, LLC, | |
| WALL018, LLC, | |
| WALL019, LLC, | |
| HAOQIANG FU (A/K/A MICHAEL FU), | |
| STEPHEN T. WALL, | |
| Defendants, | |
| DJD LAND PARTNERS, LLC, and | |
| LDG001, LLC, | |
| Relief Defendants. | |

**DECLARATION OF CAROL HAHN IN SUPPORT OF**
**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION**
**FOR APPOINTMENT OF A RECEIVER, FOR A PRELIMINARY INJUNCTION**
**AND ANCILLARY RELIEF, AND TO LIFT STAY FOR LIMITED PURPOSE**

HEARING
EXHIBIT 32

RE-00173

**Supp. App001**

I, Carol Hahn, do hereby declare under penalty of perjury, in accordance with 28 U.S.C. § 1746, that the following is true and correct, and that I am competent to testify to the matters stated herein:

1.     I am currently employed as a Staff Accountant with the United States Securities and Exchange Commission (the "Commission") in its Fort Worth Regional Office in Fort Worth, Texas. I have been employed by the Commission since April 2005. I hold a Bachelor of Science in Economics from Texas A&M University. I am a Certified Fraud Examiner. The facts set forth herein are based upon my personal knowledge or upon information contained in the files of the Commission.

2.     This declaration supplements my Declaration in Support of the Commission's Expedited Motion for Appointment of Receiver, dated September 23, 2022 ("First Declaration").[1]

3.     As discussed in my First Declaration, Wall Entity investor funds were received directly by all of the Wall Entities into one or more of their respective Wall Entity bank accounts. Investor funds were also received into bank accounts held in the name of entities controlled (directly or indirectly) by Barton, including JMJ Development, JMJ Hospitality, JMJAV, and into Barton and Wall's personal accounts and one of Wall's corporate accounts. The majority of the investor funds received into an account other than a Wall Entity account

---

[1] In my First Declaration I defined the following persons and entities that I will be referring to in this declaration: Timothy Barton ("Barton"), Carnegie Development, LLC ("Carnegie Development"), JMJ Development, LLC ("JMJ Development"), Wall007, LLC ("Wall 7"), Wall009, LLC ("Wall 9"), Wall010, LLC ("Wall 10"), Wall011, LLC ("Wall 11"), Wall012, LLC ("Wall 12"), Wall016, LLC ("Wall 16"), Wall017, LLC ("Wall 17"), Wall018, LLC ("Wall 18"), and Wall019, LLC ("Wall 19") (each a "Wall Entity" or collectively, the "Wall Entities"), JMJ Hospitality, LLC ("JMJ Hospitality"), JMJAV LLC ("JMJAV"), DJD Land Partners, LLC ("DJD"), LDG001, LLC ("LDG001"), Haoqiang Fu (a/k/a Michael Fu) ("Fu"), and Stephen T. Wall ("Wall").

2

RE-00174

Supp. App002

were then deposited into a Wall Entity account or into an account held in the name of Carnegie Development.[2]

4.      In my First Declaration, I provided a list of Barton-controlled entities in addition to the Wall Entities, JMJ Development, JMJ Hospitality, and JMJAV that received investor funds, real property interests purchased, at least in part, with investor funds, or owned property interests that were improved with or otherwise have benefited from the use of investor funds. *See* First Declaration at ¶ 37 and Exhibit C.  (App. 15, 18) (Dkt. 9)  All of these entities fall into the category of entities that Barton directly or indirectly controls that received or benefitted from assets traceable to Barton's alleged fraudulent activities that are the subject of this litigation.

5.      Exhibit A attached hereto provides further detail about the assets and benefits these entities received and also includes additional entities not identified in my First Declaration. This list of entities (and corresponding transactions) however is not exhaustive, and does not include entities or transactions that might have been identified by the current receiver based on the receiver's access to significantly more information than I have available.  In addition, the summary of transactions provided in Exhibit A are typically an example for each entity and do not encompass all instances where an entity may have received or benefitted from assets traceable to Barton's alleged fraudulent activities.

6.      In addition, as discussed in my First Declaration, Barton extensively commingled, transferred, dissipated, and encumbered investor funds and assets purchased with investor funds. This included transferring investor funds from a Wall Entity bank account to JMJ Development and Carnegie Development bank accounts, and from those accounts to other accounts and entities controlled by Barton, and vice versa.  Wall Entity investor funds were commingled with

---

[2] As noted in my First Declaration, there were Wall Entity investor funds kept by Fu to offset fees and commissions purportedly owed to him.

3

Supp. App003

loan proceeds (including loans where a Wall Entity was the borrower, loans secured by a Wall

Entity property, and loans secured by a property purchased, at least in part, with Wall Entity

investor funds), title company proceeds, and non-Wall Entity investor funds, among other

unknown deposits or transfers.  Barton would also direct title companies to wire loan proceeds

from a Wall Entity loan, a loan secured by a Wall Entity property, or a loan secured by a

property purchased, at least in part, with Wall Entity investor funds to other title companies for

the purchase of non-Wall Entity properties without these funds ever passing through a Barton

controlled entity bank account.  As a result, the Commission cannot yet confirm whether

additional Barton-controlled entities received, or otherwise benefited from, Barton's alleged

fraudulent activities that are the subject of this litigation.

7.       Exhibit B attached hereto is the list of proposed "Receivership Entities"

referenced in the Commission's Motion for Appointment of a Receiver, for A Preliminary

Injunction and Ancillary Relief, and to Lift Stay for Limited Purpose.  This list includes the

entities identified in this declaration and additional entities identified in the declaration that the

current receiver filed with the Court on September 5, 2023.

I state under penalty of perjury that the foregoing is true and correct.


