**No. 23-11237 Consolidated with No. 24-10004**

# In the United States Court of Appeals
# for the Fifth Circuit

———————————

SECURITIES AND EXCHANGE COMMISSION,

*Plaintiff – Appellee,*

v.

TIMOTHY BARTON,

*Defendant – Appellant.*

———————————

From the United States District Court
for the Northern District of Texas
Honorable Brantley Starr, U.S. District Judge
Cause No. 3:22-cv-2118-X

---

### RECEIVER'S PARTIALLY UNOPPOSED MOTION
### FOR LEAVE TO FILE AMICUS CURIAE BRIEF

---

Brown Fox PLLC
Charlene C. Koonce
State Bar No. 11672850
Timothy B. Wells
State Bar No. 24131941
8111 Preston Road, Suite 300
Dallas, TX 75225
T: (214) 327-5000
F: (214) 327-5001
charlene@brownfoxlaw.com
tim@brownfoxlaw.com

*Counsel for Receiver Cortney C. Thomas*

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to 5TH CIR. R. 28.2.1, the undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity

2. 2999TC Acquisitions, LLC, receivership entity

3. 2999TC JMJ CMGR, LLC (Delaware), receivership entity

4. 3820 Illinois, LLC, interested party

5. Adam and Reese LLP, counsel for interested party Bank of America, N.A.

6. Alexander, Daniel Rasoul, counsel for interested party Dhiraj Ramolia

7. AVG West, LLC, receivership entity

8. Badgley, Serena, interested party

9. Bank of America, N.A., interested party

10. Barbero, Megan, counsel for plaintiff-appellee Securities and Exchange Commission

11. Barton, Maximilien, interested party

12. Barton, Timothy, defendant-appellant

13. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, LLC, Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