Dated: September 7, 2023          _____
                                                      Carol Hahn

4

RE-00176

**1** **Entity: BEE2019 LLC**                     **Property: Bee Street Townhomes (13325 Bee St Farmers Branch, TX 75234)**

Description: DJD Land Partners obtained a loan with Moss & Associates LLC in August 2019 for $4,000,000 (this loan was secured at least in part by Wall 11's property). From the loan proceeds, $2,602,437.28 was wired on 9/19/2019 to 2999TC JMJ CMGR LLC's bank account. A total of $220,000 of Moss & Associates (DJD) loan proceeds was transferred from 2999TC JMJ CMGR to JMJ Development on 10/2/19, and then $50,000 was wired from JMJ Development to Community National Title as earnest money for the Bee Street contract.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| 2999TC JMJ CMGR LLC | JPM 1126 | | 9/19/2019 | $ 2,602,437.28 | | | Silver Star Title LLC | | Moss & Associates (DJD) Loan Proceeds | Loan proceeds from a loan secured, at least in part, by a property purchased with investor funds were used toward the purchase of a property in the name of BEE2019. |
| JMJ Development | JPM 5193 | $ 47,685.07 | 10/2/2019 | $ 100,000.00 | | | 2999TC JMJ CMGR | JPM 1126 | Moss & Associates (DJD) Loan Proceeds. Beg Balance includes additional Moss & Associates (DJD) loan proceeds from 2999TC JMJ CMGR. | |
| JMJ Development | JPM 5193 | | 10/2/2019 | $ 120,000.00 | | | 2999TC JMJ CMGR | JPM 1126 | Moss & Associates (DJD) Loan Proceeds | |
| JMJ Development | JPM 5193 | | 10/2/2019 | $ (50,000.00) | Community National Title | N/A | | | | |

**2** **Entity: BM318 LLC**                     **Property: Bear Creek Ranch (118.34 acres Aledo, TX)**

Description: $1,500,000 of Wall Entity Investor funds were transferred from Wall bank accounts on 11/27/18 to Carnegie Development, commingled with other funds from JMJAV LLC, and then $2,000,000 was wired to Reunion Title and applied towards BM318 LLC's purchase of 118.34 acres of the Bear Creek Ranch property.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | JPM 7036 | $ 33,329.80 | 11/27/2018 | $ 1,440,000.00 | | | Wall017 | JPM 2529 | Wall Entity Investor Funds from Wall017 (JPM 2529) | Investor funds were used to purchase a property in the name of BM318. |
| Carnegie Development | JPM 7036 | | 11/27/2018 | $ 60,000.00 | | | Wall016 | JPM 1761 | Wall Entity Investor Funds from Wall016 (JPM 1761) | |
| Carnegie Development | JPM 7036 | | 11/27/2018 | $ 500,000.00 | | | JMJAV | JPM 6539 | Other Funds | |
| Carnegie Development | JPM 7036 | | 11/27/2018 | $ (2,000,000.00) | Reunion Title (Wire Ref: "GF 2025-262749-RU" "Bear Creek Ranch") | | | | | |

**3** **Entity: Carnegie Development LLC, Ridgeview Addition LLC**       **Property: Ridgeview Addition**

Description: Carnegie Development LLC purchased the Ridgeview Addition property on February 19, 2019 from RES Land Holdings LLC which included a $525,000 loan from Southern Star Capital LLC. In January 2020, Wall009, Carnegie Development and DJD Land Partners took out a new $2,000,000 loan with Liberty Banks Life Insurance Company (secured in part by Wall Entity property and also Ridgeview property) and used part of the new loan proceeds to pay off the then existing loan between Carnegie Development and Southern Star Capital LLC. The Ridgeview Addition propertiy was evenutally sold by Carnegie Development to Ridgeview Addition LLC. In addition, there was at least $52,500 of Wall Entity Investor funds used in connection with the purchase of the Ridgeview property as detailed below.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | JPM 7036 | $ 11,460.76 | 2/19/2019 | $ 100,000.00 | | | Wall017 | JPM 2529 | Wall Entity Investor Funds from Wall017 (JPM 2529) | Loan proceeds from a loan secured, at least in part, by a Wall Entity property were used to pay off a loan in the name of Carnegie Development. Also, investor funds were used toward the purchase of a property in the name of Carnegie Development. |
| Carnegie Development | JPM 7036 | | 2/19/2019 | $ (52,500.00) | Southern Star Capital LLC (Wire Ref: "Ridgeview") | N/A | | | | |

**4** **Entity: D4DS LLC**                     **Property: Bellwether Ridge**

Description: Loan proceeds of $1,186,680.95 from LDG001 LLC's loan with Southern Star Capital (Wall 18 property) was wired from Silver Star Title LLC to JMJ Development (CO 1622) on 7/12/19. These loan proceeds were then sent from JMJ Development (CO 1622) to JMJ Development (JPM 5193) on multiple dates including the $75,000 on 7/26/19 shown below. On 8/1/19, $25,000 was transferred to D4DS LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | | 7/26/2019 | $ 75,000.00 | | | JMJ Development | CO 1622 | Southern Star Capital (LDG001) Loan Proceeds of $1,186,680.95 wired to JMJ Development (CO 1622) on 7/12/2019. | D4DS LLC received loan proceeds from a loan secured, at least in part, by a property purchased with investor funds. |
| JMJ Development | JPM 5193 | $ 79,095.16 | 8/1/2019 | $ (25,000.00) | D4DS LLC | JPM 5851 | | | Commingled Funds: Southern Star Capital (LDG001) Loan Proceeds and a $30,000 transfer from Goldmark Hospitality (JPM 6928) on 8/1/19. In addition, the beg balance on 8/1/19 for JMJ Development (CO 5193) includes additional Southern Star Capital (LDG001) Loan Proceeds. | |
| D4DS LLC | JPM 5851 | $ 6,367.82 | 8/1/2019 | $ 25,000.00 | | | JMJ Development | JPM 5193 | | |
| D4DS LLC | JPM 5851 | | 8/1/2019 | $ (28,644.51) | Greystone Servicing Company (Wire Ref: "Loan Number 002081 Bellwether Ridge Apartments Mortgage Payment") | | | | | |

RE-00177



**HEARING EXHIBIT 33**

**EXHIBIT A**

Supp. App005

**5   Entity: D4FR LLC**                                              **Property: 4618 N. Versailles Highland Park, TX; Windmill Farms**