14.    BEE2019, LLC, receivership entity

15.    Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission

16.    BM318 LLC, receivership entity

17.    Broadview Holdings Trust, receivership entity

18.    Brown Fox PLLC, counsel for receiver Cortney C. Thomas

19.    Buchholz, Robert W., counsel for interested party Southern Star Capital LLC

20.    Cain & Skarnulis PLLC, counsel for interested party Serena Badgley

21.    Capps, Aaron T., counsel for interested party Circle H Contractors LP

22.    Capps and Associates PLLC, counsel for interested party Circle H Contractors LP

23.    Carnegie Development, LLC, defendant and receivership entity

24.    Carrillo, C. Alan, counsel for receiver Cortney C. Thomas

25.    Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia

26.    Chandler Law PC, counsel for interested party Dhiraj Ramolia

27.    Chandler, Corinna P., counsel for interested party Dhiraj Ramolia

28.    Chapple, Ryan E., counsel for interested party Serena Badgley

29.    Cheves, P. Kyle, counsel for interested party McCormick 101, LLC

30.    Circle H Contractors LP, interested party

31.    Conley, Michael A., counsel for plaintiff-appellee Securities and Exchange Commission

32. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

33. Cox, Eric Angela Nealy, counsel for interested party HNGH Turtle Creek

34. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

35. D4DS LLC, receivership entity

36. D4FR LLC, receivership entity

37. D4IN, LLC (Texas), receivership entity

38. D4KL LLC, receivership entity

39. D4MC, LLC (Texas), receivership entity

40. D4OP, LLC, receivership entity

41. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC

42. DJD Land Partners, LLC, relief defendant and receivership entity

43. Edney, Michael J., counsel for defendant-appellant Timothy Barton

44. Enoch Investments LLC, receivership entity

45. Etri, James E., counsel for plaintiff-appellee Securities and Exchange Commission

46. FHC Acquisition LLC, receivership entity

47. Freda, Dominick V., counsel for plaintiff-appellee Securities and Exchange Commission

48. First Development Company of Ohio LLC, interested party

49. Fu, Haoqiang, defendant

50. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

51. Gillespie Villas LLC, receivership entity

52. Gitlin, Jonathan Alexander, counsel for interested party First Development Company of Ohio LLC

53. Goldmark Hospitality LLC, receivership entity

54. Green, Gordon Welborne, counsel for interested party Truist Bank

55. Hale, Harlin D., counsel for ADR Provider

56. Heiskell, Michael P., counsel for defendant Stephen T. Wall

57. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC

58. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission

59. HNGH Turtle Creek, LLC, interested party

60. Holland & Knight LLP, counsel for defendant-appellant Timothy Barton

61. HR Sterling, LLC, receivership entity

62. Hunter, Renee M., counsel for intervenor United States of America.

63. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton

64. Investors:

    1.    Hong Guo
    2.    Yijing Wu

3. Nanjing Sun
4. Kangying Mao
5. Huaizhen Gao
6. Wanwan Li
7. Yue Xu
8. Lan Ji
9. Wei Xing
10. Wenjun Wang
11. Jie Zou
12. Jun Wang
13. Lin Li
14. Yunding Kang
15. Shuping Yang
16. ChangHua Lin
17. Pei Guan
18. Yulan Chen
19. Hairuo Yang
20. Xuegeng Gong
21. Haiming Xu
22. Aiguo Luo
23. Yi Tang
24. Xuezhen Cai
25. Jingqiu Tang
26. Qu Chen
27. Yue Zhang
28. Sun Zhang
29. Xiangdong Zhu
30. Yaohua Lin
31. Jiancheng Chen
32. Min Deng
33. Liying Mao
34. Zhongguo Feng
35. Liying Yang
36. Dan Wu
37. Ying Ding
38. Hanjiang Fu
39. Yuan Yuan
40. Hanjiang Fu
41. Hua Cai
42. Ruiling Xiao

43. Chenchen Jiang
44. Pengfei Dong
45. Xiaodong Hao
46. Xiaoquan Dai
47. Jialin Hu
48. Heng Zhang
49. Fang Ding
50. Lin Gao
51. Fei Gao
52. Qin Chu
53. Gang Xu
54. Ling Guan
55. Chao Xu
56. Weipeng He
57. Jianjin Li
58. Zhenhua Li
59. Qiao Qin
60. Ying Zhang
61. Jiaxiang Lu
62. Weijia Kong
63. Li Jang
64. Li wen Bian
65. Jun Li
66. Youhong Zhu
67. Rongping Wu
68. Yadan Liu
69. Rufeng Ding
70. Lin Zhou
71. Jinghui Ma
72. Yun Sun
73. Guoqin Zhou
74. Qiuying Li
75. Bingjie Xu
76. Shufang Luo
77. Tianqing Song
78. Ping Chen
79. Di Tang
80. Jin Wang
81. Fuqing Chen
82. Kui Wang

83.  Weisi Wang

84.  Yi Qu

85.  Xiaomin Fan

86.  Cunxiang Ji

87.  Jinzhe Wu

88.  Ruinian Wu

89.  Wen Wu

90.  Ou Jiang

91.  Feng Yan

92.  Mai Ye

93.  Wenjuan Yin

94.  Kai Tian

95.  Ling Zhong

96.  Sicheng Zhan

97.  Yan Zhang

98.  Ying Zhou

99.  Jun Zeng

100. Peng Guo

65.  JMJ Acquisitions LLC, receivership entity

66.  JMJ Development LLC, receivership entity

67.  JMJ Hospitality, LLC, receivership entity

68.  JMJ VC Management, LLC, receivership entity

69.  JMJAV, LLC, receivership entity

70.  JMJD4, LLC (Delaware), receivership entity

71.  JMR100 LLC, receivership entity

72.  Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall

73.  Johnston Clem Gifford PLLC, counsel for interested party Truist Bank

74.  Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC

75. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC

76. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

77. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC

78. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC

79. Koonce, Charlene C., counsel for receiver Cortney C. Thomas

80. Lajolla Construction Management LLC, receivership entity

81. Law Office of Robert W. Buchholz PC, counsel for interested party Southern Star Capital LLC

82. LC Aledo TX, LLC, receivership entity

83. LDG001, LLC, relief defendant and receivership entity

84. Lesser, Joshua A., counsel for interested party Bank of America, N.A.

85. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

86. Louisiana National Bank, interested party

87. Lynco Ventures, LLC, receivership entity

88. Mansion Apartment Homes at Marine Creek, LLC, receivership entity

89. Marine Creek SP, LLC, receivership entity

90. McCormick 101, LLC, interested party

91.   MFO Venus Development, LLC, interested party

92.   MO 2999TC, LLC, receivership entity

93.   Moeller, Evan A., counsel for interested party Bank of America, N.A.

94.   Moss & Associates, LLC, counsel for interested party MFO Venus Development LLC

95.   Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation

96.   MXBA LLC, interested party

97.   Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC

98.   Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.