Description: Wall Entity Investor funds were transferred in March 2017 from Wall 7 to JMJ Development and then wired to The McElroy Family Versailles LP for potential investment, in the name of D4FR, LLC, in a property located at 4618 N. Versailles Highland Park, TX.  In addition, in July 2019, loan proceeds from LDG001's loan with Southern Star Capital (Wall 18 property) were transferred from JMJ Development (CO 1622) to JMJ Development (JPM 5193) and then to D4FR LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Wall007 | CO 5436 | | 3/10/2017 | $ 75,000.00 | JMJ Development | CO 1622 | | | Wall Entity Investor Funds in Wall007 (CO 5436) | JMJ Development received investor funds that were to be used for an investment in the name of D4FR LLC. |
| JMJ Development | CO 1622 | | 3/10/2017 | $ (50,000.00) | The McElroy Family Versailles Limited Partnership | | Wall007 | CO 5436 | | |
| | | | | | | | | | | |
| Wall007 | CO 5436 | | 3/27/2017 | $ 50,000.00 | JMJ Development | CO 1622 | | | Wall Entity Investor Funds in Wall007 (CO 5436) | JMJ Development received investor funds that were to be used for an investment in the name of D4FR LLC. |
| JMJ Development | CO 1622 | | 3/27/2017 | $ (40,000.00) | The McElroy Family Versailles Limited Partnership | | Wall007 | CO 5436 | Note: There was also a check for $138,992.96 from Pillar Income Asset Management deposited on 3/27/2017 but this exact amount was wired out to BGO Architects on 3/31/2017. | |
| | | | | | | | | | | |
| JMJ Development | JPM 5193 | $286,039.41 | 7/17/2019 | $ 100,000.00 | | | JMJ Development | CO 1622 | Southern Star Capital (LDG001) Loan Proceeds of $1,186,680.95 into JMJ Development (CO 1622) on 7/12/2019.  Note: The beg balance on 7/17/19 for JMJ Development (CO 5193) includes additional Southern Star Capital (LDG001) Loan Proceeds. | D4FR LLC received loan proceeds from a loan secured, at least in part, by a property purchased with investor funds. |
| JMJ Development | JPM 5193 | | 7/17/2019 | $ (106,097.70) | D4FR LLC | JPM 9375 | JPM Development | CO 1622 | Southern Star Capital (LDG001) Loan Proceeds | |

**6   Entity: D4KL LLC, JMJ Acquisitions LLC**                        **Property: Rosewood Dr, Killeen TX**

Description: $400,000 of Wall Entity Investor funds were transferred on 8/16/18 from Wall 12 (JPM 0510) to Carnegie Development and then to JMJ Development.  From JMJ Development, $396,077.99 was wired to Monteith Title for JMJ Acquisitions to close on the Rosewood Dr., Killeen TX property.  A special warranty deed was executed on 11/19/19 transferring ownership from JMJ Acquisitions to D4KL LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | $132,735.04 | 8/16/2018 | $ 400,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall012 (JPM 0510) | Investor funds were used toward the purchase of a property that was transferred to D4KL LLC. |
| JMJ Development | JPM 5193 | | 8/16/2018 | $ (396,077.99) | Monteith Abstract and Title Co. (Wire Ref: "18-0598 Rosewood") | | | | | |

**7  Entity: DJD Land Partners LLC**                                 **Property: 11417 CR 501 Venus, TX**

Description: $1,609,000 of Wall 7 property sale proceeds were transferred on 6/26/18 from Wall007 (CO 4536) to Carnegie Development then to Wall 11.  From Wall 11, $1,608,059.97 was wired to Silver Star Title LLC on 6/26/18 and credited to DJD Land Partners for DJD to purchase Wall 11's property.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | CO 1331 | $ 67,804.07 | 6/26/2018 | $ 1,500,000.00 | | | Wall007 | CO 4536 | Wall 7 Partial Property Sale Proceeds | Proceeds from the sale of a Wall Entity property were used to purchase a property in the name of DJD Land Partners. |
| Carnegie Development | CO 1331 | | 6/26/2018 | $ 109,000.00 | | | Wall007 | CO 4536 | Wall 7 Partial Property Sale Proceeds | |
| Carnegie Development | CO 1331 | | 6/26/2018 | $ (1,500,000.00) | Wall011 | CO 1846 | | | | |
| Carnegie Development | CO 1331 | | 6/26/2018 | $ (109,000.00) | Wall011 | CO 1846 | | | | |
| Wall011 | CO 1846 | $ - | 6/26/2018 | $ 1,500,000.00 | | | Carnegie Development | CO 1331 | | |
| Wall011 | CO 1846 | | 6/26/2018 | $ 109,000.00 | | | Carnegie Development | CO 1331 | | |
| Wall011 | CO 1846 | | 6/26/2018 | $ (1,500,000.00) | Silver Star Title LLC | | | | | |
| Wall011 | CO 1846 | | 6/26/2018 | $ (108,059.97) | Silver Star Title LLC | | | | | |

**8   Entity: Enoch Investments LLC**                                **Property: Unknown**

Description: $250,000 of Wall Entity Investor funds were transferred on 11/14/2017 from Wall 10 (CO 3851) to Carnegie Development to JMJ Development to Enoch Investments and then to Chicago Title of Texas LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | CO 1662 | $372,694.48 | 11/14/2017 | $ 250,000.00 | | | Carnegie Development | CO 1331 | Wall Entity Investor Funds From Wall010 LLC (CO 3851).  Note: Beg Balance includes $356,645.87 from Manlyn Land Partners (Wall Entity Investor funds) that was transferred in and out of JMJ Development on 11/13/17 and 11/16/17 respectively. | Enoch Investments received investor funds and used them toward the purchase of a property. |
| JMJ Development | CO 1662 | | 11/14/2017 | $ (250,000.00) | Enoch Investments | CO 6285 | | | | |
| Enoch Investments | CO 6285 | $ 370.16 | 11/14/2017 | $ 250,000.00 | | | JMJ Development | CO 1662 | | |
| Enoch Investments | CO 6285 | | 11/14/2017 | $ (250,000.00) | Chicago Title of Texas LLC | N/A | | | | |