99.   Norris, Jeffrey Blair, counsel for interested party Southern Properties Capital, Ltd.

100.  Northstar PM, LLC (Texas), receivership entity

101.  Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

102.  O'Connell, Sean B., counsel for defendant-appellant Timothy Barton

103.  Orchard Farms Village LLC, receivership entity

104.  Palisades-TC, LLC, interested party

105.  Patton, Jonathan R., counsel for interested party Palisades-TC, LLC

106.  Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC

107. Perry, Deborah M., counsel for interested party The Dixon Water Foundation

108. Pioneer Finance, Inc., interested party

109. Polsinelli PC, counsel for interested party McCormick 101, LLC

110. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC

111. Ramolia, Dhiraj, interested party

112. Ridgeview Addition, LLC (Texas), receivership entity

113. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation

114. Rose, Shirley B., counsel for interested party Texas Republic Bank, N.A.

115. Scheef & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.

116. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.

117. Scott, John B., counsel for interested party Pioneer Finance, Inc.

118. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.

119. Seagoville Farms, LLC, receivership entity

120. Securities and Exchange Commission, plaintiff-appellee

121. SF Rock Creek, LLC, receivership entity

122. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.

123. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.

124. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia

125. Sosland, Martin Allen, counsel for interested party Louisiana National Bank

126. Southern Properties Capital, Ltd., interested party

127. Southern Star Capital LLC, interested party

128. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

129. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC

130. Tamamoi, LLC, interested party

131. TC Hall, LLC, receivership entity

132. Texas Republic Bank, N.A., interested party

133. The Dixon Water Foundation, interested party

134. Thomas, Cortney C., receiver

135. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC

136. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity

137. TRTX Properties LLC, interested party

138. Truist Bank, interested party

139. United States of America, intervenor

140. Venus59 LLC, receivership entity

141. Vertical Street Ventures, LLC, interested party

142. Villita Development, LLC, receivership entity

143. Villita Towers LLC, receivership entity

144. Wall, Stephen T., defendant

145. Wall007, LLC, defendant and receivership entity

146. Wall009, LLC, defendant and receivership entity

147. Wall010, LLC, defendant and receivership entity

148. Wall011, LLC, defendant and receivership entity

149. Wall012, LLC, defendant and receivership entity

150. Wall016, LLC, defendant and receivership entity

151. Wall017, LLC, defendant and receivership entity

152. Wall018, LLC, defendant and receivership entity

153. Wall019, LLC, defendant and receivership entity

154. Waller, Greg, counsel for Hunton Andrews Kurth LLP, counsel to defendant-appellant Timothy Barton

155. Wells, Tim, counsel for receiver Cortney C. Thomas

156. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC

157. Winstead PC, counsel for interested party Vertical Street Ventures, LLC

158. WRL2019, LLC (Texas), receivership entity

– 13 –

/s/ Charlene C. Koonce
Charlene C. Koonce

*Attorney of Record for*
*Receiver Cortney C. Thomas*

## **IDENTITY AND INTEREST OF MOVANT**

In these interlocutory appeals, Cortney C. Thomas, the Court-appointed Receiver ("Receiver"), seeks leave to file as *Amicus Curiae* the attached proposed brief, and in support, respectfully shows the Court as follows:

Although the SEC initiated the lawsuit from which these consolidated appeals arise, four of the interlocutory orders on appeal were issued in response to motions filed solely by the Court-appointed Receiver. *See* Doc. 1, Appeal No**. 23-11237**, [appealing Dkt. 427], and Doc. 1, Appeal No. **24-10004** [appealing Dkt. 436, 437 and 438] (collectively the "Administrative Orders")*.* The SEC did not participate in the briefing on any of the motions that resulted in these orders, nor did it argue the motions to the District Court. Nonetheless, in related appeals, this Court previously denied the Receiver's motion for designation as an Appellee or real party in interest (although it granted leave for the Receiver to file a motion to dismiss one appeal and amicus briefs in others). *See* Appeal No. 22-11132, Doc. 40.

Further, Appeal No. **23-11237** also challenges the District Court's decision to enter a new Order Appointing Receiver, [Dkt. 417], by which it appointed the same Receiver previously appointed in an order vacated by this Court. *See SEC v. Barton,* 79 F.4th 573, 579-580 (5th Cir. 2023) (hereafter, "*Barton*")). The evidence submitted in support of the Order Appointing Receiver challenged in Appeal No. 23-11237 included a lengthy report filed by the Receiver and his testimony at the

hearing at which the District Court considered SEC's Motion for Appointment of Receiver. Appellant has challenged the reliability, credibility, and sufficiency of that evidence, and the Receiver is uniquely positioned to respond to those challenges.