**9   Entity: FHC Acquisition LLC**                    **Property: The Gate Frisco TX**

Description: $100,000 of Wall Entity Investor funds from Wall016 (JPM 1761) were transferred on 10/26/18 to Carnegie Development and then to JMJ Development.  From JMJ Development, the investor funds were commingled with funds from JMJAV and $100,000 was wired to Chicago Title of Texas LLC as escrow toward FHC Acquisition's purchase of The Gate property in Frisco TX.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | $ 20,964.61 | 10/26/2018 | $ 100,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall016 (JPM 1761) | Commingled investor funds were used toward the purchase of a property by FHC Acquisition. |
| JMJ Development | JPM 5193 | | 10/26/2018 | $ (100,000.00) | Chicago Title of Texas LLC (Wire Ref: "Escrow No 4712010652") | | | | Commingled Funds: Wall Entity Investor funds and funds transferred to JMJ Development from JMJAV | |

**10   Entity: Goldmark Hospitality LLC**                    **Property: Amerigold Suites**

Description: $750,000 of Wall Entity Investor funds were transferred on 9/28/18 from Wall 16 (JPM 1761) to Carnegie Development and then on the same day $525,000 was transferred from Carnegie Development to JMJ Development.  Of the $525,000, $300,000 was paid from JMJ Development to Aero Space Reports Inc. toward the purchase of an airplane and $200,000 was transferred to Goldmark Hospitality LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | $191,198.87 | 9/28/2018 | $ 325,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall016 (JPM 1761) | Investor funds were used toward the purchase of an airplane. |
| JMJ Development | JPM 5193 | | 9/28/2018 | $ 200,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall016 (JPM 1761) | |
| JMJ Development | JPM 5193 | | 9/28/2018 | $ (300,000.00) | Aero Space Reports Inc. | | | | | |
| | | | | | | | | | | |
| JMJ Development | JPM 5193 | | 9/28/2018 | $ (200,000.00) | Goldmark Hospitality | JPM 6928 | | | | Goldmark Hospitality received investor funds. |
| Goldmark Hospitality | JPM 6928 | $ 24,950.98 | 9/28/2018 | $ 200,000.00 | | | JMJ Development | JPM 5193 | | |
| Goldmark Hospitality | JPM 6928 | | 10/3/2018 | $ (200,000.00) | Universal Solar System (Check #10201) | | | | | |

**11   Entity: HR Sterling LLC**                    **Property: None**

Description: There were numerous transfers to HR Sterling LLC (usually for payroll) from JMJ Development and Carnegie Development using Wall Entity investor funds or loan proceeds from a loan secured by a property purchased with Wall Entity investor funds.  Below is an example of funds transferred to HR Sterling LLC.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | | 9/27/2019 | $ (90,000.00) | HR Sterling LLC | | 2999TC JMJ CMGR LLC | JPM 1126 | Moss & Associates (DJD) Loan Proceeds | HR Sterling received investor funds or proceeds from loans secured by properties purchased with investor funds. |
| JMJ Development | JPM 5193 | | 9/30/2019 | $ (50,000.00) | HR Sterling LLC | | 2999TC JMJ CMGR LLC | JPM 1126 | Moss & Associates (DJD) Loan Proceeds | |
| JMJ Development | JPM 5193 | | 10/2/2019 | $ (50,000.00) | HR Sterling LLC | | 2999TC JMJ CMGR LLC | JPM 1126 | Moss & Associates (DJD) Loan Proceeds | |

**12   Entity: JMJ Acquisitions LLC**                    **Property: Mustang Creek Subdivision, Waxahachie, TX**

Description: $425,000 of Wall Entity Investor funds were transferred on 6/21/17 from Wall 9 (CO 6246) to Carnegie Development then to JMJ Development and then to JMJAV where the Wall Entity Investor funds where commingled with other funds and wired to Stewart Title Co. for JMJ Acquisitions to purchase single family homes in the Mustang Creek Subdivision in Waxahachie, TX.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | CO 1622 | $ 33,421.24 | 6/21/2017 | $ 425,000.00 | | | Carnegie Development | CO 1331 | Wall Entity Investor Funds from Wall009 (CO 6246) | Commingled investor funds were used toward the purchase of a property in the name of JMJ Acquisitions. |
| JMJ Development | CO 1622 | | 6/21/2017 | $ (425,000.00) | JMJAV | CO 5459 | | | | |
| JMJAV | CO 5459 | $600,189.00 | 6/21/2017 | $ 425,000.00 | | | JMJ Development | CO 1622 | | |
| JMJAV | CO 5459 | | 6/21/2017 | $ (1,024,590.81) | Stewart Title Co. (Wire Ref: JMJ Acquisitions, LLC; 01128-49935) | | | | Commingled Funds: Wall Entity Investor Funds, Other Funds | |

**13   Entity: JMJ Residential LLC**                    **Property: Windmill Farms**

Description: $955,000 of Wall Entity Investor funds were transferred on 2/11/19 ($300,000) and 2/12/19 ($655,000) from Wall 17 (JPM 2529) to Carnegie Development and then to JMJ Development.  From JMJ Development, $50,000 was wired to Sendera Title on 2/13/19 for earnest money toward the purchase of a Windmill Farms tract (email documentation shows this wire was for File No. 1900321-VVJA Windmill Farms).  On 12/21/21, $49,900 was wired to JMJ Residential from Silver Star Title with a wire memo stating "Termination of Windmill Farms Tract from Sendera Title" for File No. 1900321-VVJA.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | $178,565.08 | 2/11/2019 | $ 300,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529) | |
| JMJ Development | JPM 5193 | | 2/12/2019 | $ 655,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529) | |
| JMJ Development | JPM 5193 | | 2/13/2019 | $ (50,000.00) | Sendera Title (Wire Ref: "Earnest Money") | | | | | |
| JMJ Residential | JPM 8721 | | 12/21/2021 | $ 49,900.00 | | | Silver Star Title LLC ("Termination of Windmill Farms Tract from Sendera Title" "1900321-VVJA") | | | JMJ Residential received investor funds. |