Appellant also requests that this Court reverse the Receivership Order with immediate effect. Again, the Receiver alone possesses knowledge of the impact of such relief, if this Court were inclined to reverse or vacate the Receivership Order without a stay as occurred in the prior appeal.

Finally, but perhaps more importantly, no interlocutory appellate jurisdiction exists for appeal of the Administrative Orders. *See Netsphere, Inc. v. Baron*, 799 F.3d 327, 331-32 (5th Cir. 2015); *SEC v. Am. Principals Holdings, Inc.*, 817 F.2d 1349 (9th Cir. 1987). As the Eleventh Circuit observed, the difference between 28 U.S.C. §§ 1292(a)(2) and 1292(a)(1) reveals the different scope of jurisdiction for appeals of injunctions versus receivership orders:

> "That provision [28 U.S.C. § 1292(a)(1)] more broadly confers jurisdiction over orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." . . . It thereby expressly authorizes immediate appeals not only of front- and back-end orders 'granting,' 'refusing,' or dissolving' injunctions, but also of mid-stream orders 'continuing,' 'modifying,' or 'refusing to dissolve or modify' them. The contrast is unmistakable. Had Congress wanted to authorize the same robust interlocutory appellate review of interim receivership-related orders, it could have included similar language in § 1292(a)(2). It didn't, and its decision in that respect is 'telling.'"

*SEC v. Complete Bus. Sols. Group, Inc.*, 44 F.4th 1326, 1331–32 (11th Cir. 2022) (internal quotation omitted). The Supreme Court warned against the result of Barton's piecemeal and jurisdiction-less appeals, a warning that is "especially salient in the receivership context," given the "fluid" and "evolving scope" of receiverships: "[p]ermitting piecemeal, prejudgment appeals ... undermines efficient judicial administration and encroaches upon the prerogatives of district court judges, who play a special role in managing ongoing litigation." *Complete Bus. Sols. Group, Inc.*, 44 F.4th at 1332 (quoting *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106, 130 S.Ct. 599, 175 L.Ed.2d 458 (2009)).

The Receiver rather than the SEC can speak to the impact of Barton's serial, jurisdiction-less appeals, and the acute diminishment of the Receivership Estate during their pendency.

## AUTHORITY

The Federal Rules of Appellate Procedure contemplate the filing of amicus curiae briefs where the participation of the amicus is "desirable and [where] the matters asserted are relevant to the disposition of the case. FED. R. APP. P. 29(a)(3)(B). For the reasons set forth above, the Receiver's amicus brief is desirable and relevant.

## **PRAYER**

For the foregoing reasons, the Receiver respectfully requests that the Court grant this motion and issue an order granting leave for the Receiver to file the attached Amicus Curiae Brief in Support of Appellee Securities and Exchange Commission's Brief and in opposition to Appellant's Brief.

Respectfully submitted,

By: */s/ Charlene C. Koonce*
    Charlene C. Koonce
     State Bar No. 11672850
    Timothy B. Wells
     State Bar No. 24131941
    BROWN FOX PLLC
    8111 Preston Road, Suite 300
    Dallas, Texas 75225
    Phone: (214) 327-5000
    Fax: (214) 327-5001
    Email: charlene@brownfoxlaw.com
    Email: tim@brownfoxlaw.com

*Counsel For Receiver Cortney C. Thomas*

## **CERTIFICATE OF CONFERENCE**

The undersigned certifies that counsel for the Amicus- Receiver conferred with counsel for both parties.  The SEC does not oppose this motion for leave to file an amicus brief.  Appellant opposes the motion.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

## **CERTIFICATE OF COMPLIANCE**

1.      I certify that this Motion complies with the type-volume limit of FED. R. APP. P. 27(d) because, excluding the words that need not be counted, it contains 719 words.

2.      This Motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because it has been prepared in a proportionally-spaced typeface using Microsoft Word 365 in Times New Roman 14-point font in text and Times New Roman 12-point font in footnotes.

*/s/ Charlene C. Koonce*
Charlene C. Koonce

## CERTIFICATE UNDER ECF FILING STANDARDS

Pursuant to paragraph A(6) of this Court's ECF Filing Standards, I certify that (1) required privacy redactions have been made (see Local Rule 25.2.13); (2) the electronic submission is an exact copy of the paper document (*see* Local Rule 25.2.1); and (3) the document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses.

*/s/ Charlene C. Koonce*
Charlene C. Koonce