**14  Entity: JMJAV LLC**                                        **Property: Camillo Lakes**

Description: $800,000 of Wall Entity Investor funds were transferred on 3/29/2018 from Wall 11 (CO 1846) to Carnegie Development then to JMJ Development then to JMJAV then to a different JMJAV account and then wired to LCH Title Company for JMJAV LLC to purchase lots in Camillo Lakes.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | CO 1622 | $ 65,737.05 | 3/29/2018 | $ 800,000.00 | | | Carnegie Development | CO 1331 | Wall Entity Investor Funds from Wall011 (CO 1846) | Investor funds were used toward the purchase of a property in the name of JMJAV. |
| JMJ Development | CO 1622 | | 3/29/2018 | $ (800,000.00) | JMJAV | CO 5459 | | | | |
| JMJAV | CO 5459 | $193,094.10 | 3/29/2018 | $ 800,000.00 | | | JMJ Development | CO 1622 | | |
| JMJAV | CO 5459 | | 3/29/2018 | $ (800,000.00) | JMJAV | CO 1811 | | | | |
| JMJAV | CO 1811 | $ 49,291.60 | 3/29/2018 | $ 800,000.00 | | | JMJAV | CO 5459 | | |
| JMJAV | CO 1811 | | 3/29/2018 | $ (145,756.55) | LCH Title Company | | | | | |
| JMJAV | CO 1811 | | 3/29/2018 | $ (719,045.77) | LCH Title Company | | | | | |

**15  Entity: JMR 100 LLC**                                        **Property: 99.963 acres White Settlement Rd. Aledo, TX**

Description: $955,000 of Wall Entity Investor funds were transferred on 2/11/19 ($300,000) and 2/12/19 ($655,000) from Wall 17 (JPM 2529) to Carnegie Development and then to JMJ Development.  From JMJ Development, $650,937.94 was wired to Reunion Title for JMR 100, LLC to pay closing costs associated with its purchase of 99.963 acres White Settlement Rd. in Aledo, TX.  In addition, $259,000 of Wall investor funds was wired from JMJ Development in February 2019 to JMR 100, LLC's account at Texas Republic Bank and used to purchase a one year business CD.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | JPM 5193 | $178,565.08 | 2/11/2019 | $ 300,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529) Note: Beg balance includes other transfers of Wall Entity investor funds from Wall017 to Carnegie Development to JMJ Development. | Investor funds were used toward the purchase of a property in the name of JMR 100. |
| JMJ Development | JPM 5193 | | 2/12/2019 | $ 655,000.00 | | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529) | |
| JMJ Development | JPM 5193 | | 2/12/2019 | $ (650,937.94) | Reunion Title (Wire Ref: "99.963 Acres White Settlement Rd Aledo, TX") | | | | | |
| JMJ Development | JPM 5193 | | 2/12/2019 | $ (259,000.00) | JMR 100, LLC | TRB 1309 | | | | JMR 100 received investor funds. |

**16  Entity: LaJolla Construction Management LLC**                **Property: Unknown**

Description: Wall 9 obtained a $1,700,000 loan with Liberty Bankers Life Insurance in December 2017 and draws from that loan were periodically wired to Wall 9's bank accounts.  Part of those proceeds were then sent to LaJolla Construction Management LLC.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Wall009 | CO 6246 | | 3/12/2018 | $ 163,423.77 | | | Liberty Bankers Life Insurance | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | CO 6246 | | 3/14/2018 | $ (66,812.32) | LaJolla Construction Management | CO 9489 | | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | LaJolla Construction received proceeds from a Wall Entity loan. |
| Wall009 | CO 6246 | | 5/9/2018 | $ 311,987.81 | | | Liberty Bankers Life Insurance | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | CO 6246 | | 5/9/2018 | $ (209,442.53) | LaJolla Construction Management | JPM 1391 | | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | LaJolla Construction received proceeds from a Wall Entity loan. |
| Wall009 | CO 6246 | | 6/7/2018 | $ 362,261.19 | | | Liberty Bankers Life Insurance | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | CO 6246 | | 6/15/2018 | $ (362,261.19) | Wall009 | JPM 0075 | | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | JPM 0075 | | 6/15/2018 | $ 362,261.19 | | | Wall009 | CO 6246 | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | JPM 0075 | | 6/18/2018 | $ (328,633.94) | LaJolla Construction Management | JPM 1391 | | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | LaJolla Construction received proceeds from a Wall Entity loan. |
| Wall009 | CO 6246 | | 8/23/2018 | $ 286,117.67 | | | Liberty Bankers Life Insurance | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | |
| Wall009 | CO 6246 | | 8/27/2018 | $ (233,862.26) | LaJolla Construction Management | JPM 1391 | | | Liberty Bankers Life Insurance (Wall 9) Loan Proceeds | LaJolla Construction received proceeds from a Wall Entity loan. |

**17  Entity: LDG001 LLC**                                        **Property: 940 CR 110 Venus TX (Griffin)**

Description: $1,880,000 of Wall Entity Investor funds were transferred on 8/29/18 from Wall012 ($1,660,000) and Wall016 ($220,000) to Carnegie Development.  From there, $1,878,179.37 of those investor funds were wired on 8/30/18 to LDG001 LLC.  LDG001 LLC then wired $1,878,579.27 on 8/31/18 to First American Title to purchase Wall 18's property.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | JPM 7036 | $ 119.88 | 8/29/2018 | $ 1,660,000.00 | | | Wall012 | JPM 0510 | Wall Entity Investor Funds from Wall012 (JPM 0510) | Investor funds were used to purchase a property in the name of LDG001. |
| Carnegie Development | JPM 7036 | | 8/29/2018 | $ 220,000.00 | | | Wall016 | JPM 1761 | Wall Entity Investor Funds from Wall016 (JPM 1761) | |
| Carnegie Development | JPM 7036 | | 8/30/2018 | $ (1,878,179.37) | LDG001 LLC | CO 0734 | | | | |
| LDG001 | CO 0734 | $ 250.00 | 8/30/2018 | $ 1,878,179.37 | | | Carnegie Development | JPM 7036 | | |
| LDG001 | CO 0734 | | 8/31/2018 | $ (1,878,579.27) | First American Title | | | | | |

RE-00180

**18  Entity: LYNCO Ventures LLC**                                      **Property: 1209 CR 501 and 11209 CR 501 Venus, TX**

Description: As detailed in my First Declaration, Wall Entity investor funds were sent to Silver Star Title LLC both in both May 2017 (through a series of transfers from the Seagoville Farms transaction) and in July 2017 to purchase Wall 9's property from LYNCO Ventures LLC.  LYNCO Ventures LLC used part of these funds to actually purchase Wall 9's property from a third party and then sell it to Wall 9 at an inflated price.  Johnson County property records show that LYNCO Ventures LLC aquired this Wall 9 property again on 8/17/22.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | CO 1331 | $ 250.00 | 5/3/2017 | $ 1,400,000.00 | | | JMJ Development | CO 1622 | Primarily Wall 7 investor funds - $1,478,360.03 from ASCO Land LLC (Seagoville Farms proceeds which included Wall 7 investor funds that were transferred to Seagoville Farms for that purchase) to JMJ Development on 5/3/2017. | LYNCO Ventures received investor funds in connection with the purchase of a property by Wall 9 at an inflated price. |
| Carnegie Development | CO 1331 | | 5/3/2017 | $ (1,050,000.00) | Wall009 | CO 6246 | | | | |
| Carnegie Development | CO 1331 | | 5/3/2017 | $ (50,000.00) | Wall009 | CO 6246 | | | | |
| Wall009 | CO 6246 | | 5/3/2017 | $ 1,050,000.00 | | | Carnegie Development | CO 1331 | | |
| Wall009 | CO 6246 | | 5/3/2017 | $ 50,000.00 | | | Carnegie Development | CO 1331 | | |
| Wall009 | CO 6246 | | 5/3/2017 | $ (1,100,000.00) | Silver Star Title LLC | | | | | |
| | | | | | | | | | | |
| Carnegie Development | CO 1331 | | 7/10/2017 | $ 200,000.00 | | | Wall007 | CO 5436 | Wall Entity Investor Funds from Wall007 (CO 5436 | |
| Carnegie Development | CO 1331 | | 7/10/2017 | $ (200,000.00) | Wall009 | CO 6246 | | | | |
| Wall009 | CO 6246 | | 7/10/2017 | $ 200,000.00 | | | Carnegie Development | CO 1331 | | |
| Wall009 | CO 6246 | | 7/10/2017 | $ (1,800,470.53) | Silver Star Title LLC | | | | | |

**19  Entity: Mansions Apartment Homes at Marine Creek LLC, D4MC LLC    Property: Marine Creek Apartments, Fort Worth, TX**

Description: Wall 7 obtained a $1,854,000 loan from Gino Sabatini in May 2018 and the loan proceeds were wired into Wall 7's account.  From these loan proceeds, funds totaling $1,036,763.69 were wired in June 2018 to Chicago Title of Texas to use in the purchase of Marine Creek Apartments by Mansions Apartment Homes at Marine Creek LLC.  In connection with this purchase, Mansions Apartment Homes at Marine Creek LLC took out a $5,400,000 loan with Happy State Bank.  An additional $160,000 was wired from Wall 7 to Mansions Apartment Homes at Marine Creek LLC's bank account at Happy State Bank for a required 6-month interest reserve for the Marine Creek loan.  There is also a signed sales agreement between Mansions Apartment Homes at Marine Creek LLC and D4MC LLC for D4MC LLC to take ownership of the Marine Creek property.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Wall007 | CO 1714 | $ 90.00 | 5/17/2018 | $ 1,782,806.65 | | | Fidelity National Title | | Gino Sabatini (Wall 7) Loan Proceeds | Loan proceeds from a Wall Entity loan were used to purchase a property in the name of Mansions Apartment Homes at Marine Creek. |
| Wall007 | CO 1714 | | 6/6/2018 | $ (1,026,763.69) | Chicago Title of Texas LLC (GF# 8000371700346) | | | | Gino Sabatini (Wall 7) Loan Proceeds | |
| Wall007 | CO 1714 | | 6/7/2018 | $ (10,000.00) | Chicago Title of Texas LLC (GF# 8000371700346) | | | | Gino Sabatini (Wall 7) Loan Proceeds | |
| Wall007 | CO 1714 | | 6/19/2018 | $ (160,000.00) | Mansions Apartment Homes at Marine Creek C/O JMJ Holdings LLC | HSB 1234 | | | Gino Sabatini (Wall 7) Loan Proceeds | Loan proceeds from a Wall Entity loan were transferred to a Mansions Apartment Homes at Marine Creek account. |

**20  Entity: MO 2999TC LLC, 2999TC JMJ CMGR LLC                Property: 2999 Turtle Creek**

Description: DJD Land Partners obtained a loan with Moss & Associates LLC in August 2019 for $4,000,000 (this loan was secured at least in part by Wall 11's property).  From the loan proceeds, $1,325,000 was wired from Silver Star Title LLC on 9/19/2019 to Benchmark Title LLC for MO 2999TC LLC to purchase the 2999 Turtle Creek property, and $2,602,437.28 was wired on 9/19/2019 to 2999TC JMJ CMGR LLC's bank account.  In addition, in January 2020, Wall 9, Carnegie Development, and DJD Land Partners took out a $2,000,000 loan with Liberty Bankers Life Insurance.  From this loan, $1,371,992.96 was wired on 1/23/20 to JMJ Development and then from JMJ Development, $1,343,333.33 was wired that same day to Madison Realty Capital (MRFS IV LLC) to replenish the required interest reserves on the 2999 Turtle Creek loan.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Title Company to Title Company | | | 9/19/2019 | $ 1,325,000.00 | Benchmark Title LLC | | Silver Star Title LLC | | Moss & Associates (DJD) Loan Proceeds | Loan proceeds from a loan secured, at least in part, by a property purchased with investor funds were used to purchase a property in the name of MO 2999TC. |
| 2999TC JMJ CMGR LLC | JPM 1126 | | 9/19/2019 | $ 2,602,437.28 | | | Silver Star Title LLC | | Moss & Associates (DJD) Loan Proceeds | Loan proceeds from a loan secured, at least in part, by a property purchased with investor funds were sent to 2999TC JMJ CMGR's account. |
| JMJ Development | JPM 5193 | $ 1,644.61 | 1/23/2020 | $ 1,371,992.96 | | | Silver Star Title LLC | | Liberty Bankers Life Insurance (Wall 9, Carnegie, DJD) Loan Proceeds | Loan proceeds from a loan secured, at least in part, by a property purchased with investor funds were used to pay interest reserves on the loan for MO 2999TC. |
| JMJ Development | JPM 5193 | | 1/23/2020 | $ (1,343,333.33) | MRFS IV LLC (Madison Realty Capital) | | | | | |

RE-00181

**Supp. App009**

**21 Entity: Orchard Farms Village LLC**      **Property: Tract of land in Shelby County School Land Survey, Fort Worth, TX**

| Description: Effective December 11, 2020, Barton caused Wall 7 to transfer ownership of Wall 7's property to Orchard Farms Village LLC (a Barton entity). Special Warranty Deed filed 1/8/2021. | Transferred ownership of a Wall Entity property to Orchard Farms Village. |
|---|---|

**22 Entity: Seagoville Farms LLC**      **Property: 89 Acres Herman Heider Survey Seagoville, TX**

Description: $1,300,000 of Wall Entity Investor funds were transferred from Wall007 to Carnegie Development and then to Seagoville Farms where the investor funds were commingled with non-Wall Entity Investor funds and $1,400,000 was wired to Silver Star Title LLC to purchase Seagoville Farm's property from ASCO Land LLC.

| Entity Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct No. | Transfer From Entity | Transfer From Acct No. | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Carnegie Development | CO 1331 | | 5/1/2017 | $ (1,300,000.00) | Seagoville Farms LLC | CO 7841 | Wall007 | CO 5436 | Wall Entity Investor Funds from Wall007 (CO 5436) | Investor funds were used toward the purchase of a property in the name of Seagoville Farms. |
| Seagoville Farms LLC | CO 7841 | $103,535.77 | 5/1/2017 | $ 1,300,000.00 | | | Carnegie Development | CO 1331 | | |
| Seagoville Farms LLC | CO 7841 | | 5/3/2017 | $ (1,400,000.00) | Silver Star Title LLC | | | | | |

**23 Entity: Villita Towers LLC**      **Property: Villita Towers San Antonio, TX**

Description: From 2017 to 2019, Wall Entity Investor funds were repeatedly transferred to Carnegie Development and JMJ Development and then to Villita Towers. In addition, in July 2019, LDG001 LLC obtained a $1,400,000 loan from Southern Star Capital LLC secured at least in part by Wall 18's property. From this loan, $1,186,680.95 was wired to JMJ Development (JPM 1622) and then spent in various ways including transferring money to Villita Towers. In September 2019, JMJ Development also received $356,806.80 from the 2999 Turtle Creek closing and these funds were commingled with Moss & Associates (DJD) loan proceeds that were transferred from 2999TC JMJ CMGR LLC to JMJ Development and then to Villita Towers.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| JMJ Development | CO 1622 | | 3/14/2017 | $ (91,000.00) | Villita Towers | CO 8090 | Wall007 | CO 5436 | Wall Entity Investor Funds from Wall007 (CO 5436 | Investor funds, loan proceeds from a Wall Entity loan or a loan secured at least in part by a property purchased with investor funds, or proceeds from the sale of a property purchased in part with investor funds were sent to Villita Towers. |
| JMJ Development | CO 1622 | | 5/1/2017 | $ (275,000.00) | Villita Towers | CO 8090 | Wall007 | CO 5436 | Wall Entity Investor Funds from Wall007 (CO 5436 | |
| JMJ Development | CO 1622 | | 5/1/2017 | $ (11,000.00) | Villita Towers | CO 8090 | Wall007 | CO 5436 | Wall Entity Investor Funds from Wall007 (CO 5436 | |
| JMJ Development | CO 1622 | | 11/30/2017 | $ (150,000.00) | Villita Towers | CO 8090 | Carnegie Development | CO 3851 | Wall Entity Investor Funds from Wall010 (CO 3851 | |
| JMJ Development | CO 1622 | | 5/24/2018 | $ (100,000.00) | Villita Towers | CO 8090 | Wall007 | CO 1714 | Gino Sabatini (Wall 7) Loan Proceeds | |
| JMJ Development | JPM 5193 | | 2/1/2019 | $ (225,000.00) | Villita Towers | JPM 8167 | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529 | |
| JMJ Development | JPM 5193 | | 2/19/2019 | $ (25,000.00) | Villita Towers | JPM 8167 | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall017 (JPM 2529 | |
| JMJ Development | JPM 5193 | | 5/20/2019 | $ (25,000.00) | Villita Towers | JPM 8167 | Carnegie Development | JPM 6359 | Wall Entity Investor Funds from Wall019 (JPM 6359 | |
| JMJ Development | JPM 5193 | | 7/31/2019 | $ (25,000.00) | Villita Towers | JPM 8167 | JMJ Development | JPM 1622 | Southern Star Capital (LDG001) Loan Proceeds | |
| JMJ Development | JPM 5193 | | 9/20/2019 | $ (225,000.00) | Villita Towers | JPM 8167 | 2999TC JMJ CMGR LLC | JPM 1126 | Commingled Funds: 2999 Turtle Creek closing and Moss & Associates (DJD) Loan Proceeds | |
| JMJ Development | JPM 5193 | | 9/24/2019 | $ (175,000.00) | Villita Towers | JPM 8167 | 2999TC JMJ CMGR LLC | JPM 1126 | Moss & Associates (DJD) Loan Proceeds | |

**24 Entity: 126 Villita LLC**      **Property: 126 Villita St San Antonio, TX**

Description: In August 2017, JMJ Acquisitions signed a contract to purchase 126 Villita St from CLTR Properties. This contract was extended multiple times and then assigned by JMJ Acquisitions to 126 Villlita LLC to purchase the property in September 2019. In connection with this purchase, 126 Villita LLC obtained a $1,900,000 loan from Tuna Capital, L.P. 126 Villita LLC, through Villita Towers and JMJ Development, contributed at least $773,026.07 toward the costs associated with this purchase, the majority of which came from Wall Entity Investor funds or loan proceeds secured, at least in part, by Wall properties or properties purchased with Wall Entity investor funds.

| Bank Account Name | Bank Acct No. | Beg Balance | Date | Amount | Transfer to Entity | Transfer To Acct | Transfer From Entity | Transfer From Acct | Source of Funds | Summary |
|---|---|---|---|---|---|---|---|---|---|---|
| Villita Towers | CO 8090 | | 11/30/2017 | $ (150,000.00) | Presidio Title LLC | | | | Detailed under Villita Towers | Investor funds, loan proceeds from a Wall Entity loan or a loan secured at least in part by a property purchased with investor funds, or proceeds from the sale of a property purchased in part with investor funds were used toward the purchase of a property in the name of 126 Villita. |
| JMJ Development | JPM 5193 | | 8/20/2018 | $ (100,000.00) | Presidio Title LLC | | Carnegie Development | JPM 7036 | Wall Entity Investor Funds from Wall012 (JPM 0510 | |
| Villita Towers | JPM 8167 | | 2/19/2019 | $ (25,000.00) | Presidio Title LLC | | | | Detailed under Villita Towers | |
| Villita Towers | JPM 8167 | | 4/19/2019 | $ (25,000.00) | Presidio Title LLC | | | | Other Funds | |
| Villita Towers | JPM 8167 | | 5/20/2019 | $ (25,000.00) | Presidio Title LLC | | | | Detailed under Villita Towers | |
| Villita Towers | JPM 8167 | | 6/21/2019 | $ (25,000.00) | Presidio Title LLC | | | | Other Funds | |
| Villita Towers | JPM 8167 | | 8/1/2019 | $ (25,000.00) | Presidio Title LLC | | | | Detailed under Villita Towers | |
| Villita Towers | JPM 8167 | | 9/20/2019 | $ (223,026.07) | Presidio Title LLC | | | | Detailed under Villita Towers | |
| Villita Towers | JPM 8167 | | 9/24/2019 | $ (175,000.00) | Presidio Title LLC | | | | Detailed under Villita Towers | |

**25 Entity: WRL2019 LLC**      **Property: 7427 Coronado Dallas TX**

| Description: On May 3, 2019, BM318 LLC took out a $1,650,000 loan from Southern Star Capital secured by the Bear Creek Ranch property (118.34 acres Aledo, TX) that was originally purchased by BM318 in part with Wall Entity Investor funds in November 2018. From this Southern Star Capital loan, Reunion Title wired $667,003 to Community National Title with a wire description of "Sent on behalf of WRL2019 LLC Prop: 7427 Coronado Dallas TX GF# 19010386ARL". | Loan proceeds from a loan secured by a property purchased in part with investor funds were used toward the purchase of a property in the name of WRL2019. |
|---|---|

RE-00182

**Supp. App010**

## PROPOSED RECEIVERSHIP ENTITIES

1. 126 Villita, LLC
2. 2999TC Acquisitions LLC
3. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC
4. 2999TC JMJ CMGR, LLC (Delaware)
5. AVG West, LLC
6. BEE2019, LLC
7. BM318, LLC
8. Broadview Holdings Trust
9. Broadview Holdings, LLC (Texas)
10. Carnegie Development, LLC
11. D4AVEG, LLC
12. D4DS LLC
13. D4FR LLC
14. D4IN, LLC (Texas)
15. D4KL, LLC
16. D4MC, LLC (Texas)
17. D4OP, LLC
18. D4OPM, LLC (Texas)
19. Dallas Real Estate Investors, LLC
20. Dallas Real Estate Lenders, LLC (Delaware)
21. DJD Land Partners, LLC
22. Enoch Investments, LLC
23. FHC Acquisition, LLC
24. Five Star MM, LLC (Delaware)
25. Five Star MM, LLC (Texas)
26. Five Star TC, LLC (Delaware)
27. Gillespie Villas, LLC
28. Goldmark Hospitality, LLC
29. HR Sterling, LLC
30. JMJ Acquisitions, LLC
31. JMJ Development LLC (f/k/a JMJ Development, Inc.)
32. JMJ Hospitality, LLC
33. JMJ Residential, LLC
34. JMJ VC Management, LLC
35. JMJAV, LLC
36. JMJD4, LLC
37. JMJD4, LLC (Delaware)
38. JMR100, LLC
39. Lajolla Construction Management, LLC
40. LC Aledo TX, LLC
41. LDG001, LLC
42. Lynco Ventures, LLC
43. Mansions Apartment Homes at Marine Creek, LLC
44. Marine Creek SP, LLC
45. MF Container, LLC (Delaware)





46. Middlebury Trust
47. MO 2999TC, LLC
48. MXBA, LLC
49. Northstar PM, LLC (Texas)
50. ONE MF Residential, LLC
51. One MFD4, LLC
52. One Pass Investments, LLC (Delaware)
53. One RL Trust
54. ONE SF Residential, LLC
55. Orchard Farms Village, LLC
56. Ridgeview Addition, LLC (Texas)
57. Seagoville Farms, LLC
58. SF Rock Creek, LLC
59. TC Hall, LLC
60. The MXBA Trust
61. The Timothy L. Barton Irrevocable Life Insurance
62. Titan Investments, LLC a/k/a Titan 2022 Investments, LLC
63. TLB 2012 IRR Trust
64. TLB 2018 Trust
65. TLB 2019 Trust
66. TLB 2020 Trust
67. TRTX Properties, LLC
68. TRWF LODGE, LLC
69. TRWF, LLC
70. Venus59, LLC
71. Villita Development, LLC
72. Villita Towers, LLC
73. WALL007, LLC
74. WALL009, LLC
75. WALL010, LLC
76. WALL011, LLC
77. WALL012, LLC
78. WALL016, LLC
79. WALL017, LLC
80. WALL018, LLC
81. WALL019, LLC
82. WRL2019, LLC (Texas)

RE-00184